Amy B. Alderfer (SBN 205482)
*aalderfer@cozen.com*
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401
Telephone: 213-892-7941
Facsimile: 213-784-9067

Brett N. Taylor (SBN 274400)
*btaylor@cozen.com*
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213-892-7925
Facsimile: 213-892-7999

Milton A. Marquis (DC Bar No. 472979)
(To Apply *Pro Hac Vice*)
*mmarquis@cozen.com*
Bryan L. Mosca (DC Bar No. 1008790)
(*Pro Hac Vice* Pending)
*bmosca@cozen.com*
COZEN O'CONNOR
1200 19th Street, NW
Washington, DC  20036
Telephone:  202-912-4800
Facsimile:  202-861-1905

Paul Leary (PA Bar No. 85402)
(To Apply *Pro Hac Vice*)
*pleary@cozen.com*
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone:  215-665-2000
Facsimile: 215-665-2013

Attorneys for Defendant
Marriott International, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:19-cv-01715-H-AHG<br>Hon. Marilyn L. Huff<br><br>DEFENDANT MARRIOTT INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT<br><br>Date:  January 13, 2020<br>Time: 10:30 a.m.<br>Courtroom: 15A |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 13, 2020 at 10:30 a.m. in Courtroom 15A of the above entitled Court, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Marriott International, Inc. ("Defendant") will and hereby does move this Court for an Order dismissing Plaintiff's Class Action Complaint. The Motion is made on the following grounds:

*First*, Plaintiff's UCL, FAL, and CLRA claims are fatally flawed because he has failed to plead the requisite allegation that any reasonable consumer would be deceived by Defendant's advertising. Plaintiff's Complaint, on its face, confirms Marriott's robust resort-fee disclosures and those disclosures' compliance with consumer protection laws. As shown in the Complaint, Marriott prominently discloses the resort fee, amenities included with the fee, and total price for the consumer's stay ***before*** a consumer provides payment information. The pricing disclosures are significantly more robust than the disclosures other courts have found sufficient at the pleadings stage. Marriott's robust disclosures also comply with guidance provided by the Federal Trade Commission ("FTC") to the industry. *See* Letter from FTC, *Warning Letter* (Nov. 2012) ("[A] hotel reservation site may breakdown the components of the reservations estimate (e.g., room rate, estimated taxes, and any mandatory, unavoidable fees), [as long as] the most prominent figure for consumers should be the total inclusive estimate."). (RJN Ex. G, Letter from FTC, *Warning Letter* (Nov. 2012))  Indeed, Marriott is unaware of any court having found pricing disclosures similar to Marriott's to violate consumer protection laws.

Additionally, Plaintiff unpersuasively alleges Marriott misrepresents that the resort fee is government imposed because Marriott includes the fee in "Taxes and fees" on the "Review Reservation Details" web page. (Compl. ¶¶ 25, 31). Although Plaintiff does not allege any facts to support this conclusory statement, a reasonable consumer would expect "Taxes and fees" to include components of the reservation

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

price that are taxes and components of the reservation price that are fees. The resort fee is a fee charged by the Marriott property. No reasonable consumer would expect "Taxes and fees" to only include government-imposed charges.

Further, Plaintiff argues Marriott represents that amenities are included in the property's resort fee when the property separately charges for the same amenities or ordinarily provides those amenities at no cost. (*Id.* ¶¶ 29, 34). This claim also is without merit as Plaintiff does not allege a single instance in which Marriott states that an amenity or service is both included in the resort fee and disclosed as an amenity that either the consumer must pay for separately or the property provides complimentary.

*Second*, Plaintiff's Complaint fails to meet the heightened pleading standard for fraud-based claims under Rule 9(b), despite the fact that all of Plaintiff's claims sound in fraud.

*Third,* Plaintiff's CLRA, UCL, and FAL claims also fail because Plaintiff has failed to allege reliance and injury in fact.

*Fourth,* Plaintiff's CLRA claim also fails because Plaintiff did not submit the required affidavit, and hotel accommodations are not considered a good or service under the CLRA statute.

*Fifth,* Plaintiff's unjust enrichment claim fails because unjust enrichment is not a standalone claim, but rather a relief under quasi-contract, and Plaintiff has not alleged facts to support a quasi-contract.

*Sixth,* Plaintiff cannot bring a nationwide class based on California statutes for out-of-state occurrences.

*Seventh*, Plaintiff lacks standing to bring a claim for future injunctive relief because Plaintiff has not and cannot allege that he will suffer any future harm, as he will not purchase the hotel room again, or if he does, he has made clear by his allegations that he is aware of Marriott's resort fee disclosures.

1   This Motion is based on this Notice of Motion and Motion, the Memorandum
2  of Points and Authorities filed in support thereof, the Request for Judicial Notice
3  filed concurrently herewith, all pleadings and papers on file in this action, and such
4  other further matters as the Court may consider.

5  Dated:   November 1, 2019          COZEN O'CONNOR

6                                    By: */s/ Amy B. Alderfer*
7                                        Amy B. Alderfer
                                         Brett N. Taylor
8                                        Milton A. Marquis (To Apply *Pro Hac Vice*)
9                                        Paul Leary (To Apply *Pro Hac Vice*)
10                                       Bryan L. Mosca (*Pro Hac Vice* Pending)
                                         Attorneys for Defendant
11                                       Marriott International, Inc.