Amy B. Alderfer (SBN 205482)
*aalderfer@cozen.com*
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401
Telephone: 213-892-7941
Facsimile: 213-784-9067

Brett N. Taylor (SBN 274400)
*btaylor@cozen.com*
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213-892-7925
Facsimile: 213-892-7999

Milton A. Marquis (DC Bar No. 472979)
(*Pro Hac Vice* Pending)
*mmarquis@cozen.com*
Bryan L. Mosca (DC Bar No. 1008790)
(*Pro Hac Vice*)
*bmosca@cozen.com*
COZEN O'CONNOR
1200 19th Street, NW
Washington, DC  20036
Telephone:  202-912-4800
Facsimile:  202-861-1905

Paul Leary (PA Bar No. 85402)
(To Apply *Pro Hac Vice*)
*pleary@cozen.com*
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone:  215-665-2000
Facsimile: 215-665-2013

Attorneys for Defendant
Marriott International, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:19-cv-01715-H-AHG<br><br>MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT<br><br>Date:  February 10, 2020<br>Time: 10:30 a.m.<br>Courtroom: 15A |

*COZEN O'CONNOR*
*1299 OCEAN AVENUE, SUITE 900*
*SANTA MONICA, CA 90401*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

# **TABLE OF CONTENTS**

                                                                    **Page**

I.   INTRODUCTION ................................................................ 1

II.  FACTUAL BACKGROUND ....................................................... 3

  A. Marriott and Its Reservation System ...................................... 3

  B. Claims in Plaintiff's Complaint. .......................................... 7

III. LEGAL ARGUMENT ............................................................ 7

  A. Dismissal of Claims Under 12(b)(6). ....................................... 7

  B. Plaintiff's UCL, FAL and CLRA Claims Fail Because the Statements
     are Not Likely to Deceive a Reasonable Consumer. ........................ 8

    1. Plaintiff Fails to Plead Facts Showing Marriott's Resort Fee
       Disclosures Are Likely to Deceive a Reasonable Consumer. ............. 9

    2. Plaintiff Fails to Plead Facts Showing a Reasonable Consumer on
       Marriott's Website Would Believe the Resort Fee is Government
       Imposed. ........................................................... 13

    3. Plaintiff Pleads No Facts Showing Marriott Represented To A
       Consumer That a Resort Fee Was For an Amenity or Service That (i)
       the Consumer had to Separately Pay for or (ii) That was
       Complimentary. ..................................................... 14

    4. Plaintiff Pleads No Facts Showing Marriott, as Opposed to Online
       Travel Agencies, Made Alleged Representations on the Travel
       Agencies' Websites. ................................................ 15

  C. Plaintiff's Intentional Misrepresentation, Negligent Misrepresentation,
     and Concealment/Non-Disclosure Claims Fail Because there is No
     Misrepresentation or Concealed Fact Alleged. ........................... 15

  D. Plaintiff's CLRA, UCL, FAL, Negligent Misrepresentation, Intentional
     Misrepresentation, and Concealment/Non-Disclosure Claims Fail
     Because Plaintiff Has Not Properly Alleged Reliance. ................... 16

  E. Plaintiff's CLRA Claim Also Fails Because Hotels are not Goods or
     Services Pursuant to the Statute. ...................................... 19

  F. Plaintiff's Claim for Unjust Enrichment/Quasi-Contract Fails. ......... 21

  G. Plaintiff's Nationwide Class Allegations Should be Dismissed. ......... 22

  H. Plaintiff's Claims Should Be Dismissed Pursuant To Fed. R. Civ. P.
     12(b)(1) For Lack Of Standing .......................................... 23

    1. Standards for Dismissing Complaint Pursuant to Fed. R. Civ. P.
       12(b)(1) for Lack of Standing. ...................................... 23

2.   Plaintiff Does Not Have Standing to Bring Claims Regarding Statements Made by OTAs. ...........................................24

3.   Plaintiff Has Not Alleged Any Injury in Fact, and Therefore, All His Claims Lack Standing. ...........................................24

4.   Plaintiff Does Not Have Standing to Bring his Injunctive Relief Claims. ...........................................24

IV. CONCLUSION ...........................................25

COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abrego v. City of L.A.*,
No. CV-15-0039-BRO, 2016 WL 9450679 (C.D. Cal. Sept. 23, 2016) .................................................................................................................23

*Ashcroft v. Iqbal*,
556 U.S. 662 (U.S. 2009) ........................................................................7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (U.S. 2007) ........................................................................7, 8

*Berry v. Am. Express Publ'g, Inc.*,
147 Cal. App. 4th 224 (Cal. Ct. App. 2007).............................................20

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by
Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ..................8

*Cadlo v. Owens-Illinois, Inc.*,
125 Cal. App. 4th 513 (Cal. Ct. App. 2004).............................................17

*Caro v. Procter & Gamble Co.*,
18 Cal. App. 4th 644 (Cal. Ct. App. 1993)..............................................16

*Castagnola v. Hewlett-Packard Co.*,
No. C-11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ..............................................................................................................24

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ........................................16, 17, 25

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) .................................................................23

*Churchill Village, LLC v. Gen. Elec. Co.*,
169 F.Supp.2d 1119 (N.D. Cal. 2000)......................................................22

*Civil Serv. Emps. Ins. Co. v. Superior Court*,
22 Cal. 3d 362 (Cal. 1978)........................................................................19

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:19-CV-01715-H-AHG

*Consumer Advocates v. Echostar Satellite Corp.*,
  113 Cal. App. 4th 1351 (Cal. Ct. App. 2003)...................................................9, 18

*Delarosa v. Boiron, Inc.*,
  No. SACV10-1569-JST, 2012 WL 8716658 (C.D. Cal. Dec. 28,
  2012) .................................................................................................................25

*Engalla v. Permanente Medical Group, Inc.*
  15 Cal. 4th 951 (Cal. 1997) .............................................................................16

*Amore ex rel. Estates of Amore v. Accor*,
  529 F. Supp. 2d 85 (D.D.C. 2008)......................................................................7

*Expedia v. District of Columbia*,
  120 A.3d 623 (D.C. 2015) ................................................................................15

*Fairbanks v. Superior Court*,
  46 Cal. 4th 56 (Cal. 2009) ..........................................................................19, 20

*Forcellati, et al. v. Hyland's, et al.*,
  No. CV 12-1983-GHK(MRWx), 2014 WL 1410264 (C.D. Cal.
  Apr. 9, 2014).....................................................................................................25

*Ford* v. *Hotwire, Inc.*,
  No. 07-CV-1312, 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008) .................10, 11

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ......................................................................8, 9, 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (U.S. 2000) ..................................................................................23

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (U.S. 1990) ..................................................................................23

*Garcia v. Sony Computer Entm't Am.*,
  859 F. Supp. 2d 1056 (N.D. Cal. 2012)...............................................................9

*Harris v. Las Vegas Sands L.L.C.*,
  No. 12-CV-10858, 2013 WL 5291142 (C.D. Cal. Aug. 16, 2013) .............10, 11

*Haskell v. Time, Inc.*,
  857 F. Supp. 1392 (E.D. Cal. 1994) ....................................................................9

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

iv

*Herskowitz v. Apple Inc.*,
  940 F. Supp. 2d 1131 (N.D. Cal. 2013) .................................................24

*Hodgers-Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ...........................................................25

*Hughes Electronics Corp. v. Citibank Delaware*,
  120 Cal. App. 4th 251 (Cal. Ct. App. 2004) ....................................20

*Kahn v. Lischner*,
  128 Cal. App. 2d 480 (Cal. Ct. App. 1954) ......................................18

*Kane v. Chobani, Inc.*,
  No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19,
  2013) ..................................................................................................23

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .......................................................8, 10

*Kissling v. Wyndham Vacation Resorts, Inc.*,
  No. 15-CV-04004-EMC, 2015 WL 7283038 (N.D. Cal. Nov. 18,
  2015) ..................................................................................................21

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (Cal. 2011) ...............................................................17

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (Cal. Ct. App. 2003)........................8, 9, 11, 18

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ...............................................................8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (U.S. 1992) ...................................................................23

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) .............................................................22

*MH Pillars Ltd. v. Realini*,
  277 F. Supp. 3d 1077 (N.D. Cal. 2017)..............................................21

*Morgan v. Wallaby Yogurt Co.*,
  No. 13-cv-00296-WHO, 2013 WL 5514563 (N.D. Cal. Oct. 4,
  2013) ..................................................................................................18

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

v

*Murray v. Elations Co., LLC*,
　No. 13-CV-02357-BAS WVG, 2014 WL 3849911 (S.D. Cal.
　August 4, 2014)................................................................................................18

*Myers-Armstrong v. Actavis Totowa, LLC*,
　382 F. App'x 545 (9th Cir. 2010) ....................................................................21

*Norwest Mortg., Inc. v. Superior Ct.*,
　72 Cal. App. 4th 214 (Cal. Ct. App. 1999).......................................................22

*Ray v. Spirit Airlines, Inc.*,
　126 F. Supp. 3d 1332 (S.D. Fla. 2015)..............................................................14

*Rojas v. Bosch Solar Energy Corp.*,
　386 F. Supp. 3d 1116 (N.D. Cal. 2019).............................................................21

*Rooney v. Cumberland Packing Corp.*,
　No. 12-CV-0033-H (DHB), 2012 WL 1512106 (S.D. Cal. Apr. 16,
　2012) .................................................................................................................12

*Sanford v. MemberWorks, Inc.*,
　625 F.3d 550 (9th Cir. 2010) ..............................................................................8

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001) ..............................................................................7

*Suzuki v. Hitachi Global Storage Techs., Inc.*,
　No. C-06-07289, 2007 WL 2070263 (N.D. Cal. July 17, 2007) ......................18

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ............................................................................8

*Wilens v. TD Waterhouse Group, Inc.*,
　120 Cal. App. 4th 746 (Cal. Ct. App. 2003)................................................16, 17

*Williams v. Gerber Prods. Co.*,
　552 F.3d 934 (9th Cir. 2008) ..............................................................................9

*Wilson v. Stratosphere Corp.*,
　371 Fed. App'x 810 (9th Cir. 2010) ..................................................................21

*Wright v. Oregon Metallurgical Corp.*,
　360 F.3d 1090 (9th Cir. 2004) ............................................................................8

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:19-CV-01715-H-AHG

**Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. ...........................................................*passim*

Cal. Bus. & Prof. Code § 17204 ...................................................................16

Cal. Bus. & Prof. Code § 17500 ...........................................................*passim*

Cal. Bus. & Prof. Code § 17535 ...................................................................16

Cal. Civ. Code § 1770 ...................................................................19

Cal. Civ. Code § 1750 et seq...........................................................*passim*

National Consumer Act (Nat. Consumer L. Center 1970) § 1.301,
    subd. (37), pp. 23–24 ...........................................................19, 20

**Rules**

Fed. R. Civ. P. 9(b) ...........................................................*passim*

Fed. R. Civ. P. 12(b)(1)...................................................................23

Fed. R. Civ. P. 12(b)(6)...................................................................7, 8

**Other Authorities**

1970 Reg. Sess. (Cal. Apr. 20, 1970), p. 1 ...........................................................19

James S. Reed, *Legislating for the Consumer: An Insider's Analysis of
    the Consumers Legal Remedies Act*, 2 Pacific L.J. 11 (1971)...........................19

Mary W. Sullivan, FTC, *Economic Analysis of Hotel Resort Fees* 4
    (Jan. 2017) ...........................................................13

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

## I.     **INTRODUCTION**

On November 1, 2019, Defendant Marriott International, Inc. ("Marriott" or "Defendant") filed a Motion to Dismiss Plaintiff Todd Hall's ("Plaintiff") Class Action Complaint.  In response, Plaintiff filed the operative First Amended Complaint (the "FAC").  For the reasons fully set forth herein, Plaintiff's FAC remains fatally flawed.  As such, Marriott respectfully requests that this Court dismiss with prejudice all claims asserted against it in Plaintiff's FAC.

Marriott is the largest hospitality company in the world; operating and franchising more than 7,000 properties and 30 brands worldwide – although Marriott owned only 14 properties, as of December 31, 2018.  A small percentage of these properties, typically among "luxury" brands, charge consumers for resort or destination amenity fees ("resort fees") in exchange for certain amenities and services at those properties.  These fees are charged for amenities and services that are not available, or normally charged above and beyond the room price, at other Marriott or competitor properties.

Plaintiff does not challenge Marriott's ability to permit its properties to charge resort fees.  Instead, Plaintiff challenges the adequacy of Marriott's resort fee disclosures, alleging that Marriott's method of disclosing the resort fee and total price before a consumer reserves a room violates California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"). Plaintiff's Complaint, on its face, ***concedes*** that Marriott discloses the resort fee ***before*** a consumer provides his or her payment information and makes a reservation on Marriott.com.  Thus, Plaintiff asks this Court to be the first in the nation to find that pre-reservation, resort fee disclosures violate consumer protection laws.  As is set forth herein, such request is not warranted.  This Court should dismiss Plaintiff's FAC in its entirety for seven key reasons.

*First*, Plaintiff's UCL, FAL, and CLRA claims are fatally flawed because he has failed to plead the requisite allegation any reasonable consumer would be

1

deceived by Defendant's advertising.  Similarly, Plaintiff's fraud claims are flawed because there is no plausible misrepresentation or concealment alleged.  Plaintiff's FAC confirms Marriott's robust resort-fee disclosures and those disclosures' compliance with consumer protection laws.  As shown in the Complaint, Marriott prominently discloses the resort fee, amenities included with the fee, and total price for the consumer's stay *before* a consumer provides payment information.  The pricing disclosures are significantly more robust than those other courts have found sufficient at the pleadings stage.  Marriott's robust disclosures also comply with guidance provided by the Federal Trade Commission ("FTC") to the industry.  *See* Letter from FTC, *Warning Letter* (Nov. 2012) ("[A] hotel reservation site may breakdown the components of the reservations estimate (e.g., room rate, estimated taxes, and any mandatory, unavoidable fees), [as long as] the most prominent figure for consumers should be the total inclusive estimate.").  Indeed, Marriott is unaware of any court having found pricing disclosures similar to Marriott's to violate consumer protection laws.

Additionally, Plaintiff unpersuasively alleges Marriott misrepresents that the resort fee is government imposed because Marriott includes the fee in "Taxes and fees" on the "Review Reservation Details" web page.  (FAC, ¶¶ 25, 31.)  Although Plaintiff does not allege any facts to support this conclusory statement, a reasonable consumer would expect "Taxes and fees" to include components of the reservation price that are taxes and components of the reservation price that are fees.  The resort fee is a fee charged by the Marriott property.  No reasonable consumer would expect "Taxes and fees" to only include government-imposed charges.

Further, Plaintiff argues Marriott represents that amenities are included in the property's resort fee when the property separately charges for the same amenities or ordinarily provides those amenities at no cost.  (*Id.*, ¶¶ 29, 34.)  This claim also is without merit, and Plaintiff has not even stayed at the Property where Plaintiff alleges this to have occurred.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*Second*, Plaintiff's FAC fails to meet the heightened pleading standard for fraud-based claims under Rule 9(b), despite the fact that all fraud based allegations permeate the entire FAC.

*Third,* Plaintiff's CLRA, UCL, FAL, intentional misrepresentation, negligent misrepresentation, and concealment/non-disclosure claims also fail because Plaintiff has failed to allege reliance.

*Fourth,* Plaintiff's CLRA claim also fails because hotel accommodations are not considered a good or service under the CLRA statute.

*Fifth,* Plaintiff's unjust enrichment/quasi-contract claim fails because unjust enrichment is not a standalone claim, but rather a relief under quasi-contract, and Plaintiff has not alleged facts to support a quasi-contract.

*Sixth,* Plaintiff cannot bring a nationwide class based on California statutes for out-of-state occurrences.

*Seventh*, Plaintiff lacks standing to bring a claim based on Online Travel Agency ("OTA") websites since he did not book hotels through such sites and because he cannot allege injury in fact.  Additionally, Plaintiff lacks standing to bring a claim for future injunctive relief because Plaintiff has not and cannot allege that he will suffer any future harm, as he will not purchase the hotel room again, or if he does, he has made clear by his allegations he is aware of where all the information for the resort fees are located.

For all of these reasons, the Court should dismiss Plaintiff's claims with prejudice.  If the Court permits Plaintiff to re-plead any of his claims, such pleading should be ordered to meet the heightened Rule 9(b) standard.

## II.   FACTUAL BACKGROUND

### A.   Marriott and Its Reservation System

Marriott, a global hospitality company, offers lodging at its properties through its online reservation website, Marriott.com. (FAC, ¶¶ 6, 11).

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1   A consumer seeking to reserve a room at a property through Marriott.com[1]

2   would start by typing in the "City, airport, attraction or address" and dates of stay,

3   and then clicking "Find Hotels":

4



5

6

7

8   (Request for Judicial Notice "RJN", Ex. A).[2] If a consumer types in, for

9   example, "San Diego" and "Nov. 4 to Nov. 5" and then clicks "Find Hotels," he is

10  presented with the lowest available room rate (e.g., "From 420 USD/night" for the

11  Marriott Marquis San Diego Marina) at 62 Marriott properties located in San Diego,

12  along with the lowest available room rate for each property for that time period.

13  (FAC, ¶¶ 21, 22; RJN, Ex. B.)

14  If the consumer clicks the "View Rates" box for, by way of example, the

15  Marriott Marquis San Diego Marina, he is taken to a web page listing the rooms

16  available at that property for the selected dates and their corresponding rates:

17

18

19

20

21

22

23  (FAC, ¶ 23; RJN, Ex. C.)  In dark blue font in a light blue box at the top of that web

24  page, Marriott clearly discloses that a resort fee will be charged, and the amount of

25  _____
    [1] Plaintiff also makes allegations regarding bookings through OTA websites,

26  however, as detailed in Sections III.B.4 and III.H.2 of this Motion, Plaintiff does
    not allege he booked through such websites so he does not have standing to make

27  claims regarding OTA bookings, and Marriott is not responsible for statements
    made on OTA websites.

28  [2] The Court may consider excerpts from Marriott's website because Plaintiff cited,
    and copied and pasted, excerpts from Marriott's website in its Complaint.  *See* RJN.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

that resort fee: "Please note—USD 30 daily destination amenity fee will be added to room rate.  Concierge lounge closed 12noon Friday to 5:30pm Sunday."  (FAC, ¶ 23.)  If the consumer wishes to reserve a "1 King Bed, City View, Room," he would click the "Select" box and be taken to a web page entitled "Review Reservation Details":



(FAC, ¶ 25; RJN, Ex. D.)  This web page identifies, *inter alia*, a "Summary of Charges," which shows a "USD/night" charge of $369, a "USD Taxes and fees" charge of $80.65, and the most prominently displayed combined "USD Subtotal" charge of $449.65. (FAC, ¶ 25, RJN, Ex. D.)

The web page further discloses the two components of the $80.65 "USD Taxes and fees" charge: If the consumer clicks on "Summary of Charges," a dropdown box reveals the $80.65 comprises a "Destination Amenity Fee," i.e., resort fee, of $30.00 and "[e]stimated government taxes and fees" of $50.65:

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

(FAC, ¶ 27; RJN, Ex. E.)  The Summary of Charges also discloses "[a]dditional [c]harges" for "[o]n- site parking" and "[v]alet parking."  (FAC, ¶ 27; Ex. E.)  If, *after* being made aware of the total price, including the resort fee, the consumer wishes to reserve the hotel room, he would click the "Continue" box. (RJN, Ex. F.)  He then would be taken to a web page requiring him to provide his name, address, and payment information.  (*Id.*)  Once he did so, he would click the "Book Now" box to make the reservation.  (*Id.*)  If after being made aware of the total price, including the resort fee and the fact that parking and valet are separate charges, the consumer no longer wished to reserve and purchase the hotel room, he could simply exit and will not have been charged anything.

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO.: 3:19-CV-01715-H-AHG

### B.   Claims in Plaintiff's Complaint.

Plaintiff's proposed Class Action Complaint alleges seven claims against Marriott for: (1) Violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"); (2) Violations of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"); (3) Violations of the Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200 Et Seq. ("UCL"); (4) Unjust Enrichment/Quasi-Contract; (5) Negligent Misrepresentation; (6) Intentional Misrepresentation; and (7) Concealment/Non-Disclosure.  As detailed below, the FAC fails to (and cannot) allege facts sufficient to support any of its seven claims.  As such, the FAC should be dismissed with prejudice in its entirety.

## III.   LEGAL ARGUMENT

### A.   Dismissal of Claims Under 12(b)(6).

Pursuant to Rule 12(b)(6), a "plaintiff's obligation to provide the 'grounds' of 'his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  The district court need not accept as true unreasonable inferences or conclusory legal allegations.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because they are not entitled to the assumption of truth, the court should dismiss pleadings that are no more than conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (U.S. 2009).

The necessary factual allegations must state a claim for relief that is "plausible on its face." *Ashcroft*, 556 U.S. at 678.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Allegations in the complaint are not "plausible" if they contradict one another or contradict facts that are established by the very documents on which a plaintiff relies.  *See Amore ex rel. Estates of Amore v. Accor*, 529 F. Supp. 2d 85, 94 (D.D.C. 2008) (citing *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004)).  Even before

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

*Twombly* and *Iqbal*, it was well established that courts were "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1096 (9th Cir. 2004). Moreover, Rule 9(b)'s heightened pleading standard requires that a plaintiff allege the "who, what, when, where, and how" of the defendant's alleged fraud with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-26 (9th Cir. 2009); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558-59 (9th Cir. 2010) (affirming dismissal where plaintiff failed to plead, with requisite specificity, the "time, place, and specific content" of misrepresentations in the alleged fraud scheme).

Documents not physically attached to the complaint may be considered by the Court on a Rule 12(b)(6) motion if the complaint refers to such document, the document is central to Plaintiff's claims, and there is no question concerning the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). Courts may properly consider documents referenced in the complaint without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B.   <u>Plaintiff's UCL, FAL and CLRA Claims Fail Because the Statements are Not Likely to Deceive a Reasonable Consumer.</u>**

The heightened pleading standards required by Federal Rule of Civil Procedure 9(b) apply to all UCL, FAL, or CLRA claims that are grounded in fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-06 (9th Cir. 2003) (requiring allegations sounding in fraud to be pled with particularity).

To state a claim for false advertising under the UCL, FAL, or CLRA, the plaintiff must identify a statement that is likely to deceive the public. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508-12 (Cal. Ct. App 2003); *see Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (affirming dismissal

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

where plaintiff failed to show that public was likely to be deceived); *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1396-97, 1400-05 (E.D. Cal. 1994) (granting the motion to dismiss where the challenged statement is not likely to deceive). Courts apply a "reasonable person" standard to determine whether a statement, viewed in context, is "likely to deceive" the public. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Freeman*, 68 F.3d at 289) (applying the reasonable consumer test to CLRA claim); *Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal. App. 4th 1351, 1358, 1360, 1362 (Cal. Ct. App. 2003) (applying the reasonable consumer test to claims under section 17200's fraudulent prong, section 17500, and the CLRA). The term "likely" means *probable,* not just possible. *See Freeman,* 68 F.3d at 289-90 (viewing the relevant public as a reasonable, ordinary consumer and their probable interpretation of the sweepstakes instructions). "[I]f the alleged misrepresentation, in context, is such that no reasonable consumer could be misled, then the allegation may also be dismissed as a matter of law." *Haskell*, 857 F. Supp. at 1399; *Lavie*, 105 Cal. App. 4th at 512-13; *Freeman*, 68 F.3d at 289-90; *see also Garcia v. Sony Computer Entm't Am.*, 859 F. Supp. 2d 1056, 1066 (N.D. Cal. 2012) (finding dismissal of a claim is warranted when plaintiffs "cannot first identify a plausible misrepresentation").

### 1.   <u>Plaintiff Fails to Plead Facts Showing Marriott's Resort Fee Disclosures Are Likely to Deceive a Reasonable Consumer.</u>

Marriott first discloses the resort fee on the room-selection page. (FAC, ¶ 23.)  Conspicuously placed above the room options is a message - in dark blue font in a light blue box to contrast it from the rest of the page to draw the consumer's attention - alerting the consumer of the $30 fee.  (FAC, ¶ 23.)

On the next web page entitled "Review Reservation Details," Marriott discloses its lodging offer - the total price for the consumer's stay, inclusive of the room rate, all taxes, and all fees, including the resort fee - as the most prominent charge in a bolded font larger than that around it.  (FAC, ¶ 25.)

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

9

A consumer who selects the "Summary of Charges" will learn **for the second time** the most prominently displayed total price and that the total price comprises the $30 resort fee.  (FAC, ¶ 27.)  It is only after a consumer is twice informed of the resort fee will he or she be taken to a new web page to enter his or her contact and payment information and then make the reservation. Only after a consumer is twice informed of the resort fee and the total price for her stay will she be taken to a new web page to enter her contact and payment information and then make the reservation.

No court has ever found a pre-reservation, resort fee disclosure to violate state consumer protection laws. *See, e.g.*, *Harris v. Las Vegas Sands L.L.C.*, No. 12-CV-10858, 2013 WL 5291142, at *5-6 (C.D. Cal. Aug. 16, 2013); *Ford* v. *Hotwire, Inc.*, No. 07-CV-1312, 2008 WL 5874305, at *4 (S.D. Cal. Feb. 25, 2008). In *Harris*, a consumer selected a room on the hotel's website at a certain rate not including the resort fee. 2013 WL 5291142, at *2. Before he reserved the room, the hotel disclosed the "Grand Total" price, with a note immediately below it stating, "*Total does not include applicable daily resort fee of $20 plus tax":

Arrival Date: 6/18/12
Number of Nights: 2
Number of Adults: 1
Number of Children: 0
Reservation Total: $368.00
Total Room Tax: $44.16
Grand Total: $412.16
*Total does not include applicable daily resort fee of $20 plus tax
Suite Type: Luxury View Suite – 1 bed

2013 WL 5291142, at *3.  The court found the hotel "explicitly disclosed the existence and amount of the resort fee," and thus "[t]here simply is no ambiguity, and no reasonable consumer could be misled."  *Id*. at *6.

2013 WL 5291142, at *3. The court found the hotel "explicitly disclosed the existence and amount of the resort fee," and thus "[t]here simply is no ambiguity, and no reasonable consumer could be misled." *Id.* at *6.

In *Ford*, which was decided by this Court, a consumer sought to reserve a hotel room via a website. 2008 WL 5874305, at *1-2. Before he could complete the

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

10

reservation, he had to pay a charge that did not include a resort fee and "click[] a box indicating that [he] acknowledges that: 'I have read, understood, and accept the Hotwire Terms of Use Agreement,'" which included the following statement:

> Hotwire rates do not include special fees charged by hotels upon check-out (e.g., . . . resort fees . . .). Customers will be required to pay these fees directly to the hotels at check-out time.

*Id.* The court found "Hotwire adequately disclose[d] that resort fees may be imposed, such that a reasonable customer is not likely to be deceived." *Id.* at *4.

Marriott's disclosures are far more robust than those found compliant with consumer protection laws in Ford and Harris. In Ford, the defendant disclosed the existence (but not the amount) of resort fees only once – and not until the check-out page – and the disclosure was made through a hyperlink to a Terms of Use. *Id.* at *2-3. In Harris, the defendant twice disclosed the existence of resort fees – both not until the check-out page – but one of the disclosures was in 7-point font (compared to the 8.5-point font around it) and the other disclosure was through a hyperlink to a Terms and Conditions on a separate web page. 2013 WL 5291142, at *2-3. Juxtapose these scenarios to what Marriott did in the instant matter.  Here, Marriott twice discloses the existence and amount of the resort fee - once on the room-selection page and then again on the check-out page - and both actually are on their respective web pages, such that a consumer need not click a hyperlink to a lengthy terms and conditions on a separate page to learn the existence of a resort fee only in fine print.  Marriott's resort fee disclosures exceed what this very Court has already deemed to be compliant.

As stated above, Plaintiff must identify a statement that is likely to deceive the public. *Lavie*, 105 Cal. App. 4th at 508-12; *see Freeman*, 68 F.3d at 289-90 (affirming dismissal of UCL, FAL, and CLRA claims because statements promising a sweepstakes payout in exchange for purchasing a magazine subscription are unlikely to deceive a "person of ordinary intelligence"). Where a court can conclude

1    as a matter of law that members of the public are not likely to be deceived by

2    looking at the entire product packaging, dismissal is appropriate. *See Rooney v.*

3    *Cumberland Packing Corp.*, No. 12-CV-0033-H (DHB), 2012 WL 1512106, at *3-

4    5 (S.D. Cal. Apr. 16, 2012) (dismissing without leave to amend a complaint

5    alleging that "Sugar in the Raw" was deceptive because the sugar was processed

6    and not natural, yet the box as a whole made no statements about unprocessed

7    sugar).

8         Taking the above web pages together, no reasonable consumer would believe

9    Marriott does not charge a $30 resort fee above and beyond the $369 rate for the

10   room at the Marriott Marquis San Diego.

11        Contrary to Plaintiff's assertion, Marriott's pre-reservation, resort-fee

12   disclosures comply with the guidance provided in the FTC's November 2012

13   warning letters.  (FAC, ¶ 16.)  The letters state, "[O]nline hotel reservation sites

14   should include in the quoted total price any unavoidable and mandatory fees, such

15   as resort fees, that consumers will be charged to stay at the hotel." (RJN, Ex. G,

16   Letter from FTC, *Warning Letter* (Nov. 2012)).[3]  The letters also state "[A] hotel

17   reservation site may breakdown [sic] the components of the reservations estimate

18   (e.g., room rate, estimated taxes, and any mandatory, unavoidable fees), [as long as]

19   the most prominent figure for consumers [is] the total inclusive estimate." (*Id.*)

20        This is precisely what Marriott does: The "Review Reservation Details" web

21   page discloses the resort fee as part of the "total price . . . consumers will be

22   charged to stay at the hotel" and displays the "total inclusive estimate" as the most

23   prominent charge in larger, bolded font before and after listing the components of

24   the reservation charge.  (FAC, ¶ 31.)

25

26   _____

     [3]The FTC warning letter is available at

27   https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-warns-hotel-
     operators-price-quotes-exclude-resort-fees-other-mandatory-surcharges-may-

28   be/121128hoteloperatorsletter.pdf. The Court may consider the FTC Warning
     Letter.  *See* RJN.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

Similarly, the 2017 FTC Report does not change the FTC's guidance for hotels to comply with consumer protection laws.  (FAC, ¶ 17.)  Unlike the November 2012 FTC warning letters, which describe practices that "may violate the law," the FTC 2017 Report "does not provide a legal analysis of resort fee disclosures." (See FAC, ¶ 17, fn. 2; Mary W. Sullivan, FTC, *Economic Analysis of Hotel Resort Fees* 4 (Jan. 2017)).

The FAC also alleges that the 14 minute and 39 second countdown to finalize the reservation and Marriott's "deceptive" pricing display on the Summary of Charges web page is unfair and deceptive.  (FAC, ¶¶ 26-27.)  However, the FAC fails to articulate with the specificity required under Rule 9(b) how this is deceptive. The information is provided to the consumer and the consumer has 14 plus minutes to decide if they wish to proceed. The consumer is clearly cautioned that should he or she choose not to proceed the rate may be lost.  This is not deceptive.  To the contrary, the consumer is being put on notice that the rate is subject to change if booking is delayed.  Ultimately, the consumer has over 14 minutes to review three web pages and decide whether to proceed or if he or she needs more time before making a decision.

**2. Plaintiff Fails to Plead Facts Showing a Reasonable Consumer on Marriott's Website Would Believe the Resort Fee is Government Imposed.**

Plaintiff alleges a reasonable consumer would be led to interpret the "[t]axes and fees" charge on the "Review Reservation Details" web page to include only government-imposed fees, and thus would believe the resort fee is government imposed.  (FAC, ¶ 9.)  But Plaintiff pleads no facts showing why a consumer would believe all "fees" are government imposed merely because "[t]axes and fees" include both taxes (necessarily imposed by a government) and fees (imposed by anyone).  Plaintiff makes the nonsensical argument that including "taxes and fees" together is mixing apples and oranges together and calling them both fruit. (FAC, ¶ 32.)  Apples and oranges are in fact both fruits and there is nothing deceptive about

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

labeling them as such.  Similarly, there is nothing deceptive about the phrase "taxes and fees."  *See Ray v. Spirit Airlines, Inc.*, 126 F. Supp. 3d 1332, 1338 (S.D. Fla. 2015) (holding "taxes & fees" does not imply government fees because "there is no use of the word 'government' or 'official' [to describe the fees]" and "the fees and taxes are differentiated—not grouped together under a heading that only says 'taxes'").  Accordingly, Plaintiff's claim that this phrase is deceptive fails.  (FAC, ¶¶ 32, 34).  Further, Marriott's website explicitly distinguishes between government fees and other fees.  Using the Marriott Marquis San Diego example, the "Review Reservation Details" page identifies a "Taxes and fees" charge of $80.65.  (FAC, ¶ 25).  If a consumer clicks on "Summary of Charges," a dropdown box breaks down the $80.65 into a "Destination Amenity Fee" of $30 and "Estimated government taxes and fees" of $50.65.  (FAC, ¶ 27).  Because the "destination amenity fee" is disclosed before the identification of "Taxes and fees" and the "government . . . fees" are included in the $56.65 charge, a reasonable consumer would know the "destination amenity fee" of $30 is a distinct fee and thus not a government fee.

### 3.  Plaintiff Pleads No Facts Showing Marriott Represented To A Consumer That a Resort Fee Was For an Amenity or Service That (i) the Consumer had to Separately Pay for or (ii) That was Complimentary.

Plaintiff makes the conclusory allegation that Marriott "represent[s] that resort fees include amenities or services that are either provided at no cost or that the consumer must still pay for separately." (FAC, ¶ 31.)  Similarly, Plaintiff claims that Marriott advertises its fitness classes at the Coronado as "complimentary" and fitness center as "free of charge for hotel guests" but "charges" for it in its resort fee. (FAC, ¶ 36.)  However, it is nonsensical how such a statement can be misleading when it is clear from the allegations in the FAC that the fact that a resort fee is charged is also disclosed to Plaintiff before purchase.  In fact, such a statement contradicts Plaintiff's allegations that it is unclear what services are included in the resort fee and what services require an additional charge.  The FAC

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

itself proves that when a separate fee is charged, like parking, it is clearly disclosed before Plaintiff's purchase.  (FAC, ¶¶ 29, 33.)

      **4.**     **<u>Plaintiff Pleads No Facts Showing Marriott, as Opposed to Online Travel Agencies, Made Alleged Representations on the Travel Agencies' Websites.</u>**

Plaintiff seeks to hold Marriott liable for alleged misrepresentations made by online travel agencies ("OTAs") on websites operated by them.  (FAC, ¶¶ 5- 7.) OTAs are independent travel agents that "serve as intermediaries between customers and a host of travel service providers, including . . . hotels." *Expedia v. District of Columbia*, 120 A.3d 623, 627 (D.C. 2015). "The [OTAs] contract with hotels for the right to sell hotel rooms to online customers."  *Id.*  Marriott does not control the manner in which the OTAs display hotel rooms and room rates on their websites, and Plaintiff pleads no facts alleging such control.  (*See* FAC, ¶¶ 7-8.)

While the FAC makes numerous allegations related to disclosures made on OTA websites, there is nothing more than the mere implication or hint that Marriott is somehow responsible for those disclosures.  Marriott is not.  Moreover, conspicuously absent from the FAC is any allegation that Plaintiff used an OTA to book his reservations. Accordingly, as a matter of law, Marriott is not liable under the UCL, FAL, CLRA or anything else for alleged misrepresentations made by third parties.[4]

**C.**     **<u>Plaintiff's Intentional Misrepresentation, Negligent Misrepresentation, and Concealment/Non-Disclosure Claims Fail Because there is No Misrepresentation or Concealed Fact Alleged.</u>**

Plaintiff's Intentional Misrepresentation, Negligent Misrepresentation, and Concealment/Non-Disclosure Claims are all fraud claims.  The elements of fraud that will give rise to a tort action for deceit are: "'(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and

_____

[4] Even if this were somehow found to be sufficient to state a claim, it utterly fails the pleading standard of Rule 9(b) as it fails to state the time, manner, and specifics of the misrepresentation.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

(e) resulting damage.' " *Engalla v.Permanente Medical Group, Inc.* 15 Cal. 4th 951, 974 (Cal. 1997).

Plaintiff bases these claims on the allegations that Marriott misrepresented the advertised price of rooms, did not disclose the resort fees and/or advertised the rooms as cheaper because the actual price at check out was more.  (FAC, ¶¶ 127, 133, 143.)  However, as explained in detail under section III.B. above, all prices were clearly disclosed to Plaintiff on Marriott's website before checkout.  There is no plausible misrepresentation and/or concealment that Plaintiff can allege, as Plaintiff's own allegations reveal otherwise.

**D.** **Plaintiff's CLRA, UCL, FAL, Negligent Misrepresentation, Intentional Misrepresentation, and Concealment/Non-Disclosure Claims Fail Because Plaintiff Has Not Properly Alleged Reliance.**

To state a claim under the CLRA, the plaintiff must allege that he relied on the alleged misrepresentation and that, but for the misrepresentation, he would not have suffered the harm alleged. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946-47 (S.D. Cal. 2007) (dismissing CLRA claim where complaint "[did] not allege that false statements or claims had anything to do with her decision to purchase"); *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754 (Cal. Ct. App. 2003) ("Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof."); *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668 (Cal. Ct. App. 1993) (complaint must allege "that without the misrepresentation, the plaintiff would not have acted as he did").

For the UCL and FAL, only "a person who has suffered injury in fact and has lost money or property as a result of" the false advertising or unfair competition has standing. Cal. Bus. & Prof. Code §§ 17204, 17535. To satisfy the narrower standing requirements, a party must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1   false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior*

2   *Court*, 51 Cal. 4th 310, 885 (Cal. 2011).

3       Plaintiff's FAC does not allege that any misrepresentation regarding the

4   resort fees "caused" Plaintiff to enter the transaction.  The FAC makes only

5   conclusory allegations that "Plaintiff purchased hotel rooms from Defendant in

6   reliance on the false and deceptive bargain and bait advertising and without

7   knowledge of the true amount being charged based on Defendant's deceptive

8   advertising and buried resort fees, including amounts included under the "USD

9   Taxes and fees' category."  (FAC, ¶ 56.)  First, as is set forth above, there was

10  nothing "buried" about the resort fees as the web pages included in Plaintiff's FAC

11  demonstrates their prominent disclosure.  Second, Plaintiff fails to plead that "but

12  for" the alleged misrepresentation, he "would not, in all reasonable probability,

13  have entered into the transaction." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th

14  513, 519 (Cal. Ct. App. 2004).  Although Plaintiff alleges that he "would not have

15  reserved the hotel room, and would not have paid as much as he had for a hotel

16  room" (FAC, ¶ 59), Plaintiff does he allege that other comparable hotels were

17  priced within $30/night of the Marriott Marquis but did not charge a resort fee.

18      It is clear that Plaintiff knew the total price he was paying before purchasing

19  the San Diego hotel room.[5]  Because Plaintiff cannot get away from that ultimate

20  fact, he attempts to obfuscate it with smoke and mirrors.  To that end, Plaintiff

21  makes a myriad of conclusory allegations regarding resort fees, complimentary

22  items, and the alleged interchange of the two.  (FAC, ¶¶ 27-30, 35-37.)  However,

23  Plaintiff cannot get away from the fact that he simply cannot state a claim under the

24  UCL, FAL and CLRA as a matter of law because before he reserved the hotel room

25  he knew the amount being charged. *Cattie*, 504 F. Supp. 2d at 947; *Wilens*, 120

26

27    [5] The FAC alleges that the Sheraton Maui charges a resort fee, but does not disclose the fee.  (FAC, ¶ 46.)  However, the FAC does not specify whether this was on

28  Marriott.com or an OTA as it simply alleges that "Marriot[sic] advertises."  At a minimum, this fails to meet the pleading standard required under Rule 9(b).

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

17

Cal. App. 4th at 754 (dismissing CLRA claims); *Laster*, 407 F. Supp. 2d at 1194 (dismissing UCL claims); *Murray v. Elations Co., LLC*, No. 13-CV-02357-BAS WVG, 2014 WL 3849911, at *11 (S.D. Cal. August 4, 2014) (finding plaintiff does not have standing to bring his claims based on those representations under the UCL and CLRA because there was no reliance.)  Furthermore, Plaintiff makes allegations with regard to statements about free fitness classes at the Coronado Island Marriott Resort & Spa, and that it is deceptive because it says the classes are "complimentary" when there is a resort fee.  (FAC, ¶ 36.)  However, Plaintiff does not allege that he stayed or a book a room at the Coronado Island Marriott Resort & Spa, and therefore, Plaintiff clearly cannot rely on any representations made with regard to this hotel.

Moreover, it is not sufficient for Plaintiff to simply allege he relied on the representation; the reliance must be justifiable. *Kahn v. Lischner*, 128 Cal. App. 2d 480, 488-90 (Cal. Ct. App. 1954); *see Lavie*, 105 Cal. App. 4th at 507 ("A representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed."); *Consumer Advocates*, 113 Cal. App. 4th at 1360-62 (reasonable consumer standard applies to CLRA claims); *Suzuki v. Hitachi Global Storage Techs., Inc.*, No. C-06-07289, 2007 WL 2070263, at *6 (N.D. Cal. July 17, 2007) (dismissing CLRA claims where "[t]he only basis for plaintiff's alleged reliance is his own [erroneous] belief" regarding a product's characteristic).

Here, as described in detail above under Section III.B and III.C., any alleged reliance by Plaintiff is clearly not justifiable and would have been unreasonable, especially since Plaintiff knew the total amount he was paying, including what portion of that amount was contributed to the resort fee, before purchasing the hotel room.  *See Morgan v. Wallaby Yogurt Co.,* No. 13-cv-00296-WHO, 2013 WL 5514563, at *8, 11 (N.D. Cal. Oct. 4, 2013) (holding that the plaintiffs' claims that

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

18

they would not have purchased the products if they had known the products contained sugar or dried cane syrup, "is contradicted by the fact that the plaintiffs nonetheless purchased the products despite the fact that the sugar content is listed right next to the ingredients list, as the images in their Complaint reflect").

### E.   **Plaintiff's CLRA Claim Also Fails Because Hotels are not Goods or Services Pursuant to the Statute.**

The CLRA applies only to transactions involving the sale or lease of "goods" or "services." Cal. Civ. Code § 1770. "Goods" is defined as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property." *Id.* § 1761(a). "Services" is defined as work, labor, and services for anything other than a commercial or business use, including services furnished in connection with the sale or repair of goods. *Id.* § 1761(b). These statutory definitions are narrow in scope and limited in application. *See Fairbanks v. Superior Court*, 46 Cal. 4th 56, 64-65 (Cal. 2009) (declining to apply CLRA to insurance, which is not a "good" or "service" under the CLRA); *see also Civil Serv. Emps. Ins. Co. v. Superior Court*, 22 Cal. 3d 362, 376 (Cal. 1978) (same).

A hotel room is not a "tangible chattel," and thus cannot be classified as a "good." *See Fairbanks*, 46 Cal. 4th at 60-61 (finding life insurance is not a "tangible chattel," and thus, is not a "good" as defined by the CLRA). Nor can a hotel room be considered a "service" under the CLRA. The California Legislature adopted the CLRA from a model law that specifically defined "services" to include "privileges with respect to . . . hotel [] accommodations."[6] However, when drafting

---

[6] The California Legislature adapted the CLRA largely from the National Consumer Act, a model law proposed by the National Consumer Law Center at Boston College. Assem. Com. on Judiciary, analysis of Assem. Bill 292, 1970 Reg. Sess. (Cal. Apr. 20, 1970), p. 1; *see* James S. Reed, *Legislating for the Consumer: An Insider's Analysis of the Consumers Legal Remedies Act*, 2 Pacific L.J. 11 (1971).

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

the CLRA, the Legislature deliberately removed the reference to hotel accommodations present in the model rule. The deliberate exclusion of hotel accommodations from the definition of "services" evidences a clear and unambiguous intent that transactions involving the sale or rental of "hotel rooms" not be considered within the limited purview of the CLRA. *See Fairbanks*, 46 Cal. 4th at 63-64 (deliberate exclusion of "insurance" from the statutory definition of "services" precluded application of the CLRA to transaction involving sale of insurance); *see also Berry v. Am. Express Publ'g, Inc.*, 147 Cal. App. 4th 224, 230-31 (Cal. Ct. App. 2007) (deleting a specific provision from a proposed law generally reflects an intent that the law not be construed to include the omitted provision). *Fairbanks* involved the sale of insurance. As with "hotel accommodations," the California Legislature deliberately omitted "insurance" from the definition of "services" when it enacted the CLRA. In light of the California Legislature's decision to remove the reference to insurance, the California Supreme Court found that application of the CLRA to the marketing or sale of insurance policies would violate clear legislative intent that insurance not be considered a "service" under the CLRA. *Fairbanks*, 46 Cal. 4th at 64. Similar to the insurance reference, "hotel accommodations" were specifically left out by the California Legislature. Like the California Supreme Court did with regard to insurance, this Court should find that hotel accommodations, like the one at issue here, are not services covered under the CLRA. *See Berry*, 147 Cal. App. 4th at 230-231 (reviewing the legislative history and failing to find support that a credit card, used "separate and apart from a specific purchase or lease of a good or service" would be covered under the CLRA); *Hughes Electronics Corp. v. Citibank Delaware*, 120 Cal. App. 4th 251, 268 (Cal. Ct. App. 2004) (when a statute is modeled on a

---

The model law defined "services" as including "(b) *privileges with respect to transportation, hotel and restaurant accommodations*, education, entertainment, recreation, physical culture, hospital accommodations, funerals, cemetery accommodations, and the like and (c) *insurance*." National Consumer Act (Nat. Consumer L. Center 1970) § 1.301, subd. (37), pp. 23–24. (emphasis added).

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1   uniform act, deviation from the uniform act's language is presumed to be deliberate

2   and to reflect a different intent); *see also Kissling v. Wyndham Vacation Resorts,*

3   *Inc.*, No. 15-CV-04004-EMC, 2015 WL 7283038, at *5 (N.D. Cal. Nov. 18, 2015)

4   (finding timeshare points are not goods or services under the CLRA). For this

5   additional reason, Plaintiff's CLRA claim fails.

6   ### F.   Plaintiff's Claim for Unjust Enrichment/Quasi-Contract Fails.

7        In California, "[t]here is no cause of action for unjust enrichment.  Rather,

8   unjust enrichment is a basis for obtaining restitution based on quasi-contract or

9   imposition of a constructive trust." *Myers-Armstrong v. Actavis Totowa, LLC*, 382

10  F. App'x 545, 548 (9th Cir. 2010). Under California law, "[t]he elements of a claim

11  of quasi-contract or unjust enrichment are (1) a defendant's receipt of a benefit and

12  (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v.*

13  *Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017); *Rojas v. Bosch Solar Energy*

14  *Corp.*, 386 F. Supp. 3d 1116, 1130 (N.D. Cal. 2019).

15       Here, Plaintiff failed to plead facts sufficient to state a claim for quasi-contract,

16  as Plaintiff cannot allege Marriott's receipt of benefit at Plaintiff's expense since

17  Marriott received the amount quoted and disclosed to Plaintiff for the hotel before

18  Plaintiff's purchase and, therefore, he is left with only unsupported allegations of

19  unjust enrichment, which cannot on their own state a cause of action.  Furthermore,

20  Plaintiff failed to plead that the hotel room and stay that he received was of any lesser

21  value than those for which he paid, that he did not use or receive any benefit of any

22  element of the resort fee, and, therefore, he fails to sufficiently plead an entitlement

23  to relief under quasi-contract law. *Myers-Armstrong,* 382 F. App'x at 548.

24       Furthermore, Plaintiff entered into a contract when reserving the rooms that

25  he alleges he stayed at in the FAC, and since there is an agreement defining the

26  parties' rights, there can be no quasi-contract. *See Wilson v. Stratosphere Corp.*,

27  371 Fed. App'x 810, 811-12 (9th Cir. 2010) (finding that because appellants entered

28  into a written contract to pay the fee, their claim that Stratosphere was unjustly

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

enriched failed). Accordingly, Plaintiff's claim for quasi-contract/unjust enrichment must be dismissed.

### G.    **Plaintiff's Nationwide Class Allegations Should be Dismissed.**

Plaintiff alleges a nationwide class as follows: "All U.S. citizens who purchased Marriott hotel rooms and were charged an amenity or resort fee in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.  (FAC, ¶ 64.)  Plaintiff's FAC, except for the unjust enrichment claim (which as explained above is not a proper claim), alleges violations of California statutes.   Alleged violations of the California statutes cannot be predicated on out of state actions to non-resident plaintiffs by a non-resident defendant, as is the case here.

In *Norwest Mortg., Inc. v. Superior Ct.*, 72 Cal. App. 4th 214 (Cal. Ct. App. 1999), the court of appeal held that the UCL does not apply to injuries suffered by non-California residents caused by conduct occurring outside California's borders. *See also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 593-94 (9th Cir. 2012) (UCL could not apply to vehicle purchases outside of California because "the last events necessary for liability as to the foreign class members – communication of the advertisements to the claimants and their reliance thereon in purchasing vehicles – took place in the various foreign states, not in California"); *Churchill Village, LLC v. Gen. Elec. Co.*, 169 F.Supp.2d 1119, 1126-27 (N.D. Cal. 2000) (finding UCL does not apply out-of-state where the defendant is incorporated out-of-state and the actionable conduct occurred outside the state). Moreover, the FAL requires that the alleged statement be made in California. Cal. Bus. & Prof. Code § 17500; Mathew Bender's California Forms of Pleading an Practice—Annotated, Vo. 2, Chapter 14, Section 14.12.

Here, Defendant Marriott is a non-California Resident.  (FAC, ¶ 11).  The purchase of any rooms by non-California Plaintiffs would have occurred in the

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

22

nonresident's state, not California.  Plaintiff has not alleged any actions within California as it pertains to the out-of-state Plaintiffs.  Therefore, there are no claims alleged that can be sustained by non-California residents, and the claims for a nationwide class fail as a matter of law.

### H.   Plaintiff's Claims Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(1) For Lack Of Standing

#### 1.   Standards for Dismissing Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Standing.

Federal Rule of Civil Procedure 12(b)(1) pertains to dismissal based on lack of subject matter jurisdiction. Rule 12(b)(1) governs a motion to dismiss for lack of standing, because "standing is a jurisdictional matter." *Abrego v. City of L.A.*, No. CV-15-0039-BRO, 2016 WL 9450679, at *3 (C.D. Cal. Sept. 23, 2016). The plaintiff bears the burden of establishing that jurisdiction exists once the defendant moves to dismiss for lack of subject matter jurisdiction. *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *4 (N.D. Cal. Sept. 19, 2013).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (U.S. 2000). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (U.S. 1992); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Accordingly, a plaintiff must set forth particularized allegations of fact in the complaint that support his or her standing to sue. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (U.S. 1990) ("[S]tanding … must affirmatively appear in the record."). A plaintiff's failure to do so is fatal because "[a] motion to dismiss for

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction." *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1138 (N.D. Cal. 2013).

### 2.    Plaintiff Does Not Have Standing to Bring Claims Regarding Statements Made by OTAs.

Plaintiff alleges that he stayed at the Marriott Marquis San Diego Marina resort and the Sheraton Maui, booking both "from the Marriott website." (FAC, ¶¶ 52-53.) Nowhere in the FAC does Plaintiff allege he made any Marriott booking through an OTA. Therefore, Plaintiff clearly was not injured by any alleged statement on an OTA site, and therefore, he has no standing to bring claims regarding statements on an OTA site.

### 3.    Plaintiff Has Not Alleged Any Injury in Fact, and Therefore, All His Claims Lack Standing.

Plaintiff claims that he "lost money because of Defendant's unlawful behavior," however, Plaintiff fails to allege any facts that support any money was lost and/or that any other concrete and particularized injury was suffered by Plaintiff. (FAC, ¶ 61.) As is clear by the allegations in the FAC, Plaintiff was aware of the total amount he paid, including the amount of the resort fee, when he made his hotel purchases on Marriott's website. No money was lost, and no injury was suffered. Therefore, Plaintiff's claims fail.

### 4.    Plaintiff Does Not Have Standing to Bring his Injunctive Relief Claims.

Plaintiff seeks injunctive relief under the class allegations (FAC, ¶ 77), his first claim for Violations of the CLRA (FAC., ¶ 95), his second claim Violations of the FAL (FAC, ¶ 103), and under his third claim for Violations of the UCL (FAC, ¶ 114). However, to establish standing for prospective injunctive relief, a plaintiff must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm coupled with a sufficient likelihood that she will again be wronged in a similar way. *Castagnola v. Hewlett-Packard Co.*, No. C-11-05772

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

JSW, 2012 WL 2159385, at *5 (N.D. Cal. June 13, 2012) (dismissing claim for injunctive relief).  The plaintiff must establish a "real or immediate threat" of repeated injury.  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999).

In false and misleading advertising cases, there is no likelihood of injury in the future if the plaintiff has no interest in purchasing the product at issue again because it does not work or does not perform as advertised.  *Forcellati, et al. v. Hyland's, et al.*, No. CV 12-1983-GHK(MRWx), 2014 WL 1410264 at *13 (C.D. Cal. Apr. 9, 2014) (finding plaintiff did not have standing for injunctive relief "because Plaintiffs have no reason to re-purchase cold and flu products that they consider to be completely worthless and ineffectual").[7] Here, Plaintiff's allegations illustrate that Plaintiff either does not intend to purchase a hotel room from Marriott again, or that Plaintiff will not rely on any alleged misrepresentations because Plaintiff now clearly knows from the allegations in the FAC where the information for all resort fees can be located.  Therefore, Plaintiff cannot be allegedly harmed again because he can no longer allege that he is not aware of the resort fees. As such, Plaintiff thus has no standing to bring injunctive relief, and therefore any request for such relief fails.

## IV.   CONCLUSION

Based on the foregoing, Marriott respectfully requests that the Court dismiss each of Plaintiff's claims with prejudice.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

---

[7] *Delarosa v. Boiron, Inc.*, No. SACV10-1569-JST (CWx), 2012 WL 8716658, at *4 (C.D. Cal. Dec. 28, 2012) ("Because Plaintiff does not believe the product works and does not intend to purchase it again, there is not a sufficient likelihood that she will again be wronged in a similar way." (internal quotations and brackets omitted)); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (Plaintiff lacked standing to seek injunctive relief because "it is unclear how prospective relief will redress her injury, since she is now fully aware of the linens' thread count" and she was not 'realistically threatened by a *repetition* of the violation.'" *(quoting Gest v. Bradbury,* 443 F.3d 1177, 1181 (9th Cir. 2006)); people, but not necessarily that it will harm Plaintiffs again").

1   Dated:   January 10, 2020     COZEN O'CONNOR

2                           By: */s/ Amy B. Alderfer*

3                             Amy B. Alderfer

4                             Brett N. Taylor

Milton A. Marquis (*Pro Hac Vice* Pending )

Paul Leary (To Apply *Pro Hac Vice*)

Bryan L. Mosca (*Pro Hac Vice*)

Attorneys for Defendant

Marriott International, Inc.

**COZEN O'CONNOR**
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO.: 3:19-CV-01715-H-AHG