**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911
***Attorneys for Plaintiff and the Proposed Classes***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation;<br><br>*Defendant*. | Case No. 3:19-cv-01715-JLS-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date: January 21, 2021<br>Time: 1:30 p.m.<br>Ctrm: 4D<br>Judge: Hon. Janis L. Sammartino |

## I. INTRODUCTION

Through this motion, Plaintiff Todd Hall ("Plaintiff") seeks leave to file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a) and the Court's November 6, 2020 Scheduling Order. Dkt. No. 40. Plaintiff's proposed SAC, attached as Exhibit 1 to the concurrently filed Declaration of Ronald A. Marron ("Marron Decl."), adds three additional plaintiffs and proposed class representatives to this action and makes additional minor changes. For the reasons set forth below, Plaintiff's Motion should be granted.

## II. PROCEDURAL BACKGROUND

This action was filed on September 9, 2019. Dkt. No. 1. On November 22, 2019, Plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. No. 15.

Plaintiff's FAC concerns Defendant's deceptive advertising of its hotel rooms and services. Specifically, Defendant misleadingly advertises a low-quoted room rate, which baits consumers into believing they are getting a bargain. However, Defendant then hides and disguises a portion of the hotel room's daily rate from consumers by adding charges at various times during the vending process. Marriott often calls the hidden portion of the room rate a number of terms, including a "resort fee," "amenity fee," or "destination fee." FAC ¶ 5. "In some instances, these resort fees cover costs, such as parking or wi-fi service, that Marriott advertises it provides as free or complimentary or, alternatively, requires hotel guests to pay for separately, even though Marriott has required them to pay the resort fee." *Id*. "[W]hen a consumer books online, he or she cannot tell what is included in the room rate, what is included in the 'fee,' what is truly 'free' or complimentary, and what he or she will be separately charged for upon arrival and/or at checkout, and by then it is too late to make an informed consumer choice." *Id.*

Plaintiff Todd Hall "has stayed at over 45 Marriott hotels and resorts during the Class Period." FAC ¶ 52. "Plaintiff purchased hotel rooms from Defendant in reliance on the false and deceptive bargain and bait advertising and without

-1-

| | |
|---|---|
| 1 | knowledge of the true amount being charged based on Defendant's deceptive |
| 2 | advertising and buried resort fees, including amounts included under the 'USD |
| 3 | Taxes and fees' category." FAC ¶ 56. "Because Plaintiff reasonably assumed that |
| 4 | the hotel reservations would conform to the advertised price and be free of unlawful |
| 5 | or hidden charges, when they were not, he did not receive the benefit of his |
| 6 | purchase." FAC ¶ 58. "Plaintiff would not have reserved the hotel room, and would |
| 7 | not have paid as much as he had for a hotel room in the absence of Defendant's |
| 8 | misrepresentations and omissions." FAC ¶ 59. |
| 9 | Plaintiff alleges that Defendant has violated California's Consumers Legal |
| 10 | Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's Unfair |
| 11 | Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), California's |
| 12 | False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and |
| 13 | Plaintiff brings further causes of action for unjust enrichment/quasi-contract; |
| 14 | negligent and intentional misrepresentation; and concealment/non-disclosure. |
| 15 | Plaintiff seeks to represent a class defined as "[a]ll U.S. citizens who reserved or |
| 16 | booked a Marriott owned or franchised hotel room and stayed in any such room for |
| 17 | overnight accommodation and were charged an amount therefore that was higher |
| 18 | than the room rate quoted or advertised per day plus government imposed taxes … |
| 19 | on or after January 1, 2012 and until the Class is certified, for personal use and not |
| 20 | for resale…" FAC ¶ 64. Plaintiff also seeks to represent a California sub-class of |
| 21 | consumers. FAC ¶ 65. |
| 22 | On January 10, 2020, Defendant filed a Motion to Dismiss Plaintiff's First |
| 23 | Amended Complaint. On August 14, 2020, the Court denied Defendant's Motion to |
| 24 | Dismiss in its entirety. Dkt. No. 31. On November 6, 2020, the Court entered a |
| 25 | Scheduling Order Setting Discovery Deadlines and Class Certification Motion |
| 26 | Deadline. Dkt. No. 40. In the Scheduling Order, the Court set December 8, 2020 as |
| 27 | the deadline to file "[a]ny motion to join other parties, amend the pleadings, or file |
| 28 | additional pleadings." Dkt. No. 40 at ¶ 1. |

-2-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT

### III. ARGUMENT

#### A. Leave to Amend Is Freely Granted

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court and the Ninth Circuit have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same).

The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here and leave to amend should be granted.

#### B. Amendment Should be Permitted

Plaintiff's Motion for Leave to Amend is timely and should be allowed. In its Scheduling Order, this Court set December 8, 2020 as the deadline to file "[a]ny motion to join other parties, amend the pleadings, or file additional pleadings." Dkt. No. 40 at ¶ 1. This motion is being filed within that deadline. Furthermore, Plaintiff falls well within the liberal standard for freely allowing amendment of pleadings. *See Foman*, 371 U.S. at 182 ("In the absence of . . . undue delay, bad faith or dilatory

-3-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

motive on the part of the movant… undue prejudice to the opposing party by virtue of allowance of the amendment…the leave sought should, as the rules require, be 'freely given.'").

There is no prejudice to Defendant here. The proposed Second Amended Complaint adds three additional plaintiffs and proposed class representatives. SAC ¶¶ 66-95. The proposed Second Amended Complaint also clarifies that the proposed California class includes "[a]ll persons who reserved or booked a Marriott owned or franchised hotel room in California…" SAC ¶ 98; *see also* Marron Decl., ¶ 3 & Ex. 2 at ¶ 98 (showing redline changes to the California class definition).[1] Lastly, the proposed Second Amended Complaint adds a claim for damages under the CLRA and alleges that Plaintiff "sent a written pre-suit demand via certified mail to Defendant in compliance with California Civil Code Section 1782" and that "[m]ore than thirty days have passed since Plaintiff Todd Hall sent his written demand letter and Defendant has failed to take the corrective action described in Plaintiff Hall's letter." SAC ¶ 128. Courts routinely permit Plaintiffs to add a claim for damages under the CLRA after a demand letter is sent pursuant to California Civil Code Section 1782. *See Keilholtz v. Superior Fireplace Co.*, 2009 WL 839076, at *7 (N.D. Cal. Mar. 30, 2009) (Plaintiffs "may move to amend their complaint to include a request for damages once they are able to show compliance with California Civil Code § 1782(d) and the thirty-day notice period."); *Corra v. Energizer Holdings, Inc.*, 962 F. Supp. 2d 1207, 1220–21 (E.D. Cal. 2013) ("Because Defendants have not identified anything technically non-compliant about the notice letters, and the notice letters predated the [amended complaint] by more than thirty days, Plaintiff was entitled to request damages in the [amended complaint], regardless of whether she could have done so in the [original] complaint.").

---

[1] Plaintiff also corrected a minor typographical error in the nationwide class definition and the California class definition by adding the missing word "fees" after "government imposed." Marron Decl., ¶ 3 & Ex. 2 at ¶¶ 97-98.

-4-

The addition of three class representatives, a minor change to the California class definition, and a claim for damages under the CLRA will not prejudice Defendant. *See Henshaw v. Home Depot U.S.A., Inc.*, 2011 WL 13225065, at *2 (C.D. Cal. July 19, 2011) ("There is no evidence that allowing the Plaintiffs leave to amend will prejudice Home Depot, as Plaintiffs only seek leave to narrow the class definition, add additional class representatives, including Mr. Heinzman, and to add factual detail regarding how Home Depot allegedly failed to pay class members for accrued, unused vacation time."); *Chu v. Wells Fargo Investments, LLC*, 2009 WL 3061974, at *2 (N.D. Cal. Sept. 24, 2009) (granting leave to amend to add three additional class representatives); *Palmer v. Stassinos*, 236 F.R.D. 460, 464, 466 (N.D. Cal. 2006) (granting leave to amend for the purpose of adding plaintiffs); *Morgan v. Laborers Pension Trust Fund for N. Cal.*, 81 F.R.D. 669, 673–675 (N.D. Cal. 1979) (same); *Gilliam v. Addicts Rehab. Ctr. Fund*, 2006 WL 1049352, at *2 (S.D.N.Y. Apr.19, 2006) ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery."). Plaintiff's proposed Second Amended Complaint does not change the nature of the lawsuit, it does not add additional causes of action, nor is Defendant precluded from seeking discovery in relation to the Second Amended Complaint. The deadline to complete class discovery in this case is not until February 16, 2021. Dkt. No. 40 at ¶ 2. Indeed, Defendant has not yet even served discovery on named Plaintiff Todd Hall. Marron Decl., ¶ 4.

## IV. CONCLUSION

In sum, Plaintiff's proposed Second Amended Complaint is filed timely and in good faith, contains claims that are identical to those originally asserted and does not prejudice Defendants. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, Plaintiff's motion for leave should be granted.

| | | |
|---|---|---|
| DATED: December 8, 2020 | /s/ *Ronald A. Marron*<br>Ronald A. Marron | |

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
*mike@consumersadvocates.com*
LILACH HALPERIN
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911
***Attorneys for Plaintiff and the Proposed Classes***