UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, Inc., a Delaware Corporation,<br><br>　　　　　　　　Defendant. | Case No.: 19-CV-1715 JLS (AHG)<br><br>**ORDER VACATING HEARING DATE ON AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(ECF No. 46) |

　　　Presently before the Court is Plaintiff Todd Hall's Motion for Leave to Amend Complaint ("Mot.," ECF No. 46), as well as Defendant Marriott International, Inc.'s Non Opposition to Plaintiff's Motion ("Non-Opp'n," ECF No. 52). The Court finds this matter appropriately decided without oral argument pursuant to Civil Local Rule 7.1(d)(1) and thus **VACATES** the hearing set for January 21, 2021. Having considered the Parties' briefing and the law, the Court **GRANTS** the Motion.

## BACKGROUND

　　　On September 9, 2019, Plaintiff filed this putative consumer class action alleging that Defendant engages in false and deceptive advertising in the way Defendant represents the prices consumers must pay for Defendant's hotel rooms, services, and amenities. *See generally* ECF No. 1. On November 1, 2019, Defendant moved to dismiss Plaintiff's initial

complaint. *See* ECF No. 11. In response, Plaintiff filed his First Amended Class Action Complaint ("FAC") on November 22, 2019. *See* ECF No. 15. On January 10, 2020, Defendant moved to dismiss the FAC. *See* ECF No. 18. On August 14, 2020, the Court denied Defendant's motion. *See* ECF No. 31. Defendant answered the FAC on August 28, 2020. *See* ECF No. 32.

On December 8, 2020, Plaintiff filed the instant Motion, seeking leave to amend the FAC to "add[] three additional plaintiffs and proposed class representatives to this action and make[] additional minor changes." ECF No. 46-1 ("Mot. Mem.") at 1. On January 7, 2021, Defendant filed its Non-Opposition. *See* Non-Opp'n.

## ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts generally grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit amendment is a decision 'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transam. Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

Plaintiff seeks leave to amend the FAC to add three additional named Plaintiffs, as well as facts and allegations relevant to those additional named Plaintiffs. *See generally* Mot. Mem.; *see also* ECF No. 46-4 (redline of proposed Second Amended Class Action

Complaint against the FAC). In light of the extremely liberal policy in favor of amendment and Defendant's non-opposition to Plaintiff's request, the Court **GRANTS** Plaintiff's Motion.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 46). Plaintiff **SHALL FILE** the Second Amended Class Action Complaint, previously filed at ECF No. 46-3, within three (3) days of the electronic docketing of this Order. Thereafter, the Clerk **SHALL UPDATE** the caption and docket accordingly.

**IT IS SO ORDERED.**

Dated: January 8, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge