**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911
*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, JULIE DRASSINOWER, KEVIN BRANCA, and JESSE HEINEKEN individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation;<br><br>*Defendant*. | Case No. 3:19-cv-01715-JLS-AHG<br><br>CLASS ACTION<br><br>**PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>Date: February 26, 2021<br>Time: 9:30 a.m.<br>Ctrm: 3B<br>Judge: Hon. Allison H. Goddard |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................... 1

II. ARGUMENT ............................................................................................. 1

   A. Revenue-Related Discovery Is Relevant to Both the Merits and Class Certification, and Should be Produced ................................................................. 1

      1. *Revenue Related Discovery Is Relevant to Class Certification* ................. 1

      2. *Marriott Failed to Timely Assert a Burdensome Objection and Fails to Establish Undue Burden* ................................................................................. 3

      3. *Marriott's Admission that the Revenue-Related Discovery Is Relevant to the Merits Moots its Relevancy Objection* ....................................................... 4

   B. Pre-September 2015 Discovery Is Relevant and Must be Produced ............. 6

   C. Discovery Relating to Wi-Fi Fees, Parking Fees, and Other Fees Are Relevant and Must be Produced .............................................................................. 8

   D. Discovery Materials From the District of Columbia Action Are Relevant and Must be Produced .............................................................................................. 9

III. CONCLUSION ....................................................................................... 10

i

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

# TABLE OF AUTHORITIES

**Cases**

*A.A. v. County of Riverside*,
   2016 WL 10576640 (C.D. Cal. 2016) ................................................................ 5

*Allen v. Similasan Corp.*,
   2014 WL 2212120 (S.D. Cal. May 27, 2014) .................................................... 7

*Big City Dynasty v. FP Holdings, L.P.*,
   336 F.R.D. 507 (D. Nev. Sept. 14, 2020) .......................................................... 9

*Blankenship v. Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975) ............................................................................. 4

*Comcast Corp. v. Behren*,
   133 S.Ct. 1426 (2013) ....................................................................................... 1

*Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*,
   95 F.R.D. 398 (S.D.N.Y. 1982) ........................................................................ 6

*Equilon Enterprises LLC v. Shahbazi*,
   2007 WL 2141357 (N.D. Cal. 2007) ................................................................. 9

*Franklin v. Smalls*,
   2012 WL 5077630 (S.D. Cal. Oct. 18, 2012) .................................................... 3

*Gottesman v. Santana*,
   2017 WL 5889765 (S.D. Cal. 2017) .................................................................. 7

*Hawkins v. Kroger*,
   2019 WL 4416132 (S.D. Cal. 2019) .................................................................. 3

*Hilsley v. Ocean Spray Cranberries, Inc.*,
   2018 WL 6300479 (S.D. Cal. 2018) .................................................................. 2

*In re Facebook Privacy Litigation*,
   2015 WL 3640518 (N.D. Cal. 2015) ................................................................. 2

*In re New Century*,
   2009 WL 9568860 (C.D. Cal. July 8, 2009) ..................................................... 6

ii

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

*In re: Coca-Cola Prod. Mktg. & Sales Practices Litig. (No. II)*,
   2016 WL 6245899 (N.D. Cal. Oct. 26, 2016) .......................................................................2
*Lopez v. Florez*,
   2013 WL 1151948 (E.D. Cal. March 19, 2013) ...................................................................4
*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*,
   2014 WL 3396124 (W.D. Wash. July 10, 2014) ..................................................................9
*Owens v. Sprint/United Mgmt. Co.*,
   221 F.R.D. 649 (D. Kan. 2004) ............................................................................................6
*Ramirez v. GEO Group, Inc.*,
   2019 WL 950328 (S.D. Cal. Feb. 26, 2019) .........................................................................5
*Richmark Corp. v. Timber Falling Consultants*,
   959 F.2d 1468 (9th Cir. 1992) ..............................................................................................3
*Schneider v. Chipotle Mexican Grill, Inc.*,
   2017 WL 1101799 (N.D. Cal. Mar. 24, 2017) .....................................................................9
*Sound View Innovations, LLC v. Hulu, LLC*,
   2018 WL 6164271 (June 12, 2018) ......................................................................................1
*Stoba v. Saveology.com, LLC*,
    2016 WL 3356796 (S.D. Cal. June 3, 2016) .......................................................................5
*Thompson v. Sosa*,
    2006 WL 8446283 (S.D. Cal. Feb. 13, 2006) ......................................................................9
*Tucker v. Ohtsu Tire & Rubber Co.*,
   191 F.R.D. 495 (D. Md. 2000) ............................................................................................10
*Woodard v. Labrada*,
   2018 WL 6930767 (C.D. Cal. 2018) ....................................................................................2
**Rules**
Fed. R. Civ. P. 26(b) ....................................................................................................................8
Fed. R. Civ. P. 33(b)(4) ................................................................................................................3
Fed. R. Civ. P. 37(b)(2)(C) ........................................................................................................10

iii

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES

# I. INTRODUCTION

Other than conclusory assertions that the requested discovery is not relevant, Marriott offers no justification for refusing to comply with its discovery obligations. Plaintiff has made the requisite showing that the requested discovery is both relevant to class certification and the merits, and the discovery should be produced.

# II. ARGUMENT

## A. Revenue-Related Discovery Is Relevant to Both the Merits and Class Certification, and Should be Produced

Marriott's main contention for refusing to produce revenue-related discovery is that, according to Marriott, "that discovery is not relevant." *See* Opp. at 2:12. But in its Opposition, Marriott *admits* that revenue-related discovery *is* relevant "to the merits." *See* Opp. at 3:1. Marriott contends that although revenue-related discovery is relevant to the merits, it should be permitted to withhold this discovery because, according to Marriott, revenue-related discovery is not relevant to class certification. *See* Opp. at 5-8. Not so. As discussed further below, the requested discovery is related to both the merits and class certification and must be produced.

### 1. *Revenue Related Discovery Is Relevant to Class Certification*

Marriott argues that revenue-related discovery "is not relevant to a class-wide damages model" because "Plaintiffs already *have* a damages model . . . *i.e.*, the total amount of resort fees paid by class members." *See* Opp. at 5:8-25 (emphasis in original). But "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action." *Sound View Innovations, LLC v. Hulu, LLC*, 2018 WL 6164271, at *3 (June 12, 2018). Additionally, Plaintiffs must demonstrate that damages can be calculated on a class-wide basis. *See Comcast Corp. v. Behren*, 133 S.Ct. 1426 (2013). In its Opposition, Marriott argues that it cannot calculate the resort fee revenue it has received from franchised hotels. *See* Opp. at 9:7 – 10:6. Marriott cannot state both that Plaintiffs have successfully presented a damages model and that Marriott itself cannot calculate damages. Revenue-related discovery

1

is therefore highly relevant to disprove Marriott's assertion that damages cannot be calculated and to demonstrate that damages can be calculated on a class-wide basis.[1]

Marriott's citation to *In re Facebook Privacy Litigation*, 2015 WL 3640518, at *4 (N.D. Cal. 2015) is unavailing. There, the Court found that the "[p]laintiff's only supporting explanation for relevance of [] financial information is nothing more than conclusory" and that the plaintiff "made no showing that Facebook's actual advertising revenue or profit is tied to her theory of liability." *Id*. By contrast, Plaintiff's relevancy explanation here is not merely conclusory and Marriott's revenue received from resort fees and other relevant fees are directed tied to Plaintiffs' theory of liability. Plaintiffs allege that the measure of Class damages is the amount of resort, amenity, and other fees consumers paid during the class period. Plaintiff's discovery requests are narrowly tailored to Marriott's revenue received specifically from the resort fees and other similarly relevant fees. This information is relevant to determine damages on a class-wide basis. Marriott's citation to other courts that have "exercised their discretion to refuse to compel a defendant to provide revenue data or other damages discovery before a class is certified" is not relevant to the facts, issues, or procedural posture of this case. *See* Opp. at 6:13 – 7:4.

Marriott also attempts to distinguish Plaintiff's cited cases, but Marriott's analysis of these cases is incorrect. *See* Opp. at 7:5 – 9:5. For example, in *Woodard v. Labrada*, the Court held that a percentage of defendant's "gross profits attributable to its sales" of the offending product was relevant to plaintiffs' damages calculation and it ordered production of such data *prior to* class certification briefing. 2018 WL 6930767, at *4-5 (C.D. Cal. 2018) (citing *In re: Coca-Cola Prod. Mktg. & Sales Practices Litig. (No. II)*, 2016 WL 6245899, at *7 (N.D. Cal. Oct. 26, 2016) ("effects

---

[1] In addition to demonstrating a class-wide damages model, revenue-related discovery is useful in evaluating additional prerequisites for class certification, such as numerosity. *See Hilsley v. Ocean Spray Cranberries, Inc.*, 2018 WL 6300479 at *3 (S.D. Cal. 2018). Because the requested revenue-related discovery is relevant to class certification, Marriott should be ordered to produce this discovery.

2

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES

of disputed labeling claims on sales, revenues, profits, and pricing information" are relevant to class certification damages inquiry)). In *Hawkins v. Kroger*, 2019 WL 4416132, at *3 (S.D. Cal. 2019), the defendant argued that many of plaintiff's discovery requests were premature because a class had not yet been certified. The Court overruled that objection and held "[t]he Court did not bifurcate discovery … so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case." *See id*. The Court also found that unit sales and revenue were "relevant information and [] proportional to the needs of the case" and ordered production of revenue-related information prior to class certification. *See id*. at *9. Marriott's argument that these courts did not find that revenue-related information was relevant to class certification is simply false. Accordingly, revenue-related discovery is relevant to class certification and must be produced.

### 2. *Marriott Failed to Timely Assert a Burdensome Objection and Fails to Establish Undue Burden*

Marriott argues that the "burden on Marriott to compile the requested revenue data is substantial" (Opp. at 9:7 – 10:6), but Marriott failed to object to Plaintiff's revenue-related discovery requests on burdensome grounds in its objections to Plaintiff's discovery requests. *See* Dkt. Nos. 57-2, 57-3 (Houchin Decl., ¶ 2 & Ex. 1 [Joint Exhibit of Discovery Requests at Issue, at RFP Nos. 28-31, ROGs 4-5, Dep. Topics 30-36]). Marriott's failure to timely object to the discovery requests on burdensome grounds constitutes a waiver of that objection. *See* Fed. R. Civ. P. 33(b)(4); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection."); *Franklin v. Smalls*, 2012 WL 5077630, at *21 (S.D. Cal. Oct. 18, 2012) ("Davis contends that the question is 'overly burdensome [,]'" but "[h]e did not initially object on these grounds, so these objections were waived.").

Moreover, Marriott has not carried its "heavy burden" to demonstrate that this

3

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Court should excuse it from responding to Plaintiff's discovery. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). With respect to franchised hotels, Marriott states that "those hotels' monthly franchise fee includes a resort-fee component" but that "the monthly payment lacks a breakdown [such that] Marriott cannot determine what portion of it is the resort-fee component." *See* Opp. at 9:13-17. But Marriott does not explain how producing documents that it already has in its possession is unduly burdensome. Marriott should be ordered to produce those documents and any other documents it has in its care, custody, and control.[2]

With respect to Marriott-managed hotels, Marriott argues that it would need to "create a methodology enabling it to reverse engineer the monthly payments" to determine the resort-fee payments. *See* Opp. at 9:22-26. But Plaintiff's discovery requests do not require Marriott to create or implement any methodology. Marriott has an obligation to produce relevant documents to Plaintiff who can then establish a methodology to calculate damages. Marriott fails to explain how producing documents and information it has already identified as relevant to calculating damages (Opp. at 9:18-21 [discussing monthly payments with resort-fee component and relevant data to determine resort-fee payment]) would be too burdensome. At the very least, Marriott should be required to produce documents and data for all consumers who booked Marriott hotels online through the Marriott website, as Marriott controls the website and has access to that data.

### 3. *Marriott's Admission that the Revenue-Related Discovery Is Relevant to the Merits Moots its Relevancy Objection*

Despite Marriott admitting that revenue-related discovery is relevant to the merits, and despite this Court's order declining Marriott's prior request to bifurcate discovery (Dkt. No. 40, at ¶ 2; Dkt. No. 35 at 8:17-18), Marriott contends that this

---

[2] *See Lopez v. Florez*, 2013 WL 1151948, * 2 (E.D. Cal. March 19, 2013) ("[a] responding party has an affirmative duty to reasonably seek information requested under Rule 34(a) from its agents or others under its control").

4

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Court should now make "a focused, individualized assessment [to bifurcate] the revenue-related discovery". *See* Opp. at 10:10-11. In a confusing manner, Marriott argues that it "has complied with the Court's declination to bifurcate the case by producing extensive merits-related discovery … [b]ut where certain requests seek discovery relevant only to the merits, the Court should not require Marriott to produce the discovery at this time." *See* Opp. at 12:4-8. Marriott fails to explain why revenue-related discovery should be treated differently from all other categories of discovery. *See id*. Marriott's request that the Court exclusively bifurcate revenue-related discovery after the Court already declined to bifurcate discovery is improper.

Marriott's cited cases are unrelated and factually distinguishable. For example, Marriott relies on *A.A. v. County of Riverside*, 2016 WL 10576640, at *3 (C.D. Cal. 2016) where the district court judge "did not expressly use the term 'bifurcate'" in its scheduling order and the magistrate judge therefore interpreted the scheduling order as limiting discovery "to discovery having some bearing on class certification." Here this Court *expressly* declined to bifurcate discovery. *See* Dkt. No. 40. There was no ambiguity in the Court's Order regarding the bifurcation of discovery and Marriott cannot in good faith argue otherwise. *A.A. v. County of Riverside* is therefore inapposite.

Marriott's citation to *Stoba v. Saveology.com, LLC,* 2016 WL 3356796, at *3 (S.D. Cal. June 3, 2016) is also easily distinguishable. There, class discovery had already closed, and the plaintiffs filed an *ex parte* application to conduct class discovery based on "newly produced evidence." *See id*. at *2. The *Stoba* court found that the plaintiffs' *ex parte* application to conduct class discovery after the deadline passed was improper because the plaintiffs made no attempt to explain how the requested discovery was relevant to class certification. *Id*. at *4. By contrast, here, class discovery has not closed and Plaintiff does not raise the current discovery dispute on an *ex parte* basis. Finally, Marriott's citation to *Ramirez v. GEO Group, Inc.*, 2019 WL 950328 (S.D. Cal. Feb. 26, 2019) supports Plaintiff's position. In

5

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

*Ramirez*, the defendant objected to a discovery request as "premature as it seeks merit-based discovery [and] not seeking certification-based discovery…" *Ramirez*, 2019 WL 950328 at *3. The *Ramirez* court explicitly rejected that argument and held "[b]ecause discovery has not been phased or bifurcated in this case, and the requested discovery is relevant to the establishment of a class and may provide evidence relevant to Plaintiff's individual claims, the Court rejects [defendant's] prematurity argument." *Id*. Marriott should be ordered to produce the requested revenue-related discovery.

### B. Pre-September 2015 Discovery Is Relevant and Must be Produced

Marriott argues that it should be permitted to withhold all revenue-related discovery, policies and procedures, customer complaints, OTA Agreements, and the identification of all hotels that charged resort fees pre-dating September 2015. *See* Opp. at 12-20. Marriott does not dispute that the discovery Plaintiff requests is relevant to Plaintiffs' claims and defenses. Instead, Marriott argues that information and documents prior to the applicable statute of limitations period is irrelevant because the statute of limitations defense bars claims that accrued prior to September 2015. *See* Opp. 12-13. But courts commonly extend the scope of discovery to a reasonable number of years prior to the statute of limitations period. *See In re New Century*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009) ("In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context.").[3]

Here, discovery through January 1, 2012 is relevant in determining how

---

[3] *See also Owens v. Sprint/United Mgmt. Co*., 221 F.R.D. 649, 655 (D. Kan. 2004) ("[D]iscovery of information both before and after the liability period...may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonably number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp*., 95 F.R.D. 398, 399 (S.D.N.Y. 1982) (discovery "routinely goes beyond the statutory period" and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong") (quotation marks and citation omitted).

6

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Marriott's policies and procedures, revenue, and business practices regarding the relevant fees have changed over time. For example, changes in policies and procedures or business practices regarding the relevant fees, and the identification of hotels that charged resort fees prior to, but not after, September 2015 can be useful in determining Marriott's knowledge of violations and the scope of Marriott's violations. Other than its conclusory assertion that "certain such discovery, like revenue data, is rendered irrelevant by the statute of limitations periods" (Opp. at 13:8-11), Marriott fails to counter Plaintiff's relevancy argument. Discovery through January 2012 is relevant and must be produced.

Marriott argues the continuing violation doctrine does not apply here (Opp. at 13:12 – 14:19), but the very discovery at issue may aid Plaintiff in establishing a "discovery rule" defense to Marriott's statute of limitations argument. Moreover, whether pre-2015 claims are barred by the statute of limitations is a question of fact that has not been decided and an affirmative defense that Marriott has not yet established. *See Allen v. Similasan Corp.*, 2014 WL 2212120, at *2 (S.D. Cal. May 27, 2014) (statute of limitations is an affirmative defense that does not generally affect discovery). Marriott essentially seeks a ruling on the merits of the statute of limitations issue as a predicate to ruling on this discovery matter. This is improper and the Court should decline to make such a ruling at this time. *See Gottesman v. Santana*, 2017 WL 5889765 at *6 (S.D. Cal. 2017) (declining to rule on the merits of statute of limitations issue and refusing to excuse defendants from producing financial discovery, "in essence granting a stay of discovery that has not been requested.").

Marriott cites to three procedurally and factually distinguishable cases that declined to apply the continuing violation doctrine. *See* Opp. 13:18 – 14:3. But none of the cases cited by Marriott relate to withholding discovery based on the applicable statute of limitations period. Additionally, all three cited orders, which relate to pending motions to dismiss, are not procedurally relevant because Marriott failed to

7

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

raise a statute of limitations argument in its Motion to Dismiss. *See* Dkt. No. 18. Therefore, the cases cited by Marriott are inapposite. Marriott should be required to produce discovery going back to January 1, 2012, which is the beginning of the class period as defined in the operative complaint. *See* SAC ¶¶ 97-98.

### C. Discovery Relating to Wi-Fi Fees, Parking Fees, and Other Fees Are Relevant and Must be Produced

Marriott argues that "this case has nothing to do" with wi-fi fees, parking fees, or any other fee that is not specifically the "resort fee". *See* Opp. at 14:23-25. But Plaintiffs' complaint alleges that Marriott's practice of charging wi-fi fees, parking fees, and other relevant fees while also advertising that such amenities are included in the "resort fee" is deceptive and misleading to reasonable consumers. *See* SAC ¶ 9. In fact, Marriott admits that the wi-fi, parking, and other fees are related to Plaintiffs' allegations that the resort fee is deceptive. *See* Opp. at 15:9-10. While Marriott argues Plaintiffs' requests are a "fishing expedition untied to any allegation in the Second Amended Complaint" (Opp. at 15:13-14), Plaintiffs' Second Amended Complaint visibly and unmistakably contains allegations regarding wi-fi fees (SAC ¶¶ 33, 46, 54), parking fees (SAC ¶¶ 32, 89), and other amenities that the resort fee is advertised to cover (SAC ¶¶ 31, 34, 51), such that Plaintiff's requests regarding these fees are within the ambit of discovery. *See* Fed. R. Civ. P. 26(b).

While Marriott acknowledges that contradictory advertisements exist regarding wi-fi, parking, and other fees charged by Marriott hotels (*see* Opp. at 15:18-20, "Coronado Island Marriott Resort & Spa has a resort fee that covers wi-fi, but [] several OTAs advertised that the wi-fi is 'free'") it argues, "there exists no evidence that Marriott controlled or had the right to control how OTAs describe hotel amenities, and further, no Plaintiff stayed at the Coronado hotel." Opp. at 15:20-22. But Marriott provides no authority for the position that Plaintiff must show proof of Marriott's control before Marriott is required to respond to discovery. Indeed, discovery itself is the process which serves as the vehicle for Plaintiff to obtain the

8

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

very evidence Marriott contends is lacking. Additionally, Marriott's contention that no Plaintiff stayed at the Coronado hotel is misplaced. This suit is brought as a putative class action, meaning it is brought not only by Plaintiff, individually, but by Plaintiffs on behalf of all others similarly situated. That Plaintiffs have not specifically stayed at the Coronado hotel does not change the fact that deceptive advertisements exist with respect to fees charged by Marriott hotels.

Marriott next raises merits-based arguments to justify its withholding of discovery. *See* Opp. at 15:27 – 16:17. But courts have repeatedly rejected attempts to define the bounds of appropriate discovery by challenging the merits of existing claims in briefing discovery motions. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511-12 (D. Nev. Sept. 14, 2020).[4] The Court should reject Marriott's attempt to shoehorn merits-based arguments into a relevance objection. Information, documents, and testimony relating to wi-fi fees, parking fees, and other relevant fees identified in Plaintiffs' complaint are relevant and must be produced.

### D. Discovery Materials From the District of Columbia Action Are Relevant and Must be Produced

Marriott argues that asking for discovery materials produced in the D.C. action is improper, but courts permit discovery of documents produced or received by a party in another litigation if the documents requested are relevant to the subject matter of the subject case. *See, e.g., Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (compelling a defendant to produce documents from a related case where the "suit involve[d] the same legal claims based on the same facts[.]"); *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 497-98

---

[4] *See also Equilon Enterprises LLC v. Shahbazi*, 2007 WL 2141357, at *1 (N.D. Cal. 2007) ("[M]ost of those arguments go to the *merits* of [the] claims in this action, and are not properly considered in the context of discovery disputes.") (emphasis in original); *Thompson v. Sosa*, 2006 WL 8446283, at *3 (S.D. Cal. Feb. 13, 2006); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014) (declining to rule on merits-based issues in context of discovery dispute, as such issues are better suited for summary judgment).

9

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

(D. Md. 2000) (ordering production of documents from parallel litigation relating to a different product where the defect theory was similar). Here, Marriott argues that "crucial differences" exist between this action and the D.C. action (Opp. at 19:1-9), but the three differences listed by Marriott are immaterial to relevancy. For example, that this case is a class action and the D.C. case is an enforcement action (Opp. at 19:2-4) does not affect the type of discovery materials produced in each action. That this action brings common law and statutory claims under California law and the D.C. action involves a D.C. statutory claim (Opp. at 19:4-6) is also immaterial, as both suits assert claims under consumer protection statutes based on Marriott's practice of initially hiding a portion of its hotel room daily rates from consumers, called "resort fees." Finally, that the Court balances the relevance of discovery against the burden to Marriott in this action (Opp. at 19:6-9) tips in favor of Plaintiff because the burden on Marriott to produce documents and information it has already produced in a similar action is low, and Marriott does not even argue that such a production would be burdensome. The discovery materials from the D.C. action, which has significant factual and legal overlap to this case, are relevant here, and Marriott fails to negate this fact.[5]

### III.   CONCLUSION

For the reasons set forth above, the Court grant Plaintiff's Motion to Compel Discovery Responses. Additionally, the Court should Order Marriott to pay Plaintiff's reasonable attorneys' fees for brining this motion as a discovery sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

---

[5] Marriott's argument that it should not be required to produce any deposition transcripts because the deposition transcripts were not "produced" in the D.C. action (Opp. at 19:17-24) is unavailing because Plaintiff's RFP No. 48 requests "[a]ll deposition transcripts . . . in connection with the case titled District of Columbia…" *See* Houchin Decl., ¶ 2 & Ex. 1 [Joint Exhibit of Discovery Requests at Issue]. The Request is not limited to deposition transcripts that were "produced."

10

*Hall, et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG
PLAINTIFF TODD HALL'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

| | |
|---|---|
| DATED: February 19, 2021 | /s/ *Michael T. Houchin*<br>Michael T. Houchin |

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
*mike@consumersadvocates.com*
LILACH HALPERIN
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911
***Attorneys for Plaintiffs and the Proposed Classes***