1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12
13

TODD HALL, individually and on behalf of all others similarly situated, et al.,

Plaintiffs,

14

v.

15
16

MARRIOTT INTERNATIONAL, INC.,

Defendant.

17
18
19
20
21
22

Case No.:  3:19-cv-01715-JLS-AHG

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL,**

**(2) GRANTING DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL, and**

**(3) ISSUING AMENDED SCHEDULING ORDER**

**[ECF Nos. 57, 61]**

23
24
25
26
27
28

This case presents the classic problem of asymmetric discovery—Defendant has nearly all the information that both sides need for the case, as well as the knowledge about where that information is kept, how it is stored, and how it can be accessed. The imbalance of access to information reduces the incentive to compromise. Discovery that should be self-executing becomes protracted and expensive.

Here, Defendant refused to produce discovery in response by making prematurity objections that the Court told Defendant – multiple times – have no merit. Defendant then tried to bolster those meritless objections with a declaration that claims burden that: 1) does not exist under a reasonable reading of the discovery requests, 2) was not asserted in Defendant's responses, and 3) was not raised in the parties' meet and confer discussions leading to this motion. The "burden" of dealing with Defendant's unreasonable approach to discovery has fallen largely on this Court. This Order resolves disputes over 55 separate discovery requests, most of which Defendant should have responded to without Court intervention, given the Court's clear guidance at the case management and discovery conferences.

For the reasons set forth below, Plaintiff Todd Hall's ("Plaintiff") motion to compel (ECF No. 57) is **GRANTED IN PART** and **DENIED IN PART**, and Defendant Marriott International Inc.'s ("Defendant") motion to file documents under seal (ECF No. 61) is **GRANTED**.

## I.   BACKGROUND

This is a putative consumer class action alleging that Defendant engages in false and deceptive advertising in the way Defendant represents the prices for Defendant's hotel rooms, services, and amenities. *See generally* ECF No. 54. Defendant is a multinational hospitality company that owns, manages, and franchises[1] at least 189 hotels and resorts worldwide. *Id.* at ¶¶ 11, 22. Defendant advertises its available rooms and daily room rates online through its own website and the websites of third-party online travel agencies ("OTAs"), such as Priceline and Expedia. *Id.* at ¶ 17.

When a consumer uses Defendant's website to search for a hotel room by destination and date, Defendant's website will list various hotels and rooms with matching availability.

---

[1] Though Defendant's franchise agreements typically allow franchisees to set their own rates for guest room charges, franchisees must still comply with Defendant's resort fee policy, which allows Defendant to control the resort fee charged by franchisees. *Id.* at ¶ 23.

*Id.* at ¶ 24. At this initial stage, the quoted daily room rate for each hotel does not include or mention the mandatory resort fee a consumer must pay. *Id.* at ¶ 25. Once a consumer selects a particular property, Defendant's website directs the consumer to another webpage that lists the rooms available at the selected property, along with the daily rates for those rooms. *Id.* at ¶¶ 26–27. This webpage displays a light blue box at the top of the page with blue bold font that states that a "daily destination amenity fee will be added to the room rate," followed by the hours for the property's concierge lounge. *Id.*

If a consumer then selects a specific room from the selected property, Defendant's website brings the consumer to a page titled, "Review Reservation Details." *Id.* at ¶ 28. This page displays a picture of the room; the details of the reservation, such as date, number of rooms, and guests per room; and two drop-down menus at the bottom of the page, one titled "Choose Room Features" and the other titled "Summary of Charges." *Id.* To the right of the "Summary of Charges" menu, the page shows a "USD subtotal" for the reservation consisting of the "USD/Night" added to "USD Taxes and Fees." *Id.* At the top of this page is a light green box, stating, "Reserve Your Room Before Time Runs Out!," and a countdown timer of fifteen minutes. *Id.*

If the consumer clicks the "Summary of Charges" menu, this same page drops down a summary breaking down the overall costs of the reservation by room rate, "Destination Amenity Fee," and "Estimated government taxes and fees." *Id.* at ¶ 30. Below the total cost listed in this drop-down menu, the page also displays, in smaller and lighter-colored font, "Additional Charges," including on-site parking and valet parking fees. *Id.*

At some properties, Defendant does not charge an amenity fee. *See, e.g.*, *id.* at ¶ 36. When a consumer selects a room reservation at one of these properties, Defendant's website displays the same "Review Reservation Details" page, including the same "Summary of Charges" presenting the total charge for the room consisting of the room rate plus "USD Taxes and Fees." *Id.* Since these properties do not charge an amenity fee, however, the "USD Taxes and Fees" consists solely of government taxes and fees. *Id.* at ¶ 38. Plaintiff alleges that this is misleading because Defendant's hotel room presents

"USD Taxes and Fees" to represent one component of the hotel room charge, regardless of whether the "USD Taxes and Fees" includes an amenity fee or not. *See id.* at ¶¶ 36–37.

Plaintiff further alleges that Defendant's website is misleading because of inconsistent representations regarding what amenities are covered by the amenity fee or are offered complimentary. *See, e.g.*, *id.* at ¶ 38. For example, Defendant's hotel may indicate that the amenity fee "includes high speed Internet/resort equipment rentals/fitness classes and more." *Id.* Nonetheless, Defendant may simultaneously advertise that fitness classes are "[c]omplimentary" and that the "[f]itness center is free of charge for hotel guests." *Id.* at ¶ 39.

Plaintiff also alleges that Defendant misleadingly fails to include resort fees in the rates advertised by OTAs. *See id.* at ¶ 41. On Expedia, for example, the quoted room rate does not include or mention any resort or amenity fee. *Id.* When a consumer clicks "Select your room," Expedia directs the consumer to another page containing the same quoted room rate. *See id.* at ¶ 42. Selecting the quoted price then directs the consumer to yet another page that fails to display a resort or amenity fee. *See id.* at ¶¶ 43–44. Instead, the page includes only the discounted bargain price and the "Taxes and Fees," *see id.*, indicating that there is a "Mandatory property fee: Collected by property" with a link to "Details." *Id.* at ¶¶ 43, 45. Only by clicking on "Details" does the consumer learn the amount of the resort fee and what it claims to include. *See id.* at ¶ 45. Nonetheless, Expedia may advertise that a room includes "Free WiFi," while simultaneously indicating that the "Resort fee" includes "Internet access." *See id.* at ¶ 46. Expedia also encourages consumers quickly to complete the booking process, displaying stopwatches indicating how many other people are viewing the property and how many rooms in that category are still available. *See id.* at ¶¶ 43–44.

On September 9, 2019, Plaintiff filed this putative class action alleging unjust enrichment and violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et*

*seq. See generally* ECF No. 1. On November 22, 2019, Plaintiff filed his First Amended Class Action Complaint, adding causes of action for negligent misrepresentation, concealment/non-disclosure, and intentional misrepresentation. *See generally* ECF No. 15. On January 11, 2021, Plaintiff filed the operative Second Amended Class Action Complaint, which retained all causes of action and added three Plaintiffs: Julie Drassinower, a California resident who booked her room in New York on the Marriott website; Kevin Branca, a California resident who booked his room in Hawaii on the Costco Travel website; and Jesse Heineken, a Kansas resident who booked his room in California on the Marriott website. ECF No. 54 at ¶¶ 66–95.

The Second Amended Class Action Complaint was also filed on behalf of both a "Nationwide Class"—defined as "[a]ll U.S. citizens who reserved or booked a Marriott owned or franchised hotel room and stayed in any such room for overnight accommodation and were charged an amount therefore that was higher than the room rate quoted or advertised per day plus government imposed taxes and government imposed fees in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale,"—and a "California Class"—defined as "[a]ll persons who reserved or booked a Marriott owned or franchised hotel room in California and stayed in any such room for overnight accommodation and were charged an amount therefore that was higher than the room rate quoted or advertised per day plus government imposed taxes and government imposed fees in California on or after January 1, 2012 and until the Class is certified, for personal use and not for resale[.]" *Id.* at ¶¶ 97–98.

## II.   PROCEDURAL POSTURE

The Court held a case management conference on November 6, 2020, and issued a Scheduling Order on that date. ECF No. 40. The Scheduling Order explicitly states that "[f]act and class discovery are not bifurcated, ... ." *Id.* at 1.

On December 22, 2020, pursuant to the Court's Chambers Rules, the parties alerted the Court that they disagreed about five discovery issues. Email to Chambers (Dec. 22, 2020 at 9:41 a.m.); *see* Chmb.R. at 2. Defendant stated the following position on those

disagreements:

> Marriott contends that the requested discovery is irrelevant for several reasons, including that the requested discovery is not relevant to the claims in the Amended Complaint, and that any class discovery not pertinent to the class certification analysis is not potentially relevant unless and until the Court certifies a class.

ECF No. 57-14. The Court's clerk advised the parties to continue their meet and confer efforts and reminded them of the Court's statements during the case management conference that the class discovery was not bifurcated in part to avoid disputes over whether discovery requests are premature. *Id.*

After further meet and confer efforts, one issue was resolved. The parties jointly notified the Court that they had reached an impasse on the remaining discovery disputes on January 4, 2021. Email to Chambers (Jan. 4, 2021 at 1:07 p.m.). The Court held a telephonic discovery conference on January 6, 2021. ECF No. 50. The Court found it appropriate to issue a briefing schedule for Plaintiff's motion to compel. ECF No. 51. Upon receipt of the responsive briefs (ECF Nos. 57, 62, 65, 68), the Court then held a hearing on the motion on February 26, 2021, hearing oral argument from both sides. ECF No. 69. This order follows.

## III.  DISCOVERY REQUESTS AT ISSUE

The present motions relate to the following 55 discovery requests:

1.  Plaintiff's First Set of Requests for Production of Documents to Defendant ("RFPs"), Nos. 1–9, 28–41, 48, 67–73, propounded on November 6, 2020. ECF No. 57-5. Defendant timely returned its responses and objections on December 7, 2020. ECF No. 57-8.

2.  Plaintiff's First Set of Interrogatories to Defendant, Nos. 1–6, propounded on November 6, 2020. ECF No. 57-6. Defendant timely returned its responses and objections on December 7, 2020. ECF No. 57-9.

3.  Plaintiff's Notice of Deposition under Rule 30(b)(6) of Person Most Knowledgeable for Defendant, Topic Nos. 8–14, 20–22, 30–36, 40, served on

November 12, 2020. ECF No. 57-7. Defendant timely[2] returned its responses and objections on December 11, 2020. ECF No. 57-10

## IV.   LEGAL STANDARD

Nonprivileged information is discoverable under Rule 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b). Information need not be admissible to be discoverable. *Id.* The Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation and citations omitted).

When analyzing relevance, Rule 26(b) no longer limits discovery to information "reasonably calculated to lead to the discovery of admissible evidence." *In Re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563–64, 564 n.1 (D. Ariz. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure and the advisory committee's explicit removal of the phrase "reasonably calculated," and listing cases that continue to use the outdated pre-2015 standard). The relevance standard is commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (internal quotation omitted). Regardless of its broad nature, however, relevance is not without "ultimate and necessary boundaries." *Id.*

---

[2] The "proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order[,]" which was not done here. *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16cv698-CAB-NLS, 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018) (internal quotations omitted). However, since the Court issued the briefing schedule solely for Plaintiff's motion to compel, the Court considers Defendant's responses timely.

1    Information must be "proportional to the needs of the case" to fall within the scope

2    of permissible discovery. FED. R. CIV. P. 26(b)(1). When analyzing the proportionality of

3    a party's discovery requests, a court should consider the importance of the issues at stake

4    in the action, the amount in controversy, the parties' relative access to the information, the

5    parties' resources, the importance of the discovery in resolving the issues, and whether the

6    burden or expense of the proposed discovery outweighs its likely benefit. *Id.* "The 2015

7    amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on

8    discovery through increased reliance on the common-sense concept of proportionality.'"

9    *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation

10   omitted).

11   Once the propounding party establishes that the request seeks relevant and

12   proportional information, "[t]he party who resists discovery has the burden to show

13   discovery should not be allowed, and has the burden of clarifying, explaining, and

14   supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217

15   (C.D. Cal. 2009). The party resisting discovery must specifically detail the reasons why

16   each request is irrelevant or otherwise objectionable, and may not rely on boilerplate,

17   generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D.

18   544, 553 (D. Nev. 2013). Where "the responding party provides a boilerplate or generalized

19   objection, said 'objections are inadequate and tantamount to not making any objection at

20   all.'" *Bess v. Cate*, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26,

21   2008) (quoting *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587

22   (C.D. Cal. 1999)). Arguments against discovery must be supported by "specific examples

23   and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev.

24   2006).

25   District courts have broad discretion to manage discovery. *Laub v. United States*

26   *DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

27   2002). This discretion extends to crafting discovery orders that may expand, limit, or differ

28   from the relief requested. *See Crawford-El v. Britto*n, 523 U.S. 574, 598 (1998) (trial court

has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"); *UMG Recordings, Inc. v. Doe*, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008) ("[T]he district courts wield broad discretion" in fashioning discovery orders).

## V. OVERVIEW OF DEFENDANT'S OBJECTIONS AND RELEVANT LAW

Defendant raises similar objections to Plaintiff's discovery requests. The Court will address the most prevalent ones in turn.[3]

### a. Premature Because the Court has not Certified a Class

Defendant objected to 32 discovery requests on the basis that Plaintiff's requests are premature because a class has not yet been certified. ECF No. 57-4 (RFP Nos. 1, 2, 28–41; Interrogatory Nos. 1–5; Deposition Topic Nos. 8, 12–14, 30–36).

Prior to class certification under Federal Rule of Civil Procedure 23, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)) ("Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court").

Here, the Court expressly informed the parties at the initial case management conference and in the scheduling order that "[f]act and class discovery are not bifurcated." ECF No. 40; *see also* ECF No. 57-14 at 2 (rough transcript of case management conference where the Court told the parties that "[c]lass discovery will not be bifurcated, so there's no bifurcation of pre-certification and post-certification discovery. … The reason that class discovery is not bifurcated is because I don't want to have issues over whether or not this is premature …"). When discovery is not bifurcated, "the parties are permitted to conduct discovery relevant to both class certification and the merits of the case." *Hawkins v.*

---

[3] The Court will also address each objection as it particularly relates to each discovery request at issue.

*Kroger*, No. 15cv2320-JM-BLM, 2019 WL 4416132, at *3 (S.D. Cal. Sept. 16, 2019).
Defendant's objections as to prematurity ignore the Court's express direction in this regard.

Defendant argues that it could reasonably ignore this Court's guidance because other courts have entertained prematurity objections in cases where discovery was not bifurcated on the grounds that the information sought was not relevant to the issue of class certification. ECF No. 69 at 20:31–21:14. But these decisions are not binding upon this Court, and there is ample authority to the contrary from other courts. *See, e.g.*, *Mbazomo v. ETourandTravel, Inc.*, No. 2:16cv2229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (overruling defendant's objections that certain discovery was premature, and explaining that "Defendant makes numerous objections on the grounds of relevance … that some requested documents are not relevant to the issue of class certification .... The Court … explicitly rules that discovery will not be bifurcated in this case. 'Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.' [] Indeed, the Manual of Complex Litigation recommends some merits discovery during the precertification phase when a large case is involved. … As a result, the Court orders that discovery on both class certification and merits issues may occur.") (internal citations omitted); *Lucas v. Jos. A. Bank Clothiers, Inc.*, No. 14cv1631-LAB-JLB, 2015 U.S. Dist. LEXIS 189140, at *2 (S.D. Cal. Aug. 6, 2015) ("The Court overrules Defendant's objection that its communications regarding pricing strategy are not relevant to class certification. Discovery in this case is not bifurcated, and Defendant has not met its burden of showing that producing the communications at issue prior to a ruling on class certification would be unduly burdensome."); *In re Toys "R" Us-Delaware, Inc.*, No. ML-08-1980-MMM-FMOx, 2010 WL 4942645, at *5 (C.D. Cal. July 29, 2010) (overruling defendant's objection that the discovery sought was premature because it did not relate to class certification, and noting "defendant acknowledges that [the court] has not bifurcated discovery. [] In short, absent an order from the District Judge which bifurcates (or approves bifurcation) discovery into phases [], defendant must respond fully and completely to all discovery requests").

The bottom line is that this is an issue within the Court's discretion, and Defendant was advised in clear terms as to how the Court would exercise that discretion. Despite that, Defendant objected to 32 separate discovery requests, and forced a motion to compel regarding those requests, on the grounds that a class has not been certified. As the Court has advised since the outset of this case, at this stage of the case relevance is not limited to issues of class certification. The Court finds that the revenue data is relevant to damages, both in how they will be ascertained and how a damages model will be provided. The data is also relevant to understand the nature of the fees and their relationship to Defendant's revenues. The data is also relevant to ascertaining the scope of the case for fruitful settlement discussions.

Thus, any objections on this ground are overruled.

### b.  Relevance of Wi-Fi Fees and Parking Fees

Defendant has objected to 25 discovery requests on the basis that information about wi-fi fees, parking fees, and other fees is irrelevant because it does not relate to any of Plaintiff's claims or defenses. ECF No. 57-4 (RFP Nos. 7–9, 32–34, 39–41, 71–73; Interrogatory Nos. 4–6; Deposition Topic Nos. 12–14, 20–22, 34–36, 40). To the extent Defendant objects based on relevance in a boilerplate, conclusory manner, those objections are overruled. *AMG Servs.*, 291 F.R.D. at 553 (stating that the objecting party must "specifically detail the reasons why each request is irrelevant and may not rely on boilerplate, generalized, conclusory" arguments); *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"); *see Bryant v. Ochoa*, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (the party opposing the motion to compel has the "burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections.").

Courts have broad discretion to determine relevance for discovery purposes. *Doherty*, 2017 WL 1885677, at *2 (citing *Hallett*, 296 F.3d at 751); *see also Youngevity*

*Int'l, Inc. v. Smith*, No. 16cv704-BTM-JLB, 2017 WL 2692928, at *10–*11 (June 22, 2017). Courts often look to the elements of the causes of action for a relevance framework.

In the operative complaint, Plaintiff invokes three California consumer protection statutes: the FAL, the UCL, and the CLRA. ECF No. 54 ¶¶ 82–117. The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices," including manners of pricing and advertising pricing. Cal. Civ. Code § 1770; *see id.* at §§ 1770(a)(9), (a)(20). Plaintiff also alleges causes of action for common law intentional misrepresentation, negligent misrepresentation, and concealment/non-disclosure. ECF No. 54 at ¶¶ 158–179. "The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc*., 15 Cal. 4th 951, 974 (1997) (quoting *Lazar v. Super. Ct*., 12 Cal. 4th 631, 638 (1996)) (internal quotation marks omitted); *see* ECF No. 31 at 19.

Here, the wi-fi and parking fees charged are relevant to these causes of action because Plaintiff alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶ 9 ("these resort fees cover costs, such as parking or wi-fi service, that Marriott advertises it provides as free or complimentary or, alternatively, requires hotel guests to pay for separately"); *id.* at ¶ 12 ("But the deception doesn't end there. The consumer still can't tell what is included in the Destination Amenity Fee (e.g., will the consumer have to pay extra for use of wi-fi in the room or just in the lobby, extra for use of the Concierge lounge, extra for use of business center, extra for use of pool towels, etc.) versus what is included in the deceptively labelled 'government taxes and fees.'"). This connection is alleged repeatedly in the

operative complaint. *See id.* at ¶ 33 (alleging the Defendant's conduct "makes it virtually impossible for consumers to comprehend what fees for what services they are being charged as a 'mandatory' fee on top of their quoted room rate, or as a 'complimentary' service which is actually being charged for, or as an optional add on charge which they must pay for at check in or at check out."); *see, e.g.*, *id.* at ¶¶ 9, 30, 32, 33, 46, 53–54, 89.

Defendant's suggestion that this discovery should be precluded because "Plaintiffs have no evidence that Marriott provides complimentary or for a separate charge any amenity included in a resort fee" is unavailing. *See* ECF No. 65 at 23.[4] The test for relevance is not whether the Plaintiff already has evidence on the topic; the test is whether the information sought "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Doherty*, 2017 WL 1885677, at *2.

Thus, any objections on this ground are overruled.

### c. Relevance of District of Columbia Action

Plaintiff seeks deposition transcripts, interrogatory responses, responses to requests for admission, and responses to requests for production of documents that Defendant produced in a related District of Columbia action: *District of Columbia v. Marriott International, Inc.*, No. 2019 CA 4497 B (D.D.C. Dec. 31, 2019) ("D.C. action"). Defendant objects to these requests, arguing that the cases are dissimilar and therefore the information sought is not relevant. ECF No. 65 at 25–26. Defendant also argued at the hearing that it should be permitted to assert individualized objections to each of the discovery requests from the D.C. action.

---

[4] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing system.

The Court has compared the two complaints. As contended by Plaintiff and conceded by Defendant at the hearing,[5] the Court agrees that the two complaints are substantially similar and, in parts, completely identical. *Compare* ECF No. 54 ("Cal.") at ¶ 5 *with* ECF No. 57-15 ("D.C.") at ¶ 1 (almost identical). *Compare* Cal. at ¶ 10 *with* D.C. at ¶ 6 (almost identical). *Compare* Cal. at ¶ 7 *with* D.C. at ¶ 3 (identical). *Compare* Cal. at ¶ 8 *with* D.C. at ¶ 4 (almost identical). *Compare* Cal. at ¶ 9 *with* D.C. at ¶ 5 (almost identical). *Compare* Cal. at ¶11 *with* D.C. at ¶10 (identical). *Compare* Cal. at ¶ 12 *with* D.C. at ¶ 11 (almost identical). *Compare* Cal. at ¶ 17 *with* D.C. at ¶ 12 (almost identical). *Compare* Cal. at ¶ 18 *with* D.C. at ¶ 13 (almost identical). *Compare* Cal. at ¶ 19 *with* D.C. at ¶14 (identical). *Compare* Cal. at ¶20 *with* D.C. at ¶15 (identical). *Compare* Cal. at ¶21 *with* D.C. at ¶16 (substantially the same). *Compare* Cal. at ¶ 22 *with* D.C. at ¶17 (identical). *Compare* Cal. at ¶ 24 *with* D.C. at ¶ 19 (almost identical). *Compare* Cal. at ¶ 25 *with* D.C. at ¶ 20 (almost identical). *Compare* Cal. at ¶ 26 *with* D.C. at ¶ 21 (almost identical). *Compare* Cal. at ¶ 27 *with* D.C. at ¶22 (substantially the same). *Compare* Cal. at ¶ 28 *with* D.C. at ¶ 24 (substantially the same). *Compare* Cal. at ¶ 29 *with* D.C. at ¶ 25 (substantially the same). *Compare* Cal. at ¶ 33 *with* D.C. at ¶ 27 (identical). *Compare* Cal. at ¶ 34 *with* D.C. at ¶ 28 (almost identical). *Compare* Cal. at ¶ 40 *with* D.C. at ¶ 29 (identical).

Additionally, the Court has compared the statutory violation alleged in the D.C. action with the statutory violations alleged in the instant matter, and likewise finds them substantially similar. In the D.C. action, plaintiff alleges violations of the Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq*. The CPPA prohibits engagement in "an unfair or deceptive trade practice," such as "advertis[ing] or offer[ing] goods or services without the intent to sell them or without the intent to sell them as

---

[5] In Defendant's briefing, it suggests that there are crucial differences between the two cases. *See* ECF No. 65 at 26. However, during the hearing, Defendant conceded that the two cases are similar and noted in another instance that much of Plaintiff's complaint seemed "copied and pasted" from the D.C. action. ECF No. 69 at 54:17, 56:52.

advertised or offered." D.C. CODE § 28-3904(h); *see* D.C. at ¶ 36 (alleging violation of § 28-3904(h) in complaint). Similarly, the CLRA also prohibits "unfair or deceptive acts or practices," such as "advertising goods or services with intent not to sell them as advertised." CAL. CIV. CODE § 1770(a)(9); *see* Cal. at ¶ 121(a) (alleging violation of § 1770(a)(9) in complaint).

Given the substantial overlap in the factual allegations in the D.C. action and the instant case, the Court concludes that Plaintiff is entitled to the information they seek[6] regarding the D.C. action and overrules Defendant's objection. *See Schneider v. Chipotle Mexican Grill*, No. 16cv2200-HSG-KAW, 2017 WL 1101799, at \*3–\*4 (N.D. Cal. Mar. 24, 2017) (rejecting a similar objection and finding that, since the two cases had significant factual and legal overlap, the plaintiff was entitled to the discovery in the related case within the relevant time period). The Court also notes that having the discovery from the D.C. action could streamline discovery in this action.

### d. Temporal Scope

Defendant has objected to each discovery request on the basis that Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012. *See* ECF Nos. 57-8, 57-9, 57-10 (objecting to all discovery requests based on temporal scope). Plaintiff responded that the statute of limitations is tolled by the continuing violation doctrine. ECF No. 57-1 at 19–21.

---

[6] Defendant also argues that, even if the Court grants Plaintiff's motion to compel as to these requests, Defendant should not be compelled to produce deposition transcripts from the D.C. action. Defendant's argument that the deposition transcripts were "created" and not "produced" in the D.C. action (*see* ECF No. 62 at 26) is not persuasive. The Court finds that RFP No. 48 is not limited to deposition transcripts that were "produced." *See* ECF No. 68 at 14 n.5 (requesting "[a]ll deposition transcripts . . . in connection with the case titled District of Columbia…"). The Court reminds Defendant that it has "an obligation to construe . . . discovery requests in a reasonable manner." *In re Pioneer Corp.*, No. 18cv4524-JAK-SSx, 2019 WL 5401015, at \*5 (C.D. Cal. Jan. 9, 2019) (ellipsis in original) (collecting cases that reiterate that the "responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity").

The longest applicable statute of limitations period in the instant matter is four years under California's Unfair Competition Law. CAL. BUS. & PROF. CODE § 17208 ("Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued."). However, "[t]he statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery." *Gottesman v. Santana*, No. 16cv2902-JLS-JLB, 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017). "Information before the statute of limitations period may fall within the scope of discoverable information." *Id.*; *see, e.g.*, *Hatamian v. Advanced Micro Devices, Inc.*, No. 14cv226-YGR-JSC, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) ("In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context.") (internal quotations omitted); *accord Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) ("[D]iscovery of information both before and after the liability period . . . may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.").

Even if the statute of limitations provided a barrier to discoverable information in this case, the statute of limitations is an affirmative defense that has not yet been argued before the Court. *Compare* ECF No. 32 at 20 (in its answer, raising the statute of limitations as an affirmative defense) *with* ECF No. 18 (in its motion to dismiss, not raising statute of limitations as an argument that the pre-2015 class definition should not be included in the complaint). On the other hand, the Court is not persuaded by Plaintiff's argument regarding the continuing violation doctrine. *See Aryeh v. Canon Business Solutions*, 55 Cal. 4th 1185 (2013); *Matic v. United States Nutrition, Inc.*, No. 18cv9592-PSG-AFMx, 2019 WL 3084335, at *3–*4 (C.D. Cal. Mar. 27, 2019) (thoroughly explaining the inapplicable continuing violation doctrine in an analogous context); *Allred v. Frito-Lay N. Am., Inc.*, No. 17cv1345-JLS-BGS, 2019 WL 1040018, at *6–*7 (S.D. Cal. Mar. 5, 2019). However, to the extent that the parties seek a ruling by the Magistrate Judge on the merits of the

statute of limitations issue as a predicate to ruling on this discovery matter, the Court declines to make such a ruling.

Focusing on relevance and proportionality, the Court finds that additional time beyond September 2015 would be helpful for context, and therefore sustains in part Defendant's objection and finds that the relevant discovery period begins on January 1, 2015.[7] The Court's order in this respect is without prejudice to Plaintiff's right to seek discovery from earlier time periods upon a proper showing based on new information.

### e.  Vague and Ambiguous

Defendant has objected to 30 discovery requests on the basis that they are vague and ambiguous. ECF No. 57-4 (RFP Nos. 1, 2, 28–41; Interrogatory Nos. 1–5; Deposition Topic Nos. 14, 22, 30–36).

When ruling on a motion to compel, courts in this district "generally consider[ ] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel." *SolarCity Corp. v. Doria*, No. 16cv3085-JAH-RBB, 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018) (quoting *Medina v. County of San Diego*, No. 08cv1252-BAS-RBB, 2014 WL 4793026, at *8 (S.D. Cal. Sept. 25, 2014)); *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12cv2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, limiting its review to arguments presented in the parties' briefs).

---

[7] At the hearing, upon hearing the Court's tentative ruling on the matter, Plaintiff argued that he still should be entitled to policy and procedure documents regarding resort fees beginning in 2012, so that he could evaluate how the policies have changed over time. ECF No. 69. The Court has considered this argument, but is not persuaded that it would be proportional to extend the discoverable time period with regard to the instant motion.

1     Here, though Defendant raised these objections in its initial responses, it did not

2     reassert them in its Opposition brief. Thus, the Court deems these objections[8] waived.

3     Additionally, the Court notes that the words and phrases that Defendant objected to—such

4     as "operates" and "revenue"—are not vague or ambiguous, and should have been

5     understood in accord with their plain meaning. *See generally Herrera v. AllianceOne*

6     *Receivable Mgmt.*, No. 14cv1844-BTM-WVG, 2016 WL 1182751, at *9 (S.D. Cal. Mar.

7     28, 2016) ("The Court is at a loss to understand how Defendant could use the disputed

8     phrases [], yet make a good faith objection that the same phrases are vague and ambiguous

9     when used by Plaintiffs. Defendant is simply playing games by asserting this objection,

10    and its response violates the spirit of Rule 26.")

11                        **f.  Undue Burden**

12    Defendant has objected to 23 discovery requests on the basis that responding would

13    impose an undue burden. ECF No. 57-4 (RFP Nos. 3–7, 9, 67–73; Deposition Topic Nos.

14    8–14, 20–22, 40).

15    The party "claiming that a discovery request is unduly burdensome must allege

16    specific facts which indicate the nature and extent of the burden, usually by affidavit or

17    other reliable evidence." *Laryngeal Mask Co. v. Ambu A/S*, No. 07cv1988-DMS-NLS,

18    2009 WL 10672487, at *2 (S.D. Cal. Jan. 27, 2009) (quoting *Jackson v. Montgomery Ward*

19    *& Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997). Furthermore, "boiler plate objections that

20    a request for discovery is overbroad and unduly burdensome . . . are improper unless based

21    on particularized facts.*" Vietnam Veterans of Am. v. CIA*, No. C 09-37-CW-JL, 2010 U.S.

22

23    ───────────────

24    [8] Defendant also objected to 3 discovery requests on the basis that they are cumulative of

25    other requests. ECF No. 57-4 (objecting that RFP Nos. 1 and 2 are cumulative of
      Interrogatory Nos. 1 and 2). Similarly, though Defendant raised these objections in its

26    initial responses, it did not reassert them in its Opposition brief. These objections are also

27    deemed waived for the same reasons. The Court notes that this objection was also likely
      unnecessary, as a party may answer an interrogatory by permitting review of documents.

28    *See* FED. R. CIV. P. 33(d).

Dist. LEXIS 143865, at *32 (N.D. Cal. Nov. 12, 2010) (internal quotations omitted); *A. Farber & Ptnrs.*, 234 F.R.D. at 188 (stating that "general or boilerplate objections such as 'overly burdensome …' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections" and collecting cases with similar holdings); *accord Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358–59 (D. Md. 2008) (collecting cases from multiple circuits).

"Just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome." *Jackson*, 173 F.R.D. at 528–29. Further, "[c]onclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016).

Thus, in analyzing Defendant's undue burden objections, the Court will closely scrutinize Defendant's description of the alleged burden and disregard conclusory speculation.

### g. Undue Burden as to Revenue Requests

Defendant contends in its Response in Opposition to Plaintiff's motion to compel that "the burden on Marriott to compile the requested revenue data is substantial." ECF No. 65 at 16. Defendant includes a declaration from Jennifer Aronson, detailing the extent of the burden to reverse engineer processes in order to gather certain revenue data. ECF No. 65-7. However, in its discovery responses, Defendant did not object based on burden to any discovery requests seeking revenue data. Defendant also failed to raise any issue regarding burden with respect to these requests in meet and confer correspondence, or in its email to the Court summarizing its position on the instant disputes. ECF Nos. 57-12, 57-14.

"[W]hen a party raises an objection to a [discovery] request [] for the first time in an opposition to a motion to compel, that objection is waived, unless good cause exists to excuse the objection's untimeliness." *Andreoli v. Youngevity Int'l, Inc*., No. 16cv2922-BTM-JLB, 2018 WL 6334284, at *8–*9 (S.D. Cal. Dec. 5, 2018); *see* FED. R. CIV. P.

33(b)(4) ("Any ground not stated in a timely objection [to the interrogatory] is waived unless the court, for good cause, excuses the failure."); *see, e.g.*, *Hinostroza v. Denny's Inc.*, No. 2:17cv2561-RFB-NJK, 2018 WL 3212014, at *5 (D. Nev. June 29, 2018) ("In response, Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome. Plaintiff, however, did not raise these objections in her initial response to Defendant's [requests for production] and, therefore, the Court finds that she has waived these objections."); *Na'im v. Sophie's Arms Fine Residences, LLC*, No. 13cv2515-JAH-BLM, 2014 WL 3537807, at *4, *4 n.3 (S.D. Cal. July 2, 2014) (overruling objection because "the Court does not find good cause to excuse Defendants' failure to raise the objection in their initial responses").

Though Defendant did not address it in its briefing, at the hearing, Defendant contended that good cause exists to excuse its failure to timely raise the objections. Defendant claimed that it had been careful to only assert burden objections to discovery requests where there was a legitimate basis, and each time it did so, it made a qualifying explanation.[9] ECF No. 69 at 29:39–52. Defendant claimed that at the time it responded to the discovery requests, it was counsel's understanding that the data was easily accessible.

---

[9] After reviewing Defendant's responses, the Court has a much different perspective. Defendant repeated the same three sentences in its discovery responses to describe its burden regarding 23 different requests:

1. "Marriott further objects to this request on the ground that the request is unduly burdensome," without further explanation, (RFP Nos. 67–73; Deposition Topic Nos. 8–14, 40);
2. "Marriott further objects to this request on the ground that the request is unduly burdensome because it requires Marriott to produce every document relating to the requested policies and procedures," (RFP Nos. 3–7, 9); and
3. "Marriott further objects to this topic on the ground that it is unduly burdensome because it requires Marriott to produce a witness to testify to the disclosure of any [] fees charged at any Marriott hotel" (Deposition Topic Nos. 20–22).

ECF No. 57-4. These objections are pro forma at best, and do not reflect any attempt to articulate Defendant's assertions of burden.

*Id*. at 30:08. Thus, no objection based on burden was made at the time. *Id*. Defendant argues that courts have excused untimely objections when the party made a good faith effort to only assert specific objections. *Id*. at 30:32.

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992). The good cause standard focuses on the diligence of the party seeking relief. *Id.* at 609. "Factors that establish good cause include (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver." *In re Outlaw Labs., LP Litigation*, No. 18cv840-GPC-BGS, 2020 U.S. Dist. LEXIS 60008, at *26–*27 (S.D. Cal. Apr. 6, 2020) (quoting *Sun v. Ikea US W., Inc.*, No. 15-CV-01146-MEJ, 2015 WL 6734480, at *2 (N.D. Cal. Nov. 4, 2015)). "Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances mitigate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Bess*, 2008 WL 5100203, at *4 (quoting *Ritacca v. Abbott Labs*., 203 F.R.D. 332, 335 (N.D. Ill. 2001)).

Here, the Court finds that Defendant has not demonstrated good cause to excuse the waiver of its burden objections as to revenue. The Court is not persuaded by Defendant's reasons for the delay in asserting its burden objections and does not find that Defendant attempted in good faith to comply with the Federal Rules. At the hearing, Defendant conceded that it waited until it filed its Opposition brief to share the information in the Aronson declaration with Plaintiff. ECF No. 69 at 34:31–35:16. Defendant's position would be substantially different if it had shared the information regarding the purported burden ***before*** a motion to compel had to be filed. For example, if Defendant had discussed with Plaintiff its interpretation of the requests and the resulting Aronson declaration, an informed meet and confer discussion could have occurred. It follows that the parties could have agreed to a sample or for Defendant to produce the revenue data it had already produced in the D.C. action, which was readily available and would have answered many

of Plaintiff's questions. This did not happen, however, because Defendant made no effort to meet and confer with Plaintiff regarding the information in the Aronson declaration. The Court does not find good cause to excuse Defendant's failure to raise its burden objections to the discovery requests regarding revenue in a timely manner. Thus, the objections are deemed waived.

Even if the Court were to rule on these objections, they would be overruled. As was made clear at the hearing, the "burden" described in the Aronson declaration is based on an unreasonable and incorrect interpretation of the discovery requests. The Aronson declaration presumes that Plaintiff is asking Defendant to make a complex calculation of amenity and resort fees by extrapolating them from Defendant's franchise and operation fees. A reasonable interpretation of the requests, however, demonstrates that they seek the amount of amenity and resort fees collected. These figures should be readily available from Defendant's accounting data. It is unfathomable that a sophisticated corporation such as Defendant would not separately account for fees in the categories requested by Plaintiff.

At the hearing, Defendant contended that it does not have this data for franchised hotels.[10] The Court is not persuaded that this is a legitimate or burdensome barrier to discovery. Defendant's profit from its franchise agreements is based on a percentage of revenue. It follows that Defendant's franchise agreements would give Defendant access to financial data to confirm a franchised hotel's revenues. Typical franchise agreements, for example, include an audit provision that gives the franchisor the right to access the franchisee's books and see all the information used to calculate the franchisor's portion of

/ /

/ /

---

[10] Plaintiff noted at the hearing that Defendant handles the website where consumers can book rooms in both Defendant's hotels and franchise hotels. ECF No. 69 at 1:08:10. Thus, access to the data from online bookings likely should be readily available without needing to request it from the franchisees.

that revenue.[11]

Defendant is required to produce information in its possession, custody, or control, which does not require **actual** possession, custody, or control. *See TetraVue, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 14cv2021-W-BLM, 2017 WL 1008788, at *2 (S.D. Cal. Mar. 15, 2017); *Soto v. City of Concord*, 162 F.R.D. 603, 619–20 (N.D. Cal. 1995). "Property is deemed within a party's possession, custody, or control if the party has . . . the legal right to obtain the property on demand." *Stone v. Vasquez*, No. 05cv1377-JAT, 2009 WL 2581338, at *1–*2 (E.D. Cal. Aug. 20, 2009) (quoting *Thomas v. Hickman*, No. 06cv215-AWI-SMS, 2007 WL 4302974, at *13–*14 (E.D. Cal. 2007)); *see United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents on demand").

Moreover, "the fact that Defendant may have to expend time and energy to retrieve the documents does not make the documents inaccessible or outside of Defendant's

---

[11] At the hearing, Defendant contended that the franchised hotels are completely separate entities from Marriott-managed hotels, and that Defendant does not have control over the franchise hotels and could not request the resort fee data from them. However, as explained at the hearing, the Court was able to find Marriott franchise agreements through a simple online search, which contain nearly identical audit provisions. *See, e.g.*, *Springhill Suites by Marriott Relicensing Franchise Agreement between Marriott International and Moody National*, SECURITIES AND EXCHANGE COMMISSION ARCHIVE, at 13.4(A), https://www.sec.gov/Archives/edgar/data/1615222/000138713116005696/ex10-11.htm (last visited Mar. 15, 2021) ("Franchisor and its authorized representatives may, at any time, but on reasonable notice to Franchisee, examine and copy all books, records, accounts and tax returns of Franchisee related to the operation of the Hotel during the five years preceding such examination"); *Courtyard by Marriott Relicensing Franchise Agreement between Marriott International and Apple Seven Services*, SECURITIES AND EXCHANGE COMMISSION ARCHIVE, at XIII(E), https://www.sec.gov/Archives/edgar/data/1329011/000119312506153824/dex1023.htm (last visited Mar. 15, 2021) ("Franchisor or its designated agent shall have the right at all reasonable times, and upon reasonable notice to Franchisee, to examine and copy, at its expense, all books, records, accounts and tax returns of Franchisee related to the operation of the Hotel during the preceding five (5) years").

control." *Nutrition Distrib. LLC v. PEP Research, LLC*, No. 16cv2328-WQH-BLM, 2018 WL 1245052, at *6 (S.D. Cal. Mar. 9, 2018). A party "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). This is precisely the issue here. Defendant has not established that it would be overly burdensome to request revenue data from franchised hotels. Therefore, even if the burden objections as to revenue data had not been waived, they would have been overruled. Defendant must obtain the requested revenue data from franchised hotels to the extent that it has a right to access financial data for those hotels through an audit or other contractual provision.

### h. Rule 30(b)(6) Depositions

Federal Rule of Civil Procedure 30(b)(6) allows a party to depose an entity by identifying a set of topics for the deposition. FED. R. CIV. P. 30(b)(6). The deponent-entity is responsible for selecting and presenting witnesses who are prepared to testify on those topics. *See Jones v. Hernandez*, No. 16cv1986-W-WVG, 2018 WL 539082, at *1 (S.D. Cal. Jan. 23, 2018) (citing *Updike v. Clackamas County*, No. 15cv723-SI, 2016 WL 111424, at *2 (D. Or. Jan. 11, 2016)). Because the entity must "present witnesses who are capable of providing testimony on the noticed topics, regardless of whether the information was in the specific witness's personal knowledge," the party requesting the deposition "must describe with reasonable particularity [or as another court explained, 'with painstaking specificity,'] the matters for examination." *Updike*, 2016 WL 111424, at *2–*3 (quoting *Sprint Commc'ns Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006)). On the other hand, "a party responding to discovery has 'an obligation to construe ... discovery requests in a reasonable manner.'" *Westmoreland v. Regents of the Univ. of Cal.*, No. 17cv1922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019) (internal quotations omitted).

"Federal district courts have been divided on whether a Rule 30(b)(6) deposition is an appropriate vehicle to obtain the factual basis for a party's legal claims or defenses, or

whether such information can be better and more fairly obtained through contention interrogatories." *Bank of Am., N.A. v. SFR Invs. Pool 1 LLC*, No. 15cv1042-APG-GWF, 2016 WL 2843802, at *3 (D. Nev. May 12, 2016); *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475-PJH-MEJ, 2012 WL 1413368, at *2 (N.D. Cal. Apr. 23, 2012) (collecting cases). Some courts contend that "[i]t is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories." *Security Ins. Co. of Hartford v. Trustmark Ins.*, 218 F.R.D. 29, 34 (D. Conn. 2003); *but see Bank of Am., N.A.*, 2016 WL 2843802, at *3 (noting that line of thinking "no longer has substantial weight given the emphasis placed on proportionality and the tailoring of discovery under amended Rule 26(b)"). Other courts have required a party to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal analysis on complex issues, such as in patent cases. Those courts consider, "based on the facts of each case, [whether] contention interrogatories are a more appropriate discovery tool." *TV Interactive Data Corp.*, 2012 WL 1413368, at *2; *Gen-Probe Inc. v. Becton, Dickinson & Co.*, No. 09cv2319-BEN-NLS, 2012 WL 12845593, at *1–*2 (S.D. Cal. Mar. 28, 2012). "Courts have also recognized that properly timed contention interrogatories 'may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions . . . '" *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. C98-3477-CRB-JCS, 1999 WL 33292943, at *7 (N.D. Cal. Sept. 17, 1999) (quoting *Cable & Computer Technology, Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997)).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . .(C) prescribing a discovery method other than the one selected by the party seeking discovery." FED. R. CIV. P. 26(c)(1). Thus, the Court will assess each Rule 30(b)(6) deposition topic and will decide whether those "inquiries can clearly be provided more efficiently and fairly through answers to interrogatories prepared by

[Defendant's] counsel." *See Bank of Am., N.A.*, 2016 WL 2843802, at *3. As discussed in greater detail below, the Court finds that the topics in Plaintiff's deposition notice should be revised in light of this Order.

## VI.   DISCUSSION

The Court will rule on Defendant's objections to Plaintiff's discovery requests in the order presented in the parties' Joint Exhibit of Discovery Requests at Issue. *See* ECF No. 57-4.

### a.  RFP No. 1

DOCUMENTS sufficient to IDENTIFY every hotel in the United States that YOU have owned or operated during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because it seeks information about hotels that did not charge a resort fee; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) the term "operated" is vague and ambiguous; and (5) the request is cumulative as to Interrogatory No. 1.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information sought is relevant, even as to hotels that do not charge a resort fee, because it will give Plaintiff a sense of how widespread the practice is across Defendant's hotels. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fourth, the term "operated" is not vague or ambiguous, and includes hotels that Defendant manages. Fifth, if the request is cumulative to Interrogatory No. 1, the proper response would have been to note in the interrogatory response that Defendant will produce documents in lieu of a response. *See* FED. R. CIV. P. 33(d).

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### b.  RFP No. 2

DOCUMENTS sufficient to IDENTIFY every hotel in California that YOU have owned or operated during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because it seeks information about hotels that did not charge a resort fee; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) the term "operated" is vague and ambiguous; and (5) the request is cumulative as to Interrogatory No. 2.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information sought is relevant, even as to hotels that do not charge a resort fee, because it will give Plaintiff a sense of how widespread the practice is across Defendant's hotels. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fourth, the term "operated" is not vague or ambiguous, and includes hotels that Defendant manages. Fifth, if the request is cumulative to Interrogatory No. 2, the proper response would have been to note in the interrogatory response that Defendant will produce documents in lieu of a response. *See* FED. R. CIV. P. 33(d).

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

/ /

/ /

/ /

### c.  RFP No. 3

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers resort fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) production would be unduly burdensome; and (4) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its policies and procedures relating to its charging of resort fees, amenity fees, destination fees, destination amenity fees, and/or any other non-governmental mandatory fees charged by a Marriott hotel [] that were effective at any time from September 9, 2015 to the present."

Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as to this discovery request. The Court finds that the scope of Defendant's production is sufficient, but the relevant discovery period begins on January 1, 2015. Defendant must produce all responsive documents within the relevant discovery period.

### d.  RFP No. 4

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers amenity fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) production would be unduly burdensome; and (4) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its policies and procedures relating to its charging of resort fees, amenity fees, destination fees, destination

amenity fees, and/or any other non-governmental mandatory fees charged by a Marriott hotel [] that were effective at any time from September 9, 2015 to the present."

Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as to this discovery request. The Court finds that the scope of Defendant's production is sufficient, but the relevant discovery period begins on January 1, 2015. Defendant must produce all responsive documents within the relevant discovery period.

### e. RFP No. 5

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers destination fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) production would be unduly burdensome; and (4) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its policies and procedures relating to its charging of resort fees, amenity fees, destination fees, destination amenity fees, and/or any other non-governmental mandatory fees charged by a Marriott hotel [] that were effective at any time from September 9, 2015 to the present."

Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as to this discovery request. The Court finds that the scope of Defendant's production is sufficient, but the relevant discovery period begins on January 1, 2015. Defendant must produce all responsive documents within the relevant discovery period.

### f. RFP No. 6

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers destination amenity fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff

seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) production would be unduly burdensome; and (4) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its policies and procedures relating to its charging of resort fees, amenity fees, destination fees, destination amenity fees, and/or any other non-governmental mandatory fees charged by a Marriott hotel [] that were effective at any time from September 9, 2015 to the present."

Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as to this discovery request. The Court finds that the scope of Defendant's production is sufficient, but the relevant discovery period begins on January 1, 2015. Defendant must produce all responsive documents within the relevant discovery period.

### g.  RFP No. 7

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers wi-fi fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because wi-fi fees are not relevant to any claim or defense; (2) Plaintiff seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) production would be unduly burdensome; and (5) Plaintiff seeks documents protected by attorney-client privilege.

First, the wi-fi fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, the policy and procedure documents are relevant, but not general documents that merely reference policies and procedures. Third, considering relevance and proportionality, the

relevant period for discovery will begin on January 1, 2015. Fourth, the Court finds that Defendant has failed to make a sufficient showing to support its objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce all of its policies and procedures relating to the charging of wi-fi fees by Marriott hotels that were effective at any time from January 1, 2015, to the present.

### h. RFP No. 8

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers parking fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for three main reasons: (1) Plaintiff seeks irrelevant information because parking fees are not relevant to any claim or defense; (2) Plaintiff seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; and (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012.

First, the parking fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, the policy and procedure documents are relevant, but not general documents that merely reference policies and procedures. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce all of its policies and procedures relating to the charging of parking fees by Marriott hotels that were effective at any time from January 1, 2015, to the present.

/ /

### i.   RFP No. 9

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies and procedures for charging consumers any other fees not already identified in the above requests for production of documents during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because any fees other than resort fees are not relevant to any claim or defense; (2) Plaintiff seeks irrelevant information because it seeks documents merely mentioning or referencing policies and procedures; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) production would be unduly burdensome; and (5) Plaintiff seeks documents protected by attorney-client privilege.

First, the other fees charged are relevant to the extent they are for services and amenities that are advertised to be part of the resort fee. Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, the policy and procedure documents are relevant, but not general documents that merely reference policies and procedures. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fourth, the Court finds that Defendant has failed to make a sufficient showing to support its objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce all of its policies and procedures relating to the charging of any fees for services or amenities that are advertised to be part of the resort fee (other than wi-fi or parking fees) charged by Marriott hotels that were effective at any time from January 1, 2015, to the present.

### j.  RFP No. 28

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from amenity fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### k.  RFP No. 29

> DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from destination fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive

business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### l.   RFP No. 30

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from destination amenity fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address.

Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### m. RFP No. 31

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from destination amenity fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter.[12]

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

---

[12] The Court agrees with Defendant that this request is identical to RFP No. 30.

1    First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3

2  ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery

3  relevant to both class certification and the merits of the case."). Second, the information is

4  relevant for the purposes of developing a damages model, distribution plan, and

5  determining the scope of the case for settlement discussions. Third, the Court agrees that

6  the information should be provided for fees paid by U.S. citizens, to the extent that can be

7  determined. If not, the information should include fees paid by persons with a U.S. address.

8  Fourth, considering relevance and proportionality, the relevant period for discovery will

9  begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since

10  Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive

11  business information, the Court notes that a protective order is currently in place (ECF No.

12  44) and, if needed, another one can be entered to address the confidential nature of the

13  information.

14    Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery

15  request. Defendant must produce the documents requested, from January 1, 2015, through

16  the present.

17        **n.  RFP No. 32**

18    DOCUMENTS sufficient to show all revenue YOU have received, shown in
    dollars, from wi-fi fees charged to consumers in the United States during the
19    CLASS PERIOD, broken down by each fiscal quarter.

20

21    As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff

22  seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks

23  irrelevant information because wi-fi fees are not relevant to any claim or defense; (3)

24  Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S.

25  citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks

26  irrelevant information because the statute of limitations starts the class period at

27  September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from wi-fi fees" is vague

28  and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous;

and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the wi-fi fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. The information is relevant for purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### o. RFP No. 33

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from parking fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because parking fees are not relevant to any claim or defense; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S.

citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from parking fees" is vague and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the parking fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. The information is relevant for purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

/ /

/ /

/ /

/ /

### p.  RFP No. 34

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all other fees not already identified in the above requests for production of documents charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because any fees other than resort fees are not relevant to any claim or defense; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the United States" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the other fees charged are relevant to the extent they are for services and amenities that are advertised to be part of the resort fee. Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. The information is relevant for purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the

fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, relating to the charging of any fees for services or amenities that are advertised to be part of the resort fee (other than wi-fi or parking fees) charged by Marriott hotels, from January 1, 2015, through the present.

### q.  RFP No. 35

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all resort fees charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the information should be provided for fees paid by persons with a California address. Fourth, considering

relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### r.  RFP No. 36

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all amenity fees charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the information should

3:19-cv-01715-JLS-AHG

be provided for fees paid by persons with a California address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### s.  RFP No. 37

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all destination fees charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and

determining the scope of the case for settlement discussions. Third, the information should be provided for fees paid by persons with a California address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### t.  RFP No. 38

> DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all destination amenity fees charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is

relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the information should be provided for fees paid by persons with a California address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### u.  RFP No. 39

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all wi-fi fees charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because wi-fi fees are not relevant to any claim or defense; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the wi-fi fees

charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. The information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the information should be provided for fees paid by persons with a California address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### v.  RFP No. 40

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all parking fees charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because parking fees are not relevant to any claim or defense; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

3:19-cv-01715-JLS-AHG

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the parking fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. The information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the information should be provided for fees paid by persons with a California address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, from January 1, 2015, through the present.

### w. RFP No. 41

DOCUMENTS sufficient to show all revenue YOU have received, shown in dollars, from all other fees not already identified in the above requests for production of documents charged to consumers in California during the CLASS PERIOD, broken down by each fiscal quarter.

As to this discovery request, Defendant objects for seven main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because any fees other than resort fees are not relevant to any claim or defense; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-California residents, since the California class definition includes only California residents; (4) Plaintiff seeks irrelevant information because the statute of limitations starts

the class period at September 9, 2015, not January 1, 2012; (5) the phrase "revenue…from resort fees" is vague and ambiguous; (6) the phrase "consumers in the California" is vague and ambiguous; and (7) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the other fees charged are relevant to the extent they are for services and amenities that are advertised to be part of the resort fee. Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. The information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the information should be provided for fees paid by persons with a California address. Fourth, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fifth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the documents requested, relating to the charging of any fees for services or amenities that are advertised to be part of the resort fee (other than wi-fi or parking fees) charged by Marriott hotels, from January 1, 2015, through the present.

/ /

/ /

/ /

/ /

/ /

### x.  RFP No. 48

All deposition transcripts, interrogatory responses, responses to requests for admission, responses to requests for production of documents, and all other written discovery materials that YOU have produced in connection with the case titled *District of Columbia v. Marriott International, Inc.*, No. 2019 CA 4497 B (D.C. Dec. 31, 2019)

As to this discovery request, Defendant objects for two main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; and (2) the instant case and the D.C. action are dissimilar and therefore the information sought is not relevant.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant because there is a substantial overlap between the factual allegations in this case and the D.C. action. Access to discovery already provided by Defendant should streamline discovery in this case.

Thus, Plaintiff's motion to compel is **GRANTED** as to this discovery request.

### y.  RFP No. 67

All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding resort fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (2) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of resort fees are relevant; (3) documents merely relating to customer complaints are not relevant to any claim or defense; (4)  production would be unduly burdensome; and (5) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its customer complaints relating to the disclosure of resort fees in its possession, custody, or control that it received from September 9, 2015 to the present."

First, considering relevance and proportionality, the relevant period for discovery

will begin on January 1, 2015. Second, any complaints regarding the fees are relevant, even if the complaint does not specifically reference disclosure of the fees. Third, Defendant acknowledges that the customer complaints themselves are relevant, even if all documents relating to them are not. Fourth, the Court finds that Defendant has failed to make a sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Fifth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding the resort fees beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

### z.  RFP No. 68

All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding amenity fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (2) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of resort fees are relevant; (3) documents merely relating to customer complaints are not relevant to any claim or defense; (4)  production would be unduly burdensome; and (5) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its customer complaints relating to the disclosure of resort fees in its possession, custody, or control that it received from September 9, 2015 to the present."

First, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Second, any complaints regarding the fees are relevant, even if the complaint does not specifically reference disclosure of the fees. Third, Defendant

acknowledges that the customer complaints themselves are relevant, even if all documents relating to them are not. Fourth, the Court finds that Defendant has failed to make a sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Fifth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding the resort fees beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

### aa. RFP No. 69

All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding destination fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (2) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of resort fees are relevant; (3) documents merely relating to customer complaints are not relevant to any claim or defense; (4) production would be unduly burdensome; and (5) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its customer complaints relating to the disclosure of resort fees in its possession, custody, or control that it received from September 9, 2015 to the present."

First, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Second, any complaints regarding the fees are relevant, even if the complaint does not specifically reference disclosure of the fees. Third, Defendant acknowledges that the customer complaints themselves are relevant, even if all documents relating to them are not. Fourth, the Court finds that Defendant has failed to make a

sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Fifth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding the resort fees beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

### bb.   RFP No. 70

All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding amenity fees during the CLASS PERIOD.[13]

As to this discovery request, Defendant objects for five main reasons: (1) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (2) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of resort fees are relevant; (3) documents merely relating to customer complaints are not relevant to any claim or defense; (4)  production would be unduly burdensome; and (5) Plaintiff seeks documents protected by attorney-client privilege. Subject to its objections, Defendant produced "all its customer complaints relating to the disclosure of resort fees in its possession, custody, or control that it received from September 9, 2015 to the present."

First, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Second, any complaints regarding the fees are relevant, even if the complaint does not specifically reference disclosure of the fees. Third, Defendant acknowledges that the customer complaints themselves are relevant, even if all documents

---

[13] This request is identical to RFP No. 68.

relating to them are not. Fourth, the Court finds that Defendant has failed to make a sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Fifth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding the resort fees beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

### cc. RFP No. 71

All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding wi-fi fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for six main reasons: (1) Plaintiff seeks irrelevant information because wi-fi fees are not relevant to any claim or defense; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of wi-fi fees are relevant; (4) documents merely relating to customer complaints are not relevant to any claim or defense; (5) production would be unduly burdensome; and (6) Plaintiff seeks documents protected by attorney-client privilege.

First, the wi-fi fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Third, any complaints regarding the fees are relevant, even if the complaint does not specifically reference disclosure of the fees. Fourth, Defendant acknowledges that the customer complaints themselves are relevant, even if all documents

relating to them are not. Fifth, the Court finds that Defendant has failed to make a sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Sixth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding wi-fi fees beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

### dd.    RFP No. 72

All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding parking fees during the CLASS PERIOD.

As to this discovery request, Defendant objects for six main reasons: (1) Plaintiff seeks irrelevant information because parking fees are not relevant to any claim or defense; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of parking fees are relevant; (4) documents merely relating to customer complaints are not relevant to any claim or defense; (5) production would be unduly burdensome; and (6) Plaintiff seeks documents protected by attorney-client privilege.

First, the parking fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Third, any complaints regarding the fees are relevant, even if the complaint does not specifically reference disclosure of the fees. Fourth, Defendant acknowledges that the customer complaints themselves are relevant, even if all documents

relating to them are not. Fifth, the Court finds that Defendant has failed to make a sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Sixth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding parking fees beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

**ee. RFP No. 73**

> All DOCUMENTS and COMMUNICATIONS RELATING TO customer complaints regarding any other fees not already identified in the above requests for production of documents during the CLASS PERIOD.

As to this discovery request, Defendant objects for six main reasons: (1) Plaintiff seeks irrelevant information because any fees other than resort fees are not relevant to any claim or defense; (2) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (3) Plaintiff seeks irrelevant information because only customer complaints relating to the disclosure of other fees are relevant; (4) documents merely relating to customer complaints are not relevant to any claim or defense; (5) production would be unduly burdensome; and (6) Plaintiff seeks documents protected by attorney-client privilege.

First, the other fees charged are relevant to the extent they are for services and amenities that are advertised to be part of the resort fee. Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Third, any complaints regarding the fees are relevant, even if the

complaint does not specifically reference disclosure of the fees. Fourth, Defendant acknowledges that the customer complaints themselves are relevant, even if all documents relating to them are not. Fifth, the Court finds that Defendant has failed to make a sufficient showing to support their objections based on burden. *See Nationstar Mortg., LLC*, 316 F.R.D. at 334; *Laryngeal Mask Co.*, 2009 WL 10672487, at *2; *A. Farber & Ptnrs.*, 234 F.R.D. at 188; *Jackson*, 173 F.R.D. at 528–29. Sixth, attorney-client privilege or work product would not apply to production of the actual customer complaints. Defendant should produce a privilege log for any withheld documents.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. The scope of production of Defendant's response should be expanded to include all complaints regarding any fees for services or amenities that are advertised to be part of the resort fee (other than wi-fi or parking fees) beginning on January 1, 2015, because the limitation to complaints about disclosure of the fees is too restrictive.

### ff. Interrogatory No. 1

IDENTIFY every hotel in the United States that YOU have owned or operated during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because it seeks information about hotels that did not charge a resort fee; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) the term "operated" is vague and ambiguous. Subject to its objections, Defendant responded that "Marriott operates but does not own the two hotels identified in paragraphs 53 and 54 of the First Amended Class Action Complaint."

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information sought is relevant, even as to hotels that do not charge a resort fee, because it will give

Plaintiff a sense of how widespread the practice is across Defendant's hotels. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fourth, the term "operated" is not vague or ambiguous, and includes hotels that Defendant manages. Further, the relevant scope for this response is not limited to the hotels identified in paragraphs 53 and 54 of the complaint.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant's current response is insufficient. Defendant must produce the information requested, from January 1, 2015, through the present. Defendant may respond by referring to documents produced in response to RFP No. 1. *See* FED. R. CIV. P. 33(d).

### gg. Interrogatory No. 2

IDENTIFY every hotel in California that YOU have owned or operated during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because it seeks information about hotels that did not charge a resort fee; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) the term "operated" is vague and ambiguous. Subject to its objections, Defendant responded that "Marriott operates but does not the hotel identified in paragraph 53 of the First Amended Class Action Complaint."

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information sought is relevant, even as to hotels that do not charge a resort fee, because it will give Plaintiff a sense of how widespread the practice is across Defendant's hotels. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fourth, the term "operated" is not vague or ambiguous, and includes

hotels that Defendant manages. Further, the relevant scope for this response is not limited to the hotels identified in paragraphs 53 of the complaint.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant's current response is insufficient. Defendant must produce the information requested, from January 1, 2015, through the present. Defendant may respond by referring to documents produced in response to RFP No. 1. *See* FED. R. CIV. P. 33(d).

### hh.   Interrogatory No. 3

IDENTIFY all ONLINE TRAVEL AGENCIES that have allowed consumers to book hotel rooms at hotels that are owned or operated by YOU during the CLASS PERIOD.

As to this discovery request, Defendant objects for four main reasons: (1) Plaintiff seeks irrelevant information because he does not allege that he made any reservations through an OTA; (2) Plaintiff seeks irrelevant information because a class has not yet been certified; (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (4) the term "operated" is vague and ambiguous.

First, the information is relevant. Defendant argues that it is not responsible for advertisements by these OTAs that contradict Defendant's own websites and marketing, so Plaintiffs are entitled to discover which OTAs Defendant is referring to and identify how they advertise. Also, there has been no ruling from the Court that the claims of the current named plaintiffs are not typical of the claims of class members who purchased through OTAs, and this information is relevant to the named plaintiffs' determination of typicality. Second, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Fourth, the term "operated" is not vague or ambiguous, and includes hotels that Defendant manages.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the information requested, from January 1, 2015, through the present.

### ii. Interrogatory No. 4

IDENTIFY all revenue YOU have received, shown in dollars, from the following fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter; a) Resort fees; b) Amenity fees; c) Destination fees; d) Destination amenity fees; e) Wi-fi fees; f) Parking fee; g) Any other fee not already identified above.

As to this discovery request, Defendant objects for eight main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) Plaintiff seeks irrelevant information because wi-fi fees, parking fees, and other fees are not relevant to any claim or defense; (6) the phrase "revenue…from resort fees" is vague and ambiguous; (7) the phrase "consumers in the United States" is vague and ambiguous; and (8) the request seeks confidential, sensitive business information. Defendant did not object to this request on the basis of burden, so that objection is waived.

First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3 ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case."). Second, the information is relevant for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions. Third, the Court agrees that the information should be provided for fees paid by U.S. citizens, to the extent that can be determined. If not, the information should include fees paid by persons with a U.S. address. Fourth, considering relevance and proportionality, the relevant period for discovery will

begin on January 1, 2015. Fifth, the wi-fi fees, parking fees, and other fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Sixth, the term "revenue" is not vague or ambiguous, since Defendant acknowledges it means the fees collected. Regarding any confidential, sensitive business information, the Court notes that a protective order is currently in place (ECF No. 44) and, if needed, another one can be entered to address the confidential nature of the information.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant must produce the information requested, from January 1, 2015, through the present.

### jj. Interrogatory No. 5

IDENTIFY all revenue YOU have received, shown in dollars, from the following fees charged to consumers in the United States during the CLASS PERIOD, broken down by each fiscal quarter; a) Resort fees; b) Amenity fees; c) Destination fees; d) Destination amenity fees; e) Wi-fi fees; f) Parking fee; g) Any other fee not already identified above.[14]

As to this discovery request, Defendant objects for eight main reasons: (1) Plaintiff seeks irrelevant information because a class has not yet been certified; (2) Plaintiff seeks irrelevant information because the request is not limited to consumers who used websites with the deceptive statements at issue; (3) Plaintiff seeks irrelevant information to the extent it seeks information about non-U.S. citizens, since the nationwide class definition includes only citizens; (4) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012; (5) Plaintiff seeks irrelevant information because wi-fi fees, parking fees, and other fees are not relevant to any claim or defense; (6) the phrase "revenue…from resort fees" is vague and

---

[14] This request is identical to Interrogatory No. 4.

1    ambiguous; (7) the phrase "consumers in the United States" is vague and ambiguous; and

2    (8) the request seeks confidential, sensitive business information. Defendant did not object

3    to this request on the basis of burden, so that objection is waived.

4            First, the information sought is not premature. *Hawkins*, 2019 WL 4416132, at *3

5    ("The Court did not bifurcate discovery [] so the parties are permitted to conduct discovery

6    relevant to both class certification and the merits of the case."). Second, the information is

7    relevant for the purposes of developing a damages model, distribution plan, and

8    determining the scope of the case for settlement discussions. Third, the Court agrees that

9    the information should be provided for fees paid by U.S. citizens, to the extent that can be

10   determined. If not, the information should include fees paid by persons with a U.S. address.

11   Fourth, considering relevance and proportionality, the relevant period for discovery will

12   begin on January 1, 2015. Fifth, the wi-fi fees, parking fees, and other fees charged are

13   relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain

14   circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No.

15   54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Sixth, the term "revenue" is not vague or

16   ambiguous, since Defendant acknowledges it means the fees collected. Regarding any

17   confidential, sensitive business information, the Court notes that a protective order is

18   currently in place (ECF No. 44) and, if needed, another one can be entered to address the

19   confidential nature of the information.

20           Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery

21   request. Defendant must produce the information requested, from January 1, 2015, through

22   the present.

23   / /

24   / /

25   / /

26   / /

27   / /

28   / /

### kk.  Interrogatory No. 6

IDENTIFY all PERSONS by name, title, and last known address, who have been involved with conceiving, creating, or executing YOUR policies and procedures for charging the following fees during the CLASS PERIOD, whether employed by YOU or employed elsewhere (for example, at an advertising/marketing agency or media outlet): a) Resort fees; b) Amenity fees; c) Destination fees; d) Destination amenity fees; e) Wi-fi fees; f) Parking fee; g) Any other fee not already identified above.

As to this discovery request, Defendant objects for three main reasons: (1) Plaintiff seeks irrelevant information because wi-fi fees, parking fees, and other fees are not relevant to any claim or defense; (2) the past and present addresses of persons identified are not relevant to any claim or defense; and (3) Plaintiff seeks irrelevant information because the statute of limitations starts the class period at September 9, 2015, not January 1, 2012. Subject to its objections, Defendant provided the names and titles of "Marriott executives who oversaw/oversee the approval of the resort fee at the two hotels identified in paragraphs 53 and 54 of the First Amended Class Action Complaint and Marriott's policies and procedures related to the resort fee."

First, the wi-fi fees, parking fees, and other fees charged are relevant because Plaintiff repeatedly alleges that they overlap with the resort fee in certain circumstances and are therefore a misleading double-charge to the consumer. *See* ECF No. 54 at ¶¶ 9, 12, 30, 32–33, 46, 53–54, 89. Second, the interrogatory does not necessarily require home addresses for witnesses because most of the witnesses will be represented by Defendant. If the witness is not represented by Defendant, Plaintiff will need an address to contact the witness or serve a subpoena. Third, considering relevance and proportionality, the relevant period for discovery will begin on January 1, 2015. Further, the relevant scope for this response is not limited to the hotels identified in paragraphs 53 and 54 of the complaint.

Thus, Plaintiff's motion to compel is **GRANTED IN PART** as to this discovery request. Defendant should supplement its response consistent with the Court's ruling on its objections.

## ll.  Deposition Topic Nos. 8–14, 20–22, 30–36, 40

Deposition Topic No. 8:
YOUR policies and procedures for charging consumers resort fees during the
CLASS PERIOD.

Deposition Topic No. 9:
YOUR policies and procedures for charging consumers amenity fees during
the CLASS PERIOD.

Deposition Topic No. 10:
YOUR policies and procedures for charging consumers destination fees
during the CLASS PERIOD.

Deposition Topic No. 11:
YOUR policies and procedures for charging consumers destination amenity
fees during the CLASS PERIOD.

Deposition Topic No. 12:
YOUR policies and procedures for charging consumers wi-fi fees during the
CLASS PERIOD.

Deposition Topic No. 13:
YOUR policies and procedures for charging consumers parking fees during
the CLASS PERIOD.

Deposition Topic No. 14:
YOUR policies and procedures for charging consumers any other fees not
already identified in the above topics during the CLASS PERIOD.

Deposition Topic No. 20:
YOUR disclosure of wi-fi fees on every website that is owned or operated by
YOU during the CLASS PERIOD.

Deposition Topic No. 21:
YOUR disclosure of parking fees on every website that is owned or operated
by YOU during the CLASS PERIOD.

Deposition Topic No. 22:
YOUR disclosure of any other fees not already identified in above topics on
every website that is owned or operated by YOU during the CLASS PERIOD.

Deposition Topic No. 30:
Revenue from resort fees that YOU have received from consumers in the United States and California during the CLASS PERIOD.

Deposition Topic No. 31:
Revenue from amenity fees that YOU have received from consumers in the United States and California during the CLASS PERIOD

Deposition Topic No. 32:
Revenue from destination fees that YOU have received from consumers in the United States and California during the CLASS PERIOD.

Deposition Topic No. 33:
Revenue from destination amenity fees that YOU have received from consumers in the United States and California during the CLASS PERIOD.

Deposition Topic No. 34:
Revenue from wi-fi fees that YOU have received from consumers in the United States and California during the CLASS PERIOD.

Deposition Topic No. 35:
Revenue from parking fees that YOU have received from consumers in the United States and California during the CLASS PERIOD.

Deposition Topic No. 36:
Revenue from all other fees not listed in the above topics that YOU have received from consumers in the United States and California during the CLASS PERIOD.

Deposition Topic No. 40:
Consumer complaints that YOU have received regarding resort fees, amenity fees, destination fees, destination amenity fees, and other fees during the CLASS PERIOD.

Regarding these deposition topics, the Court **DENIES** the motion to compel without prejudice. Since the parties have the Court's direction on the other issues addressed at the

/ /

/ /

/ /

hearing and in this order,[15] the parties should be able to have a more fruitful discussion during their meet and confer. If, after making a concerted and good faith effort to meet and confer, the parties have further disputes regarding these deposition topics, they must jointly notify the Court (via email at efile_goddard@casd.uscourts.gov) by **June 1, 2021.**

## VII.   SANCTIONS

Federal Rule of Civil Procedure 37 provides that "[i]f the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). An award of reasonable expenses should not be imposed if the moving party failed to attempt in good faith to resolve the dispute without court action, the opposing party's response was substantially justified, or other circumstances exist that make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A).

Plaintiff seeks $15,125 in attorney fees as a sanction for Defendant's failure to produce discovery, comprising Michael T. Houchin's time preparing Plaintiff's motion to compel (17.5 hours at his billing rate of $550 per hour) and the reply brief (estimated 10 hours at $550 per hour). ECF No. 57-1 at 22–23. Plaintiff relies on one case in San Diego Superior Court and two cases in the Southern District, where courts approved his $550

---

[15] For example, the Court notes that the topics are broad and should be narrowed so that Defendant can have a chance to reasonably prepare the witness. Some topics, such as amounts of revenue, may be more efficiently conducted through traditional interrogatories or contention interrogatories. As discussed at the hearing, the relevant period for discovery will start on January 1, 2015, and Defendant's objections that the Court has not certified a class are overruled. The Court notes that wi-fi fees and parking fees charged are relevant because Plaintiffs allege that they are overlapping with the resort fee in certain circumstances, and therefore a double-charge to the consumer. Other fees charged are relevant to the extent that they are for services or amenities that are advertised to be part of the resort fee.

hourly rate. ECF No. 57-2 at 4–5 (citing *McSwain v. Axos Bank*, No. 37-2019-00015784-CUBC-CTL (Super. Ct. Nov. 25, 2020), *Romero v. Securus Technologies, Inc.*, No. 3:16-cv-01283-JM-MDD (S.D. Cal. Nov. 19, 2020), and *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-cv-02335-GPC-MDD (S.D. Cal. Aug. 3, 2020)). Plaintiff also notes that the amount requested does not include time spent preparing for or attending the motion hearing, or time spent on this matter by any other attorney or paralegal at his firm. ECF No. 57-2 at 5.

Plaintiff argues that he is entitled to attorney fees because Defendant objected that requests were premature since the class was not yet certified, even though the Court clearly, and repeatedly, stated that premature objections would not be sustained. *See* ECF No. 38 (case management conference); ECF No. 40 (scheduling order, stating "[f]act and class discovery are not bifurcated"); ECF No. 57-14 at 2 (court staff's email to the parties of rough transcript of case management conference, recounting the Court saying: "Class discovery will not be bifurcated, so there's no bifurcation of pre-certification and post-certification discovery. … The reason that class discovery is not bifurcated is because I don't want to have issues over whether or not this is premature …").

Defendant contends that Plaintiff is not entitled to fees for bringing this motion because Defendant's refusal to provide the requested discovery was substantially justified. ECF No. 65 at 27. At the hearing, Defendant noted that even though the Court stated at the discovery conference it was likely to find in Defendant's favor with regard to Plaintiff's statute of limitations argument, Plaintiff persisted in seeking discovery from January 1, 2012 in their motion. Thus, Defendant thought it appropriate to assert its position with regard to discovery being premature pre-certification, even though the Court had previously indicated that it would rule otherwise.

The Court rejects Defendant's argument and finds that Plaintiff is entitled to reasonable expenses for the cost of bringing the motion to compel. Defendant's conduct here warrants sanctions. Defendant did not comply with essential discovery obligations in good faith. Defendant's comparison of its conduct with Plaintiff's with respect to the

statute of limitations issue is a false equivalence. Defendant did not just insist on raising premature objections that the Court clearly advised would not be meritorious. Defendant construed Plaintiff's requests for revenue information in an unreasonable manner to try to make it seem like obtaining the information – which appears to be readily available in regularly collected accounting data – would require herculean efforts. Defendant waited until its opposition to file a lengthy declaration that included information that should have been shared well before the parties approached the Court regarding these discovery disputes, much less before any motion had to be filed. Defendant also refused to produce discovery from lawsuit pending in the District of Columbia with nearly identical factual allegations based on the unsupportable position that it was not similar to this case.

The Ninth Circuit utilizes the lodestar method for assessing reasonable attorney fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the lodestar method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. The fee applicant bears the initial burden of substantiating the number of hours worked and the rate claimed. *Id*. at 1206; *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). To meet the burden, the fee applicant must produce evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" and services by paralegals "based on the prevailing market rate in the relevant community." *See Gonzalez*, 729 F.3d at 1206–07; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (reasonable hourly rates are determined by the "prevailing market rates in the relevant community."). When determining a reasonable hourly rate, "the relevant community is the forum in which the district court sits." *Gonzalez*, 729 F.3d at 1205 (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

Although Plaintiff's request for fees is not supported by the level of detail the Court would prefer, Defendant does not contest the reasonableness of Plaintiff's billing rate or hours spent. On its face, the Court finds that the request for 17.5 hours to meet and confer on these issues and draft the motion to compel at an hourly rate of $550.00 is reasonable

given the number of requests at issue. Plaintiff estimated that counsel would spend an additional ten hours to draft the reply brief. The Court finds that an additional five hours is warranted for work on the reply brief and to prepare for and attend the hearing on the motion.

The Court finds that the requested fees, billing rates, and time spent preparing the motion are reasonable, especially since Plaintiff voluntarily reduced his fee request by not including work done in preparation for the hearing or by other attorneys or paralegals. Given the Court's rulings above, it will apportion the reasonable expenses for the motion. *See* FED. R. CIV. P. 37(a)(5)(C). The Court **GRANTS IN PART** Plaintiffs' request for monetary sanctions. Defendant is ordered to pay Plaintiff the amount of **$12,375.00** on or before **June 8, 2021**. Defense counsel is ordered to file a declaration verifying said payment no later **June 15, 2021**. Failure to comply with this order may result in the imposition of additional sanctions.

## VIII. MOTION TO FILE DOCUMENTS UNDER SEAL

On February 12, 2021, Defendant filed a motion for an order to file portions of certain documents related to its Response in Opposition to Plaintiff's Motion to Compel under seal. ECF No. 61. Plaintiff does not oppose the motion. *Id*. at 2. Specifically, Defendant seeks to file under seal portions of the following documents: (1) Two sentences in Defendant's Response in Opposition to Plaintiffs' Motion to Compel (ECF No. 65 at 16:11–15), explaining the franchise fee components; and (2) Nine paragraphs of the Declaration of Jennifer Aronson (ECF No. 65-6 at ¶¶ 5–7, 9, 15, 19, 21–22), explaining the franchise fee agreements, components, and structure. ECF No. 61 at 2.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting

*Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178; *see also Mezzadri v. Medical Depot, Inc.*, No. 14cv2330-AJB-DHB, 2015 WL 12564223, at *3 (S.D. Cal. Dec. 18, 2015).

A party requesting that the court seal materials attached to a non-dispositive motion must make a particularized showing of good cause. *Kamakana*, 447 F.3d at 1180. Here, Defendant articulated specific reasons why these documents should be sealed. *See id.* at 1178. Defendant contends that these documents reference "terms of Marriott's highly confidential management agreements and franchise agreements." ECF No. 61 at 3. Defendant "seeks to seal only the very limited portions of the Opposition and Declaration that describe the terms of Marriott's management agreements and franchise agreements with hotel owners because all those agreements, which are highly negotiated, contain confidentiality clauses." *Id*. The Court agrees that public disclosure of this information could be detrimental to Defendant and its franchisees. Good cause appearing, the Court **GRANTS** Defendant's motion, insofar as it seeks to seal: (1) portions of its Response in Opposition to Plaintiff's Motion to Compel, and (2) portions of the Declaration of Jennifer Aronson.

Defendant has already publicly filed on the docket the necessary redacted version of the papers (ECF Nos. 65, 65-6), and electronically lodged the unredacted version of the papers under seal (ECF No. 62). Thus, the Clerk's Office is directed to file the lodged documents at ECF No. 62 under seal.

## IX.   SCHEDULING ORDER

When it set the briefing schedule for the instant motion, the Court vacated certain deadlines set forth in its November 6, 2020 Scheduling Order (ECF No. 40 at ¶¶ 2–3). *See* ECF No. 51 (vacating "the February 16, 2021 class discovery cutoff and the March 17, 2021 deadline to file a motion for class certification" to be reset after the motion

hearing). In light of the procedural history of this case (*see* ECF No. 78) and the deadlines ordered herein, the Court issues the following amended scheduling order:

1.    Consistent with the Court's Order Granting Motion to Consolidate Cases (ECF No. 78 at 4), Plaintiffs shall file a Consolidated Amended Complaint no later than **May 27, 2021**.

2.    Fact and class discovery are not bifurcated, but class discovery must be completed by **August 16, 2021**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website.

/ /

3.      Plaintiff(s) must file a motion for class certification by **September 16, 2021**.[16]

4.      Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference.

5.      The dates set forth herein will not be modified except for good cause shown.

## X.      CONCLUSION

For the reasons set forth above, the Court orders as follows:

1.      Plaintiff's motion to compel Defendant's discovery responses (ECF No. 57) is **GRANTED IN PART** and **DENIED IN PART**. Defendant shall serve supplemental discovery responses consistent with this Order no later than **June 8, 2021**.

2.      The Court **GRANTS IN PART** Plaintiff's request for monetary sanctions. Defendant is ordered to pay Plaintiff the amount of **$12,375.00** on or before **June 8, 2021**. Defense counsel is ordered to file a declaration verifying said payment no later **June 15, 2021**.

3.      The Court **GRANTS** Defendant's Motion to File Documents Under Seal (ECF No. 61). The Clerk's Office shall file the lodged documents at ECF No. 62 under seal.

**IT IS SO ORDERED**.

Dated:  May 12, 2021

Honorable Allison H. Goddard
United States Magistrate Judge

---

[16] Should Plaintiffs not file a class certification motion, they must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **September 21, 2021**.