UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 3:19-cv-01715-JLS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE TO RAISE DISCOVERY DISPUTES WITH THE COURT**<br><br>**[ECF Nos. 84]** |

Before the Court is the parties' joint motion to extend deadline to raise discovery disputes with the Court. ECF No. 84. Under the Court's 45-Day Rule (*see* Chmb.R. at 2–3), the parties would have been required to bring any discovery dispute regarding Defendant's responses[1] to the Court's attention by June 3, 2021. The parties seek an order from the Court extending the deadline by approximately three weeks. ECF No. 84 at 2.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2

---

[1] Defendant's responses at issue here regard Plaintiff Kevin Branca's First Set of Requests for Production of Documents and First Set of Interrogatories, which Defendant responded to on April 19, 2021. ECF No. 84 at 2.

1

(stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court the that they have engaged in ongoing meet and confer efforts regarding Defendant's responses to Plaintiff Kevin Branca's discovery requests. ECF No. 84 at 2. The parties represent that Defendant has agreed to supplement several of its responses. *Id.* Additionally, the parties are discussing search terms that will enable Defendant to locate and produce documents that are responsive to Plaintiff Branca's discovery requests. *Id.* Hence, the parties seek an order from the Court extending the deadline raise their dispute, to facilitate a cooperative resolution.

The Court appreciates that the parties have been working together to resolve their dispute without Court intervention. Despite the joint motion's untimeliness and other shortcomings,[2] the Court finds that the parties have demonstrated the diligence necessary

---

[2] First, by filing their joint motion on the day of the original deadline, the parties failed to abide by the Court's Chambers Rules. *Compare* ECF No. 84 (filed on June 3, 2021, requesting an extension of a June 3 deadline) *with* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added). Second, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met").

to meet the good cause standard. Therefore, the Court **GRANTS** the motion. The parties must bring any discovery dispute regarding the Defendant's responses at issue[3] to the Court's attention by **June 24, 2021**.

**IT IS SO ORDERED.**

Dated: June 3, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] *See* ECF No. 84 at 2.