UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 3:19-cv-01715-JLS-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO PRODUCE CERTAIN DOCUMENTS PURSUANT TO THE COURT'S MAY 12, 2021 ORDER**<br><br>**[ECF No. 88]** |

Before the Court is the parties' joint motion to extend the deadline for Defendant to produce certain documents pursuant to the Court's May 12, 2021 Order Granting in Part Plaintiff's Motion to Compel (ECF No. 80). ECF No. 88. Pursuant to that Order, the Defendant was required to supplement its discovery responses by June 8, 2021. ECF No. 80 at 71. The parties seek an order from the Court extending that deadline to June 22 for some documents, and to July 6 for other documents. ECF No. 88 at 4.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court Defendant has been working diligently to abide by the Court's Order (ECF No. 80), which required Defendant to supplement its discovery responses by June 8, 2021. ECF No. 88 at 2. The parties represent that, by the deadline, Defendant produced all documents and information responsive to four of the five categories of documents to be produced. *Id*. With respect to the fifth category, Defendant produced certain documents by the deadline but needs more time to finalize that production. *Id*. at 3. Hence, the parties seek an order from the Court extending the deadlines "for Marriott to complete its production pursuant to the Order, with regard to resort fee revenue data in Marriott's possession, from June 8, 2021 to June 22, 2021," and "for Marriott to complete its production pursuant to the Order, with regard to resort fee and other fee revenue data that Marriott must obtain from managed or franchised hotels, from June 8, 2021 to July 6, 2021." *Id*. at 4.

//
//
//
//
//

The Court appreciates that the parties have been working together. Despite the joint motion's untimeliness and other shortcomings,[1] the Court finds that the parties have demonstrated the diligence necessary to meet the good cause standard. Therefore, the Court **GRANTS** the motion. Defendant shall complete its production pursuant to the Court's May 12 Order (ECF No. 80), with regard to resort fee revenue data in Marriott's possession, **by June 22, 2021**. Defendant shall complete its production pursuant to the Court's May 12 Order (ECF No. 80), with regard to resort fee and other fee revenue data that Marriott must obtain from managed or franchised hotels, **by July 6, 2021**.

**IT IS SO ORDERED.**

Dated: June 10, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] First, by filing their joint motion on the day of the original deadline, the parties failed to abide by the Court's Chambers Rules. *Compare* ECF No. 88 (filed on June 8, 2021, requesting an extension of a June 8 deadline) *with* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added). Second, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). One week ago, the Court admonished the parties for the exact same filing deficiencies. *See* ECF No. 85 at 2 n.2. **The Court expresses deep concern for counsel's blatant disregard for its Chambers Rules.**