UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 3:19-cv-01715-JLS-AHG<br><br>**ORDER GRANTING SECOND JOINT MOTION FOR EXTENSION OF TIME TO PRODUCE CERTAIN DOCUMENTS PURSUANT TO THE COURT'S MAY 12, 2021 ORDER**<br><br>**[ECF No. 96]** |

Before the Court is the parties' joint motion to extend the deadline for Defendant to produce certain documents pursuant to the Court's May 12, 2021 Order Granting in Part Plaintiff's Motion to Compel (ECF No. 80). ECF No. 96. Pursuant to that Order, the Defendant was required to supplement its discovery responses by June 8, 2021. ECF No. 80 at 71. On June 10, the Court granted the parties' first request to extend the deadline, to June 22 for resort fee data in Marriott's possession and to July 6 for resort fee and other fee revenue data obtained from managed or franchised hotels. ECF No. 90. The parties now

seek an order from the Court extending the July 6 deadline to July 23. ECF No. 96 at 4.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that Defendant has been working diligently to abide by the Court's Orders (ECF Nos. 80, 90), which required Defendant to supplement certain discovery responses by July 6. ECF No. 96-1 at ¶¶ 4, 5, 7; *see* ECF No. 96 at 2–3. The parties represent that, by the June 22 deadline, Defendant produced all documents and information regarding the amount of resort fee revenue received by Marriott managed hotels. ECF No. 96 at 2; *see* ECF No. 96-1 a ¶ 7. With respect to the data regarding 200 franchised hotels, Defendant needs more time to finalize that production, and Defendant has asked its franchised hotels to produce their documents by July 16. ECF No. 96 at 2–3; ECF No. 96-1 at ¶ 8. Hence, the parties seek an order from the Court extending the deadline "for Marriott to produce the revenue documents in the possession of the approximate 200 franchised and managed hotels" from July 6, 2021 to July 23, 2021. *Id*. at 5.

The Court appreciates that the parties have been working together and that they have made an effort to comply with its Chambers Rules. The Court finds that the parties have demonstrated the diligence necessary to meet the good cause standard. Therefore, the Court **GRANTS** the motion. Defendant shall complete its production pursuant to the Court's

May 12 Order (ECF No. 80), with regard to resort fee and other fee revenue data that Marriott must obtain from managed or franchised hotels, **by July 23, 2021**.

**IT IS SO ORDERED.**

Dated: July 7, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge