UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 3:19-cv-01715-JLS-AHG<br><br>**ORDER GRANTING THIRD JOINT MOTION FOR EXTENSION OF TIME TO PRODUCE CERTAIN DOCUMENTS PURSUANT TO THE COURT'S MAY 12, 2021 ORDER**<br><br>**[ECF No. 102]** |

Before the Court is the parties' third joint motion to extend the deadline for Defendant to produce certain documents pursuant to the Court's May 12, 2021 Order Granting in Part Plaintiff's Motion to Compel (ECF No. 80). ECF No. 88. Pursuant to that Order, Defendant was required to supplement its discovery responses by June 8, 2021. ECF No. 80 at 71. Since then, the Court has granted two joint motions to extend the deadline for Defendant to complete its production, and the current deadline is July 23, 2021. *See* ECF Nos. 90, 98. Now, the parties ask for another two-week extension, until August 6, 2021, for Defendant to produce any revenue documents in the possession of its franchised and managed hotels that Defendant has not received by the existing production deadline. *See* ECF No. 102.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2

(stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

In the joint motion, filed one week prior to the production deadline on July 16, 2021, the parties explain that Defendant had asked all of the approximately 200 hotels managed and franchised by Defendant to produce responsive documents by July 16, 2021, so that Defendant would have time to process the documents by the July 23 production deadline. ECF No. 102 at 4. Although Defendant remains hopeful that it will be able to meet the existing July 23 production deadline, the parties (recognizing that July 16 also marked the Court's one-week deadline to seek an extension) ask the Court to extend the deadline to August 6, 2021 "out of an abundance of caution[.]" *Id.*

Good cause appearing, the Court **GRANTS** the motion. Defendant shall complete its production pursuant to the Court's May 12 Order (ECF No. 80), with regard to resort fee and other fee revenue data that Marriott must obtain from managed or franchised hotels, **by August 6, 2021**.

**IT IS SO ORDERED.**

Dated: July 20, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge