UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 3:19-cv-01715-JLS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO AMEND THE SCHEDULING ORDER, and**<br><br>**(2) ISSUING FOURTH AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 114]** |

Before the Court is the parties' joint motion amend the scheduling order. ECF No. 114. The parties seek an order from the Court extending case management deadlines by approximately 30 days. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); ECF No. 110 at 3 ("[t]he dates set forth herein will not be modified except for good cause shown"); *see also*

1

Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that the parties have been working diligently to abide by the Court's amended scheduling order (ECF No. 110), which set the class discovery cutoff for November 1 and the class certification motion filing deadline for December 16. ECF No. 114 at 3. Due to various scheduling conflicts, the parties need more time to complete the depositions of Costco, former-Plaintiff Julie Drassinower, former-Plaintiff Jesse Heineken, Plaintiff George Abelsayed, Defendant's Rule 30(b)(6) witness, former-employee Jeffrey Wolff, and current-employee Alexander Pyhan. *Id*. at 3; ECF No. 114-1 at 2–3. Hence, the parties seek an order from the Court extending all case management deadlines by approximately 30 days.

The Court appreciates that the parties have been working together and finds that the parties have demonstrated the diligence necessary to meet the good cause standard. Therefore, the Court **GRANTS** the motion and issues the following amended scheduling order:

1. Fact and class discovery are not bifurcated, but class discovery must be completed by **December 1, 2021**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under

Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website.

2. Plaintiff(s) must file a motion for class certification by **January 18, 2022**.[1]

3. Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference.

//

//

---

[1] Should Plaintiffs not file a class certification motion, they must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **January 21, 2022**.

    4.      The dates set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  October 19, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge