UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, KEVIN BRANCA, and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 19cv1715-JO-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

Kevin Branca, one of three named Plaintiffs in this class action lawsuit, moved for voluntary dismissal of his claims under Federal Rule of Civil Procedure 41(a)(2). Dkt. 124. Defendant Marriott International, Inc. ("Defendant") does not oppose dismissal, but requests that the Court (1) preserve Defendant's claims for fees and costs, and (2) award Defendant costs in the amount of $2,844.35 under Federal Rule of Civil Procedure 54(d). Dkt. 127 at 2. For the reasons stated below, the Court GRANTS Plaintiff's motion [Dkt. 124] and denies Defendant's request for costs as procedurally improper.

## I. DISCUSSION

### A. Voluntary Dismissal

Plaintiff Branca seeks dismissal of his claims with prejudice. Dismissal by court order under Rule 41(a)(2) is within "the sound discretion of the District Court." *Hamilton*

1

*v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). A voluntary dismissal under Rule 41(a)(2) should be granted, "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Here, Defendant does not oppose Plaintiff's request for voluntary dismissal with prejudice under Rule 41(a)(2), nor does Defendant contend that it will suffer legal prejudice. Dkt. 127. Defendant merely notes that it may request sanctions, fees, and costs in the future. Accordingly, Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) is granted, without prejudice to Defendant's right to make such requests in a time and manner as required under applicable law and local rules.

**B. Request for Prevailing Party Costs**

Next, the Court declines to consider Defendant's request for costs under Rule 54(d). Defendant's request for affirmative relief is not properly presented because it is raised for the first time on Opposition, and Defendant has not complied with Southern District of California Civil Local Rule 54.1. *Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, at *12 (C.D. Cal. Feb. 28, 2020) (collecting cases); CivLR 54.1 (prevailing party must file bill of costs within fourteen days after entry of judgment, which "must itemize the costs claimed and must be supported by a memorandum of costs, an affidavit of counsel . . . and copies of the invoices"). Should Defendant wish to seek costs under Rule 54(d), it should file a proper motion in accordance with the applicable rules.

**C. Denial of Request to File Additional Briefing**

In its exercise of discretion, the Court denies Defendant's request to file a sur-reply in opposition to Plaintiff Kevin Branca's motion for voluntary dismissal. Permitting the filing of a sur-reply is within the discretion of the district court. *Nat'l Cas. Co. v. Nat'l Strength & Conditioning Ass'n*, 2020 WL 2991508, at *1 (S.D. Cal. June 4, 2020). "A district court may allow a surreply to be filed, but only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Daniels v. ComUnity Lending, Inc.*, 2015 WL 2338713, at *4 (S.D. Cal. May 12,

2015), *aff'd*, 621 F. App'x 427 (9th Cir. 2015) (citation omitted). Here, while Defendant identifies a new argument in Plaintiff's reply disputing Defendant's ability to seek sanctions in the future, the Court has not considered these arguments in resolving Plaintiff's motion for voluntary dismissal. Thus, the Court finds the proposed sur-reply, Plaintiff's opposition to the sur-reply, and Defendant's reply to the sur-reply unnecessary.

## II. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for voluntary dismissal [Dkt. 124] and DENIES Defendant's request to file a sur-reply [Dkt. 131].

**IT IS SO ORDERED.**

Dated: 4/8/22

Hon. Jinsook Ohta
United States District Court

3