**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

**BURSOR & FISHER, P.A.**
L Timothy Fisher (SBN 191626)
Sean L. Litteral (SBN 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
          slitteral@bursor.com

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, KEVIN BRANCA, and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br><br>            *Plaintiffs*,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation;<br><br>            *Defendant*. | Case No. 3:19-cv-01715-JO-AHG<br><br>**PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Hon. Jinsook Ohta |

## I. INTRODUCTION

Plaintiffs Todd Hall and George Abdelsayed ("Plaintiffs") hereby move this Court, pursuant to Local Civil Rule 79.2 and the Stipulated Protective Order in this matter (Dkt. No. 44), to allow Plaintiffs' counsel to file certain documents under seal in support of their forthcoming Motion for Partial Summary Judgment and Motion for Class Certification.

For the reasons set forth below, the Court should grant Plaintiffs' Motion to File Documents Under Seal. Alternatively, the Court should order Defendant Marriott International, Inc. ("Marriott") to show cause as to why the documents should be kept under seal.

## II. LEGAL STANDARD

It is well established that there is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). A party seeking to file documents under seal "bears the burden of overcoming [the] strong presumption" in favor of public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (quotations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Id.* at 1096. "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Courts apply the "compelling reasons" standard when determining whether documents in support of a dispositive motion should be filed under seal. *See Kamakana*, 477 F.3d at 1178. Because a Motion for Summary Judgment is dispositive, courts apply the "compelling reasons" standard. *Ctr. for Auto Safety v.*

*Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). "What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Id.* at 1097. Relevant factors to consider in determining whether compelling reasons exist "include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use ...'" *Algarin v. Maybelline, LLC,* 12CV3000 AJB DHB, 2014 WL 690410, *2 (S.D. Cal. Feb. 21, 2014) (quoting *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* "But 'the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Shimmick Const. Co./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*, No. 13-CV-2700-BAS JLB, 2015 WL 5827396, at *1 (S.D. Cal. Oct. 5, 2015) (internal quotation omitted).

### III.   ARGUMENT

Plaintiffs seek to file the following documents under seal:

1) Unredacted Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment;
2) Unredacted Separate Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment;
3) Unredacted Declaration of Michael T. Houchin in Support of Plaintiffs' Motion for Partial Summary Judgment ("Houchin Declaration");
4) Exhibit 1 attached to the Houchin Declaration;
5) Exhibit 2 attached to the Houchin Declaration;
6) Exhibit 3 attached to the Houchin Declaration;

1. 7) Exhibit 5 attached to the Houchin Declaration;
2. 8) Exhibit 7 attached to the Houchin Declaration;
3. 9) Exhibit 8 attached to the Houchin Declaration;
4. 10) Exhibit 9 attached to the Houchin Declaration;
5. 11) Exhibit 10 attached to the Houchin Declaration;
6. 12) Exhibit 12 attached to the Houchin Declaration;
7. 13) Exhibit 13 attached to the Houchin Declaration;
8. 14) Exhibit 14 attached to the Houchin Declaration;
9. 15) Exhibit 15 attached to the Houchin Declaration;
10. 16) Exhibit 16 attached to the Houchin Declaration;
11. 17) Exhibit 17 attached to the Houchin Declaration;
12. 18) Exhibit 18 attached to the Houchin Declaration;
13. 19) Exhibit 19 attached to the Houchin Declaration;
14. 20) Exhibit 20 attached to the Houchin Declaration;
15. 21) Exhibit 24 attached to the Houchin Declaration;
16. 22) Exhibit 26 attached to the Houchin Declaration;
17. 23) Exhibit 27 attached to the Houchin Declaration;
18. 24) Exhibit 31 attached to the Houchin Declaration;
19. 25) Unredacted Memorandum of Points and Authorities in Support of
20. Plaintiffs' Motion for Class Certification.
21. *See* Declaration of Michael T. Houchin filed concurrently herewith ("Houchin Seal
22. Decl."), ¶ 2.
23. Marriott has designated Exhibits 1, 2, 3, 5, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18,
24. 19, 20, 24, 26, 27, and 31 to the Houchin Declaration as "Confidential" pursuant to
25. the Stipulated Protective Order that was under in this action. Houchin Seal Decl., ¶
26. 3. The Unredacted Memorandum of Points and Authorities in Support of Plaintiffs'
27. Motion for Partial Summary Judgment, the Unredacted Statement of Undisputed
28. Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment, the

-3-

1 Unredacted Houchin Declaration in Support of Plaintiffs' Motion for Partial
2 Summary Judgment, and the Unredacted Memorandum of Points and Authorities in
3 Support of Plaintiffs' Motion for Class Certification each discuss the contents of the
4 exhibits to the Houchin Declaration that Marriott has designated as "Confidential."
5 Houchin Seal Decl., ¶ 4. Exhibit 10 to the Houchin Declaration is the expert report
6 of Charlene L. Podlipna that discusses documents that have been designated by
7 Marriott as "Confidential." Houchin Seal Decl., ¶ 5.

8 Plaintiffs' counsel has exercised care to only redact information that has been
9 deemed "confidential" by Marriott. Houchin Seal Decl., ¶ 6. On April 11, 2022,
10 Plaintiffs' counsel sent a list of documents to counsel for Marriott that Plaintiffs
11 intend to rely upon in their Motion for Partial Summary Judgment and Motion for
12 Class Certification. Plaintiffs' counsel requested that Marriott remove its
13 confidentiality designations from these documents. Houchin Seal Decl., ¶ 7. On
14 April 13, 2022, Marriott responded "given we have no knowledge of what you are
15 intending to use from the depositions of Marriott witnesses in this case, and the
16 financial documents you sent us along with other very confidential information on
17 Marriott's robust resort fee program, we cannot agree to lift or waive the
18 confidentiality provisions in place for this matter." Houchin Seal Decl., ¶ 7.

19 Plaintiffs' counsel has no personal knowledge as to why the documents that
20 are the subject of this Motion should be kept under seal. Houchin Seal Decl., ¶ 8.
21 However, because Marriott has designated the documents and information as
22 "Confidential" under the Protective Order, Plaintiffs are obligated to file such
23 documents under seal. Dkt. No. 44.

### IV. CONCLUSION

25 For the foregoing reasons, Plaintiffs respectfully ask that this Court deny their
26 Motion to File Documents Under Seal. Alternatively, the Court should issue an
27 Order to Show Cause to Marriott requesting that it set forth "compelling reasons" to
28 seal the documents that are the subject of this Motion.

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: April 15, 2022 | Respectfully submitted, |
| 4 | | |
| 5 | | /s/ *Michael T. Houchin* |
| | | **LAW OFFICES OF RONALD A. MARRON** |
| 6 | | RONALD A. MARRON (SBN 175650) |
| 7 | | *ron@consumersadvocates.com* |
| 8 | | MICHAEL T. HOUCHIN (SBN 305541) |
| | | *mike@consumersadvocates.com* |
| 9 | | LILACH HALPERIN (SBN 323202) |
| 10 | | *lilach@consumersadvocates.com* |
| 11 | | 651 Arroyo Drive |
| | | San Diego, California 92103 |
| 12 | | Telephone: (619) 696-9006 |
| 13 | | Facsimile: (619) 564-6665 |
| 14 | | |
| 15 | | **LAW OFFICE OF ROBERT L. TEEL** |
| | | ROBERT L. TEEL |
| 16 | | *lawoffice@rlteel.com* |
| 17 | | 1425 Broadway, Mail Code: 20-6690 |
| | | Seattle, Washington  98122 |
| 18 | | Telephone: (866) 833-5529 |
| 19 | | Facsimile: (855) 609-6911 |
| 20 | | **BURSOR & FISHER, P.A.** |
| 21 | | L. Timothy Fisher (SBN 191626) |
| | | Sean L. Litteral (SBN 331985) |
| 22 | | 1990 N. California Blvd., Suite 940 |
| 23 | | Walnut Creek, CA 94596 |
| | | Telephone: (925) 300-4455 |
| 24 | | Facsimile: (925) 407-2700 |
| 25 | | E-mail: *ltfisher@bursor.com* |
| 26 | | *slitteral@bursor.com* |
| | | ***Attorneys for Plaintiffs and the Proposed*** |
| 27 | | ***Classes*** |
| 28 | | |

-5-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL