**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
ron@consumersadvocates.com
MICHAEL T. HOUCHIN (SBN 305541)
mike@consumersadvocates.com
LILACH HALPERIN (SBN 323202)
lilach@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

**BURSOR & FISHER, P.A.**
L Timothy Fisher (SBN 191626)
Sean Litteral (SBN 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
　　　　slitteral@bursor.com

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD HALL, KEVIN BRANCA, and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation;<br><br>　　　　*Defendant*. | Case No. 3:19-cv-01715-JO-AHG<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND TO APPOINT CLASS COUNSEL**<br><br>Date:　July 27, 2022<br>Time:　9:30 a.m.<br>Ctrm:　4C<br>Judge: Hon. Jinsook Ohta |

-1-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

I, Todd Hall, hereby declare as follows:

1. I am a named plaintiff and proposed class representative in the matter styled *Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG that is currently pending before this Court.

2. I am a citizen of the State of California and I reside in Rancho Cucamonga, California.

3. I submit this declaration in support of Plaintiffs' Motion for Class Certification, to Appoint Class Representatives, and Appoint Class Counsel. I make this declaration based on my own personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

4. On July 9, 2021, Defendant Marriott International, Inc. ("Defendant" or "Marriott") took my deposition. Attached hereto as **Exhibit A** are true and correct copies of excerpts from my deposition transcript.

5. During my deposition, I explained that I stayed at the Marriott Marquis San Diego Marina resort located at 333 West Harbor Drive San Diego, California, 92101 from May 28, 2018 to May 29, 2018 and was charged a resort fee:

> Q: Here you state that plaintiff does contend for the period of January 1, '05 to the present he has stayed at Marriott Hotels charging a resort fee. Then you go on to identify two. The first is at the Marriott Marquis in San Diego; correct?
>
> A: Yes.
>
> Q: And that was back in May of '18?
>
> A: Yes.
>
> . . .
>
> Q: But as you can see, you confirm that Mr. Hall first learned that certain Marriott hotels charge a resort fee on approximately May 28, 2018, when Mr. Hall was charged $25 destination fee in connection with his stay at the Marriott Marquis; that's accurate?

-1-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

1    A:   Yes.

2   *See* Ex. A [Hall Dep. Tr. at 47:17-24; 72:11-17].

3    6.   I explained that I booked my room at the Marriott Marquis San Diego
4   Marina resort from the Marriott website:

5    Q:   And did you go onto the Marriott website?

6    A:   Yes.

7    Q:   And did it bring up more than one hotel in the area?

8    A:   Yes.

9    Q:   But you selected the Sheraton Marquis because of its location?

10   A:   And the price.

11   Q:   Okay. And the price being what they suggested the from rate would be
12        on the first page?

13   A:   Yes.

14   *See* Ex. A [Hall Dep. Tr. at 54:21 – 55:6].

15   7.   I also stayed at the Sheraton Maui located at 2605 Kaanapali Parkway,
16   Lahaina, HI 96761 from October 10, 2018 to October 12, 2018. I booked my room
17   at the Sheraton Maui approximately two months before my stay:

18   Q:   Okay. And we'll get back to your stay there in a moment, but let me
19        talk about the Sheraton for a minute because then you went online and
20        booked another room, or was it one room at the Sheraton?

21   A:   Yes.

22   Q:   And that was the Sheraton in Maui?

23   A:   Yes.

24   Q:   You stayed there in October of 2018?

25   A:   Yes.

26   Q:   And I think you booked it about two months earlier, in your response;
27        is that correct?

28   A:   Yes.

-2-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

| | | |
|---|---|---|
| 1 | | . . . |
| 2 | A: | Let's back up for a second. You said did I go on a Marriott website, and |
| 3 | | I said Sheraton. Now that I'm thinking about it, I can't remember which |
| 4 | | one. It was either one of those. |
| 5 | Q: | So it was either the Sheraton or the Marriott you went on to check out |
| 6 | | rooms at the Sheraton Maui? |
| 7 | A: | Yes, they were merging back then. I can't remember which one I went |
| 8 | | onto. |
| 9 | | . . . |
| 10 | Q: | The information you provided in your discovery responses indicates |
| 11 | | that on October 10th through October 13th, plaintiff stayed at the |
| 12 | | Sheraton Maui located at the address listed here, and that you were |
| 13 | | charged a resort fee. The purpose of this stay was part business and part |
| 14 | | personal. Plaintiff Hall stayed two nights, October 10th and 11th, for |
| 15 | | business purposes and one night on October 12th for personal purposes; |
| 16 | | is that accurate? |
| 17 | A: | I believe it is. I'd have to look through all of these papers to get the |
| 18 | | dates, but that sounds about right. |

19  *See* Ex. A [Hall Dep. Tr. at 60:1-13; 62:2-10; 62:23 – 63:10].

20      8.    I read and relied on the representations on the Marriott website when
21  booking the hotel rooms, including the quoted room price and the fact that the
22  estimated total price did not initially disclose the mandatory resort fee:

| | | |
|---|---|---|
| 23 | Q: | Is it your testimony that you were unaware that other Marriott hotels |
| 24 | | may have charged a resort fee prior to you booking at the Marriott |
| 25 | | Marquis in San Diego and that you first learned of that resort fee when |
| 26 | | you walked into the lobby? |
| 27 | A: | I first learned of the resort fee for this hotel in question when I walked |
| 28 | | into the lobby. |

-3-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

| | | |
|---|---|---|
| 1 | | . . . |
| 2 | Q: | So what did you discover or what were you seeing on the website that |
| 3 | | informed you that a resort fee property was being charged? |
| 4 | A: | Well, that's one of the reasons why we're here today. Oftentimes you |
| 5 | | cannot find out what's being charged. |
| 6 | | . . . |
| 7 | A: | Have I seen a Marriott website alert the user that there's a fee? |
| 8 | Q: | Uh-huh. |
| 9 | A: | Is that what you're asking me? |
| 10 | Q: | Yes. And did you see that before you booked at the Sheraton Marquis? |
| 11 | A: | No. |
| 12 | | . . . |
| 13 | Q: | Okay. But before staying at the Marriott Marquis, you -- through your |
| 14 | | experiences, you were aware that the total room rate that you had agreed |
| 15 | | to when you booked the room contained a resort fee; correct? |
| 16 | | [Objection] |
| 17 | A: | When I booked the room, the total fee that I was told at the time of |
| 18 | | booking included a resort fee? |
| 19 | Q: | Yes, sir. |
| 20 | A: | I don't know that to be true at all because I didn't think there was a |
| 21 | | resort fee. |
| 22 | | . . . |
| 23 | Q: | Okay. And again, it's your testimony that there was no disclosure of the |
| 24 | | $25 resort fee when you went through the booking process? |
| 25 | A: | Correct. |

26  *See* Ex. A [Hall Dep. Tr. at 72:24 – 73:6; 78:20-25; 80:9-16; 97:25 – 98:12; 132:3-
27  6].
28    9.    I purchased hotel rooms from Defendant in reliance on the false and

-4-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

deceptive bargain and bait advertising and without knowledge of the true amount being charged based on Defendant's deceptive advertising and buried resort fees, including listing the resort fee within the 'USD Taxes and fees' category:

Q: You don't care what they disclose in terms of fees and charges?

A: I would assume that everything that I was going to be paying would be made abundantly clear at the time of booking.

. . .

Q: Only the ones where you booked a hotel room that had a resort fee, how were you misled during that booking process?

A: The fee was not made abundantly clear in a couple of occasions. I don't believe it was even listed on a couple of occasions. It appears sometimes that the resort fee is -- has the customer believed it's actually a government fee, but it's really not. It's a resort fee. I just find the whole thing in total misleading.

. . .

Q: Okay. When you booked the room knowing that it initially was $151, and then you booked it for $198, did you care where the additional $47.77 came from?

A: Well, I cared, sure, you bet.

Q: But you didn't inquire about it?

A: I assumed it was taxes.

. . .

Q: Are you suggesting or is it your testimony that Marriott hid from you the resort fee when you booked the room at this hotel?

A: I don't believe they hid it, I just don't think they made it clear for the average person to determine what it was and what it included.

. . .

Q: And again, fair to say -- I think we've covered this, but nowhere did

-5-

| | | |
|---|---|---|
| 1 | | Marriott represent the resort or destination fee was a mandatory |
| 2 | | government tax; right? |
| 3 | A: | Well, they don't label it as such. |
| 4 | Q: | Okay. |
| 5 | A: | It kind of goes back to interpretation, you know. |
| 6 | Q: | Well, but it's your interpretation -- I want to make sure I'm clear |
| 7 | | because you're alleging some serious claims here, deceit and fraud; |
| 8 | | right? You think there was fraud committed on you? |
| 9 | A: | Yes. |
| 10 | Q: | And the fraud being that they didn't disclose the resort fee during the |
| 11 | | booking process? |
| 12 | A: | Yes. |
| 13 | Q: | Not that it was staggered in through the process, right, as an add-on -- |
| 14 | | that's not your position in this case? |
| 15 | A: | Well, how it got there I'm not really sure. |
| 16 | Q: | Well, that's important here. Are you saying that Marriott committed |
| 17 | | fraud because they added the resort fee during the booking process as |
| 18 | | opposed to on the first page? |
| 19 | A: | Yes. |
| 20 | Q: | Okay. That's the fraud that you're claiming, that the resort fee should |
| 21 | | have been disclosed on the first page? |
| 22 | A: | It would have been nice. |

*See* Ex. A [Hall Dep. Tr. at 84:19-23; 92:11-20; 132:11-17; 132:25 – 133:5; 133:16 – 134:19].

10. I testified during my deposition that Marriott's website is deceptive and misleading because it is unclear what amenities are even included in the resort fee, and Marriott advertises some amenities as free or complimentary, but the amenities are actually being paid for by the resort fee:

-6-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

| | | |
|---|---|---|
| 1 | Q: | Okay. Did you enjoy any of the amenities that were provided with the |
| 2 | | fees at the Sheraton Maui? |
| 3 | | [Objection] |
| 4 | A: | Pardon me. You'd have to tell me what was included before I could |
| 5 | | answer that. |
| 6 | Q: | As you sit here today, do you know what the amenities were that were |
| 7 | | included? |
| 8 | A: | No. |
| 9 | | . . . |
| 10 | Q: | All right. And do you know if a resort fee was charged for all three |
| 11 | | nights? |
| 12 | A: | Yes. |
| 13 | Q: | Did you have a discussion with the hotel when you arrived about the |
| 14 | | resort fee? |
| 15 | A: | Yes. |
| 16 | Q: | And what was that? |
| 17 | A: | I wanted to know exactly what it included. |
| 18 | Q: | Okay. And did they tell you? |
| 19 | A: | I'm sure they did. |
| 20 | Q: | Okay. And did you use those amenities? |
| 21 | A: | You know, I just don't know what the amenities were. If you told me, |
| 22 | | I could probably tell you. |
| 23 | Q: | Okay. And so obviously if you used those amenities or asked about |
| 24 | | them, you never objected to the resort fee? |
| 25 | A: | No, I objected to it. |
| 26 | Q: | Okay. And you said you didn't want to pay it? |
| 27 | A: | Yes. |
| 28 | Q: | Okay. And what was the response? |

-7-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

| | | |
|---|---|---|
| 1 | A: | It's mandatory. |
| 2 | . . . | |
| 3 | Q: | And so with respect to the -- in your testimony, the absence of a |
| 4 | | reference to any resort fee, you obviously didn't see any reference to |
| 5 | | any amenities; correct? |
| 6 | A: | That is correct. |
| 7 | . . . | |
| 8 | Q: | Okay. Have you done any independent research to determine whether |
| 9 | | the amenities that Marriott lists in connection with resort fees at various |
| 10 | | hotels are in fact false or misleading? |
| 11 | A: | Yes. |
| 12 | Q: | And what do you know? |
| 13 | A: | Marriott's terms and conditions and some of the items that they're |
| 14 | | giving, right, for free, even though we're paying for them, are things |

15  that they ordinarily give you for free anyhow.

16  See Ex. A [Hall Dep. Tr. at 67:12-23; 71:1-23; 96:13-17; 244:1-10].

17      11.    As I testified during my deposition, I would not have reserved the
18  Marriott hotel rooms in the absence of Defendant's misrepresentations and
19  omissions and I was unable, and will not be able in the future, to effectively compare
20  hotel prices when purchasing hotel rooms due to Marriott's deception of advertising
21  a room rate that is less than what a consumer will ultimately pay:

| | | |
|---|---|---|
| 22 | Q: | And if you had learned or known that either of those properties charged |
| 23 | | a resort fee, it's your testimony you would not have stayed there? |
| 24 | A: | I would have compared prices. |
| 25 | Q: | Well, I think in your answers to interrogatories under penalty of perjury |
| 26 | | state that you would not have stayed there. Is that not accurate? |
| 27 | A: | I mean, if someone told me ahead of time I was have to pay these fees |
| 28 | | if I was staying there, is that what you're asking me? |

-8-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

| | | |
|---|---|---|
| 1 | Q: | If you were aware of before you booked your room or even after you |
| 2 | | got your confirmation but before you even showed up at the property |
| 3 | | that they were going to charge a resort fee, your interrogatory responses |
| 4 | | say you would have never stayed there. |
| 5 | A: | That's true. |
| 6 | Q: | And I think you say that any reasonable consumer would not stay at a |
| 7 | | hotel if they knew; is that correct? |
| 8 | A: | Yes. |
| 9 | Q: | What's your basis for that? |
| 10 | A: | Well, I don't think people like paying these add-on fees. |
| 11 | | . . . |
| 12 | Q: | And if there had been any reference at all, blue box, or if you checked |
| 13 | | on the summary of charges and saw it there, you would never have |
| 14 | | booked your hotel room there? |
| 15 | | [Objection] |
| 16 | Q: | Is that fair? |
| 17 | A: | Most likely I wouldn't have done it. |
| 18 | Q: | Well, most likely or definitively? |
| 19 | A: | There's a lot of variables involved. |
| 20 | Q: | Well, I need to understand. Perhaps you would have still booked it? |
| 21 | | [Objection] |
| 22 | A: | Well, it would depend on a few different things. |
| 23 | Q: | Such as? |
| 24 | A: | Total cost. |
| 25 | Q: | Okay. And anything else? |
| 26 | A: | What it included. |
| 27 | | . . . |
| 28 | Q: | Sure. If you had received this two months in advance, observed that a |

-9-

| | | |
|---|---|---|
| 1 | | resort fee charge was included, which now you obviously know would |
| 2 | | have been the second time that you are experiencing a resort fee charge |
| 3 | | according to your testimony with Marriott, what would you have done |
| 4 | | to decide whether to ultimately stay there? |
| 5 | A: | Well, I would have compared prices first off. |
| 6 | Q: | Okay. |
| 7 | A: | And I would have done whatever I could do to avoid these fees. |
| 8 | Q: | So you would compare prices by looking at other hotels whether it is |
| 9 | | Marriott or non-Marriott on the island? |
| 10 | A: | Yes. |
| 11 | Q: | And you would have also looked to see if other hotels had resort fees |
| 12 | | or not? |
| 13 | A: | Yes. |

See Ex. A [Hall Dep. Tr. at 66:10 – 67:9; 95:15 – 96:10; 146:9 – 147:3].

12. I would, and intend to, book Marriott hotels again in the future if the website accurately listed the mandatory resort fees and explained what were included in the resort fees.

| | | |
|---|---|---|
| 18 | Q: | Okay. But when you did see the fee, you didn't feel deceived; correct? |
| 19 | A: | On the ones that disclosed it are you referring to? |
| 20 | Q: | Let's start with those. |
| 21 | A: | Right. If it's disclosed, I don't feel deceived at all. |

See Ex. A [Hall Dep. Tr. at 101: 15-21].

13. I have remained in contact with my counsel at the Law Offices of Ronald A. Marron and Bursor & Fisher throughout the course of this litigation and have kept informed of its status. Based on my interactions with my counsel, I believe my counsel has fairly and adequately represented myself and the proposed classes and will continue to do so.

14. I understand the responsibilities expected of a Class Representative,

-10-

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL

1 | which include acting on behalf of the Class's best interests, staying involved and
2 | informed about the case, and actively participating in it including making myself
3 | available for trial, and I am able to fulfill such duties.
4 |   15. It is my understanding that all the other proposed class members have
5 | also booked Marriott hotels from the Marriott website or the Marriott app that had
6 | undisclosed mandatory resort fees. I therefore respectfully request that the Court
7 | certify a class of all persons who booked Marriott hotels through the Marriott
8 | website or Marriott app in the United States and California and were charged a resort
9 | fee during the class period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April ___Apr 4, 2022___, 2022 in ___Rancho Cucamonga___, California.

*Todd R Hall*
Todd R Hall (Apr 4, 2022 16:17 PDT)

Todd Hall

-11-
*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
DECLARATION OF PLAINTIFF TODD HALL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL