UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, individually and on behalf of all others similarly situated, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:19-cv-01715-JO-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND DENYING DEFENDANT'S MOTION FOR LEAVE TO DEPOSE KEVIN BRANCA**<br><br>**[ECF No. 126]** |

Before the Court is Plaintiff Todd Hall, former-Plaintiff Kevin Branca, Plaintiff George Abdelsayed (collectively "Plaintiffs"), and Defendant Marriott International, Inc.'s ("Defendant") Joint Motion for Determination of Discovery Dispute. ECF No. 126. Defendant seeks an order from the Court permitting Defendant to depose Mr. Branca a second time, to which Plaintiff objects. *Id.* For the reasons set forth below, Defendant's motion is **DENIED**.

1

## I. PROCEDURAL BACKGROUND

On September 9, 2019, Plaintiff Todd Hall filed this putative class action alleging unjust enrichment and violations of California's Consumers Legal Remedies Act, False Advertising Law, and Unfair Competition Law. *See generally* ECF No. 1. On November 22, 2019, Plaintiff Hall filed his First Amended Class Action Complaint, adding causes of action for negligent misrepresentation, concealment/non-disclosure, and intentional misrepresentation. *See generally* ECF No. 15. On January 11, 2021, Plaintiff Hall filed his Second Amended Class Action Complaint, which retained all causes of action and added three Plaintiffs: Julie Drassinower, a California resident who booked her room in New York on the Marriott website; Kevin Branca, a California resident who, according to the Amended Complaint, booked his room in Hawaii on the Costco Travel website; and Jesse Heineken, a Kansas resident who booked his room in California on the Marriott website. ECF No. 54 at ¶¶ 66–95.

On May 27, 2021, Plaintiff Hall and Plaintiff Branca filed the operative Third Amended Class Action Complaint, which retained all causes of action, removed Plaintiffs Drassinower and Heineken, and added a third Plaintiff from a related case, George Abdelsayed, a California resident who booked his room in California on the Marriott app. ECF No. 82 at ¶¶ 75–76; *see* ECF No. 78 at 4 (consolidating *Hall* and *Abdelsayed* cases and requiring the filing of a consolidated complaint). The operative Third Amended Class Action Complaint was also filed on behalf of both a "Nationwide Class" and a "California Class," which included those "who reserved or booked a Marriott owned or franchised hotel room online … and were charged an amount therefore that was higher than the room rate quoted or advertised per day plus government imposed taxes and government imposed fees." ECF No. 82 at ¶¶ 85–86. The Court incorporates by reference its previous summary of Plaintiffs' factual allegations set forth in their Third Amended Complaint. *See* ECF No. 106 at 3–5.

Pursuant to the Court's Chambers Rules, the parties alerted the Court that they had reached an impasse regarding certain discovery disputes. Email to Chambers (Jan. 7, 2022

at 11:47 AM); *see* Chmb.R. at 2. The Court then held a discovery videoconference. ECF No. 122. At the conference, the Court discussed the parties' disputes, gave the parties guidance, and extended certain deadlines to facilitate the parties' agreements. *Id*. Regarding the dispute about a second deposition of Mr. Branca, the Court found it appropriate to issue a briefing schedule. ECF No. 123. The parties timely filed their Joint Motion for Determination of Discovery Dispute. ECF No. 126. This order follows.

## II.   BACKGROUND OF DISCOVERY AT ISSUE

On May 27, 2021, Mr. Branca alleged in the operative amended complaint that he booked a Marriott hotel room "from the Costco Travel website" and he "purchased the hotel room in reliance on Marriott's false and misleading online pricing." ECF No. 82 at ¶¶ 66–69, 120; *see id*. at ¶ 85–86 (defining nationwide and California classes as including those who booked their hotel room online). On June 2, 2021, Mr. Branca served verified amended interrogatory responses, repeatedly stating that he "complet[ed] the online booking process on the Costco Travel website." ECF No. 126-1 at 62, 87, 93. Defendant deposed Mr. Branca on September 8, 2021. ECF No. 126-1 at 98. During his deposition, Mr. Branca testified that he booked his reservation "through Costco Travel" and answered questions regarding his "booking process on Costco.com." *Id*. at 99–100. On December 3, 2021, Defendant deposed Matt Browning, an Assistant Vice President at Costco Corporation. *Id*. at 102, 107. Mr. Browning testified that, according to Costco's documentation, Mr. Branca made his reservation by phone and was informed by email and phone about the resort fee. *Id*. at 104–05, 108, 110, 114.

On December 16, 2021, Defendant sent a "courtesy Rule 11 email to Plaintiffs' counsel asking that Branca withdraw as plaintiff by December 24." ECF No. 126 at 2; ECF No. 126-1 at 116–20. When no response was received, "[o]n December 24, Marriott's counsel sent a follow-up email." ECF No. 126 at 3; ECF No. 126-1 at 123. When again no response was received, "[o]n January 6, Marriott served a draft Rule 11 motion on Plaintiffs." ECF No. 126 at 2; ECF No. 126-1 at 125. "Within an hour, Branca said he would withdraw from the case." ECF No. 126 at 3. On January 25, 2022, Mr. Branca filed

a motion for voluntary dismissal of his claims with prejudice. ECF No. 124.

Defendant now seeks to depose Mr. Branca a second time, so Defendant "can determine how to proceed[1] [with its] Rule 11 motion." ECF No. 126 at 2–3, 6.

### III. PARTIES' POSITIONS

Defendant deposed Mr. Branca on September 8, 2021. ECF No. 126-1 at 98. Defendant now seeks a second deposition of Mr. Branca to bolster a sanctions motion. Defendant has offered to "(i) limit the deposition to 45 minutes; (ii) depose Branca via Zoom; and (iii) restrict the questioning to only any pre-suit inquiry by Branca." ECF No. 126 at 6. Plaintiff opposes Defendant's request.

Defendant contends that it has not had ample opportunity to obtain information about Mr. Branca's pre-suit inquiry because "'Rule 11 discovery' is not permitted until 'traditional discovery' reveals a 'substantial justification' for a Rule 11 claim." *Id*. at 4. Defendant served an interrogatory seeking Mr. Branca's "phone records … for the date that the reservation for the October 17 Hotel Stay was made." ECF No. 126-1 at 189; ECF No. 126 at 3. Mr. Branca objected for various reasons, including relevance. ECF No. 126-1 at 189–90. Defendant did not challenge Mr. Branca's objections "based on his representation that he did not make the reservation by phone." ECF No. 126 at 4. So, when Defendant first deposed Mr. Branca, "'traditional discovery' had not yet shown there

---

[1] Defendant also seeks the second deposition to "'determine how to proceed with plaintiffs' requested stipulation of dismissal of Mr. Branca.'" ECF No. 126 at 3 (internal brackets omitted) (quoting ECF No. 126-1 at 127). However, beyond asserting this barebones statement once in the beginning of the joint motion, Defendant does not elaborate or argue this point elsewhere in the papers. Thus, the Court is not persuaded that a second deposition was needed in order to successfully oppose the voluntary dismissal motion. Moreover, any argument to the contrary is moot since the Court dismissed Mr. Branca "without prejudice to Defendant's right to make such requests [for costs and fees] in a time and manner as required under applicable law and local rules." ECF No. 139 at 2; *see* ECF No. 127 at 4 (Defendant's opposition to Plaintiff's motion to voluntarily dismiss Mr. Branca, arguing that, "[a]s a condition of dismissal under Rule 41(a)(2), the Court should preserve Marriott's ability to seek fees and costs against Branca").

existed any basis for Marriott to question Branca's unequivocal assertion that he booked his reservation online." *Id*. Thus, Defendant argues that it did not have any further opportunities to question him on this topic. *Id*.

Defendant contends that, since it has established that "Branca's central allegation—that he was deceived when he booked by website—is false," that extraordinary circumstances warrant Rule 11 discovery. *Id*. at 5. Defendant argues that, because "Branca performed no inquiry before approving a complaint or verified interrogatory answers averring that he booked by website," Defendant incurred "tens of thousands of dollars in legal fees to, inter alia, answer his allegations, issue and also answer written discovery, depose Branca and then Costco, and draft Rule 11 emails and a Rule 11 motion, all in an effort to secure the dismissal of a claim that was frivolous from the outset and never should have been brought." *Id*. Defendant argues that it "is entitled to learn exactly how this critical error came about and to challenge any claim of 'mistake.'" *Id*. at 5. Defendant contends that the discovery cannot be obtained from some other, "more convenient, less burdensome, or less expensive [source,] because only Branca has personal knowledge about any such [pre-suit] inquiry." *Id*. at 3.

Plaintiff argues that "it was objectively reasonable to rely on Mr. Branca's first-hand memory as to how he booked his hotel room. Although Mr. Branca's memory was incorrect, this is not a violation of Rule 11." *Id*. at 10. Plaintiff further contends that Defendant is not entitled to Rule 11 discovery or a Rule 11 motion because Mr. Branca complied with the safe harbor provision. *Id*. at 7 (noting that nineteen days after being served with Defendant's proposed Rule 11 motion, Mr. Branca filed a motion for voluntary dismissal of his claims). Thus, Plaintiff argues that, since Mr. Branca dismissed the action during the safe harbor period, he "will not be subject to [Rule 11] monetary sanctions," making Defendant's "request to take a second deposition of Plaintiff Branca for purposes of Rule 11 [] moot." *Id*. at 7, 9. Defendant argues that its position is not mooted if Rule 11 sanctions are unavailable because it could still seek sanctions under the Court's inherent power. *Id*. at 6 n.1 ("Marriott first should be permitted to obtain the narrow discovery

enabling it to argue why [inherent authority] sanctions are appropriate, including, inter alia, by showing that Branca and/or his counsel acted in bad faith").

Plaintiff contends that no extraordinary circumstances exist which would warrant a second deposition, because Defendant had a full opportunity to question Mr. Branca about his pre-suit investigation during his first deposition. *Id*. at 10. Plaintiff also reiterates that a second deposition of Mr. Branca is "neither relevant nor proportional to the needs of the case because Plaintiff Branca moved to voluntarily dismiss his claims." *Id*. at 9.

## IV.   DISCUSSION

The Court is not persuaded that there are extraordinary circumstances to grant Defendant's request for a second deposition as Rule 11 discovery. Alternatively, the Court also is not persuaded that there is good cause to permit a second deposition.

### A.   Whether Extraordinary Circumstances exist for Rule 11 Discovery

"The advisory committee comments to Rule 11 caution that courts are discouraged from using Rule 11 as a basis for discovery." *Vasudevan Software, Inc. v. IBM*, No. C09-05897-RS-HRL, 2011 WL 940263, at *5 (N.D. Cal. Feb. 18, 2011). "To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances." FED. R. CIV. P. 11, advisory committee notes to 1983 amendments; *Vasudevan Software*, 2011 WL 940263, at *5–*6 (collecting cases and explaining that "discovery in relation to Rule 11 motions is allowed only in extraordinary circumstances").

On January 6, 2022, Defendant served Plaintiff via email "with a non-filed copy of its proposed [Rule 11] motion, thereby starting the 21-day safe-harbor period." ECF No. 126-1 at 125. Nineteen days later, on January 25, 2022, Plaintiff filed a motion to

voluntarily dismiss Mr. Branca pursuant to Rule 41(a)(2).² ECF No. 124. Without expressing an opinion on the merits of whether a Rule 11 motion would be proper, the Court notes that when a party complies with the safe harbor provision, a Rule 11 motion may not be filed. *See, e.g.*, *Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li*, No. C-13-1734-EMC, 2014 WL 3381416, at *6 (N.D. Cal. July 10, 2014) ("Because the purpose of the safe harbor is 'to withdraw the offending pleading and thereby escape sanctions,' the Ninth Circuit held that a Rule 11 motion cannot be served after a complaint has been [voluntarily] dismissed because it would not give the offending party the opportunity to escape the sanctions") (internal citation omitted); *cf. Gomes v. Am. Century Cos.*, No. 2:09-cv-02153-FCD-KJM, 2010 WL 1980201, at *3 (E.D. Cal. May 14, 2010) ("[u]nder Rule 11, if a plaintiff voluntarily dismisses the action during the safe harbor period they will not be subject to monetary sanctions."). As such, the Court is not persuaded that there are extraordinary circumstances to grant Defendant's request for Rule 11 discovery.

Further, even if Plaintiffs had not voluntarily dismissed Mr. Branca from the case, the Court still finds that Defendant has not met the burden of showing extraordinary circumstances for Rule 11 discovery. It is not unusual for a consumer's memory of a transaction a few years before to have inaccuracies. Defendant knew at the outset how it could verify whether Mr. Branca's memory was correct—it could have sought records

---

² At the time of filing the instant joint motion for determination of discovery dispute, no ruling had been entered on Plaintiffs' motion to voluntarily dismiss Mr. Branca as a party from the action. At the time of filing this Order, a ruling has been entered, and Mr. Branca has been voluntarily dismissed from the case. ECF No. 139. The Court construes Mr. Branca's motion for voluntary dismissal to be adequately "withdrawing the offending pleading" under Rule 11, and therefore the timing of the ruling on the motion does not impact the Court's analysis. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010) ("the Snellers did all that they were required to do to withdraw the offending claims during the safe harbor period. Because their *motion* was filed within the 21-day safe harbor period, the Snellers complied with Rule 11's requirement that the challenged claim be 'withdrawn or appropriately corrected.' That was all that was required of them in order to receive the benefit of the safe harbor provision") (emphasis added).

from Costco, a business partner of Defendant, regarding Mr. Branca's transaction. Defendant instead made a decision to depose Mr. Branca first and then check with Costco. The exertion of costs due to Defendant's strategic decision is not enough to meet the burden of showing extraordinary circumstances for Rule 11 discovery. Defendant already likely has the information it needs—i.e., the information provided by Mr. Branca and the information provided by Costco. *See Estate of Alvarez v. Johns Hopkins Univ.*, No. TDC-15-950, 2019 WL 4038562, at *8–*9 (D. Md. Aug. 27, 2019) (thoroughly explaining and collecting cases, and denying motion for Rule 11 discovery because Rule 11 motions are often limited to the record, and also noting that defendant set forth its "allegations in great detail. Accordingly, defendants have not established that their goal of uncovering additional evidence of alleged litigation abuse to support an anticipated Rule 11 motion is an 'extraordinary circumstance' justifying satellite discovery."). Defendant also had a full opportunity to ask Mr. Branca about his pre-suit inquiry at his deposition, even if Defendant did not know at that time what Costco's records would show.

The Court also finds that Defendant is not entitled to Rule 11 discovery to pursue inherent authority sanctions, as doing so would render the safe harbor provision meaningless. *See cf. Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1056, 1059 (7th Cir. 1998) ("defendants' suggestion that the sanction was an appropriate exercise of the court's inherent power, even if a technical violation of the procedural requirements of Rule 11, would have the effect of rendering Rule 11's separate motion and safe harbor provisions meaningless"); FED. R. CIV. P. 11, advisory committee notes on 1993 amendments ("*Chambers* cautions, however, against reliance upon inherent powers if appropriate sanctions can be imposed under provisions such as Rule 11, and the procedures specified in Rule 11—notice, opportunity to respond, and findings—should ordinarily be employed when imposing a sanction under the court's inherent powers."); *accord Regions Bank v. Kaplan*, No. 8:12-cv-1837-T-17-MAP, 2018 WL 1833045, at *4 (M.D. Fla. Mar. 1, 2018) ("As a general rule, if a court cannot impose sanctions under Rule 11, it should not exercise its inherent sanctioning authority"), *report & recommendation adopted,* 2018 WL 3105445

(M.D. Fla. June 25, 2018).

As noted above, consumers often inaccurately recall the details of transactions from a few years ago, and Defendant has not persuaded the Court that this instance is different and that there is reason to believe Mr. Branca acted in bad faith. *See Corley*, 142 F.3d at 1056, 1059 ("Although it is true that a district judge is not forbidden from relying on its inherent power to impose a sanction for conduct that also would be sanctionable under Rule 11, the Supreme Court has indicated that a sanction under the inherent power is appropriate only where the party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' [But] 'when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 50 (1991)); *cf. Attah v. State Farm Gen. Ins. Co.*, CV-16-07575-GW PLAx, 2017 U.S. Dist. LEXIS 135936, at *19–*20 (C.D. Cal. July 31, 2017) (denying defendant's motion for summary judgment, which argued that plaintiff violated the concealment and fraud clause when plaintiff alleged incorrectly that he made no credit card purchases at department stores, explaining that "a reasonable jury could conclude that Plaintiff merely forgot about these small transactions during his initial statements to Defendant, which led to his initial claim that he bought his claimed items with cash" and "a reasonable jury could conclude that it was not his intention to deceive Defendant based on his conflicting testimony, or that it was merely a memory lapse").

### B.  Whether Good Cause exists for a Second Deposition

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)," if "the deponent has already been deposed." FED. R. CIV. P. 30(a)(2)(A)(ii). "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." FED. R. CIV. P. 30(d)(1); *see also* FED. R. CIV. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on . . . the length of depositions under Rule 30."). "A party seeking a court order to extend the time

of a deposition must show good cause to justify such an order." *Stonebreaker v. Guardian Life Ins. Co. of Am.*, 2012 U.S. Dist. LEXIS 13307, at *5 (S.D. Cal. Feb. 3, 2012); *Boston Scientific Corp. v. Cordis Corp.*, No. 5:02-cv1474-JW-RS, 2004 U.S. Dist. LEXIS 18098, at *8–*9 (N.D. Cal. Sept. 1, 2004); *see* FED. R. CIV. P. 30(d)(1), advisory committee notes on 2000 amendments ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order"). *But see Finjan, Inc. v. Eset, LLC*, 17CV183 CAB-BGS, 2020 WL 7396551, at *2 (S.D. Cal. Dec. 16, 2020) (collecting out-of-circuit cases, noting that "[m]any courts have applied a good cause standard to the taking of a second deposition," but some courts require parties to show good cause before they can conduct a second deposition and other courts require a showing of good cause to prevent the second deposition).

Rule 30(d)(1)'s reference to Rule 26(b)(2) requires a court to limit the use of any discovery method if (1) the discovery is unreasonably cumulative or duplicative; (2) the discovery is obtainable from another source that is more convenient, less burdensome, or less expensive; (3) the party has had ample opportunity to obtain the information sought; or (4) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. FED. R. CIV. P. 26(b)(2). "'In weighing these factors, and applying them to whether a deposition should be longer than seven hours, the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule.'" *Evenchik v. Avis Rent a Car Sys., LLC*, No. 12cv61-BEN-DHB, 2014 WL 12899139, at *2 (S.D. Cal. Mar. 28, 2014) (quoting *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007)).

Whether to permit a second deposition "lies within the court's discretion." *Bookhamer v. Sunbeam Products Inc.*, No. C-09-6027-EMC-DMR, 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012); *Couch v. Wan*, No. CV-F-08-1621-LJO-DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012) (denying reconsideration of magistrate judge's

order which denied request for second deposition, noting that "[t]he propriety of a deponent's reopened deposition lies in the court's discretion. [] Without a showing of need or good reason, courts generally will not require a deponent's reopened deposition").

Here, the Court does not find good cause to permit a second deposition of Mr. Branca. First, Defendant concedes that Mr. Branca's pre-suit inquiry is not relevant to any claim or defense in this case. ECF No. 126 at 5 ("Branca's pre-suit inquiry is relevant not to a claim or defense in this action, but a Rule 11 motion."). Thus, a second deposition may solely be relevant to the issue of whether Mr. Branca should be sanctioned. As such, the request is not proportional to the needs of the case, and the burden would outweigh the benefit. As evidenced by the parties' prior motion practice in this case, the Court finds that permitting a second deposition of Mr. Branca would not produce relevant information and instead would most likely lead to extensive satellite litigation, which is what the advisory committee's notes to Rule 11 specifically attempt to curb. *See* FED. R. CIV. P. 11, advisory committee notes to 1983 amendments ("To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.").

Further, the Court does not find good cause to grant a second deposition because Defendant had ample opportunity to verify Mr. Branca's claims, and thereafter ask questions relating to his pre-suit inquiry, before "incur[ring] tens of thousands of dollars in legal fees." *See* ECF No. 126 at 5. Defendant made the decision to depose Mr. Branca before confirming the transaction with Costco. *See Bookhamer*, 2012 WL 5188302, at *3 (denying request to take a second deposition, explaining "Defendant made a tactical decision [in deposing the witness early in the case] that resulted in a litigation disadvantage [which] does not warrant the reopening of Mary DiSilvestro's deposition").

The cases cited by Defendant are not persuasive. In *In re Convergent Technologies Securities Litigation*, the court denied defendant's motion to compel written discovery

directed at Rule 11 sanctions because he had not presented sufficient justification, noting that a ruling on a pending motion for judgment on the pleadings may moot the need for such discovery. 108 F.R.D. 328, 332, 346–47 (N.D. Cal. 1985). *Kas v. Mercedes-Benz U.S.A.* addressed a motion for written discovery from putative class members, not depositions. No. 11-1032, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011). There, the court declined to compel written discovery related to Rule 11 sanctions, but granted the discovery at a later date as relevant to the case. *Id*. In *Evenchik*, although the Court permitted a second deposition, Rule 11 sanctions were not an issue. 2014 WL 12899139, at *3–*4. A second deposition was warranted because the nature of the case changed from a class action to an individual action, a circumstance that is not present here. *Id*. at *3.

## V.     CONCLUSION

For the reasons set forth above, the Court finds neither extraordinary circumstances nor good cause and, therefore, **DENIES** Defendant's Motion to Take a Second Deposition of Mr. Branca. ECF No. 126.

**IT IS SO ORDERED.**

Dated:  August 29, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge