1

Brett N. Taylor (SBN 274400)
*btaylor@cozen.com*
COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017
Tel.: 213-892-7900; Fax: 213-892-7999

Paul Leary (PA Bar No. 85402) (*Pro Hac Vice*)
*pleary@cozen.com*
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.:  215-665-2000; Fax: 215-665-2013

Chad E. Kurtz (DC Bar No. 1016934) (*Pro Hac Vice*)
*ckurtz@cozen.com*
COZEN O'CONNOR
1200 19th Street, NW, Suite 300
Washington, DC  20036
Tel.: 202-463-2521; Fax: 202-640-5939

Attorneys for Defendant
Marriott International, Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| TODD HALL, KEVIN BRANCA, and GEORGE ABDELSAYED, individually and on behalf of all other similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>        Defendant. | Case No.: 3:19-cv-01715-JO-AHG<br>Hon. Judge Jinsook Ohta<br><br>**DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Date:  April 26, 2023<br>Time: 9:00 AM<br>Courtroom: 4C<br>Judge: Hon. Jinsook Ohta |

# TABLE OF CONTENTS

**Page**

I.  ARGUMENT ..................................................................................................1

  A.  The Court should dismiss Plaintiffs' remaining claims because, with it having found Marriott adequately discloses the total price, Marriott has no duty to disclose that the total price includes a resort fee............2

      1.  The Court should review this issue *de novo* because Plaintiffs had not previously raised it.........................................................2

      2.  Marriott has no duty to disclose that a hotel room's total price includes a resort fee. ....................................................................3

  B.  It was clear error to not dismiss the CLRA claim because Marriott's alleged failure to adequately disclose the resort fee as a component of the total price violates no CLRA subsection. .........................................5

  C.  It was clear error to not dismiss the "misrepresentation by omission" claim because the claim is duplicative of the concealment claim. .........6

II.  CONCLUSION .................................................................................................6

This action is, and always has been, about an alleged bait and switch. Plaintiffs allege Marriott baits consumers by posting on the first page of its three-page web flow a "from" room rate that excludes the mandatory resort fee. Because, however, the third page discloses the *total price*, inclusive of the resort fee, on summary judgment the Court dismissed the bait-and-switch claim, noting "[a]ny consumer's perception that the price reflected on the first page … constituted the total price is quickly and explicitly dispelled" because the "higher total price was clearly and conspicuously disclosed by the end of the … transaction." (Dkt. 180 at 17, 18).

Plaintiffs never offered an alternative theory of liability. In addressing Marriott's argument that the Court should consider all three web pages, Plaintiffs argued Marriott's disclosure of the resort fee on the second and third pages did not cure the absence of the resort fee on the first page because the disclosures allegedly were defective. The Court treated that *defense* as a theory of liability, and found a fact issue as to whether Marriott adequately discloses the resort fee based on the location and size of the disclosures. But, where a seller discloses a total price, it has no duty to disclose the components of that price.

As a result, given the Court's opinion, Marriott respectfully asks the Court to find Marriott has no duty to disclose the resort fee, and thus dismiss the entire action.

# I.   <u>ARGUMENT</u>

Whether to grant reconsideration is within the Court's discretion. *City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1062 (S.D. Cal. 2018). Plaintiffs' remaining claims—all based on Marriott's alleged inadequate disclosure of the resort fee—are an alleged CLRA violation, concealment, and misrepresentation by omission. The Court should (i) dismiss all the claims because Marriott has no duty to disclose the resort fee; (ii) dismiss the CLRA claim because no CLRA subsection requires Marriott to disclose the components of a total price; and (iii) dismiss the "misrepresentation by omission" claim because it duplicates the concealment claim.

**A.     The Court should dismiss Plaintiffs' remaining claims because, with it having found Marriott adequately discloses the total price, Marriott has no duty to disclose that the total price includes a resort fee.**

        **1.     The Court should review this issue *de novo* because Plaintiffs had not previously raised it.**

The only liability theory ever alleged by Plaintiffs was bait and switch, based on the price on the first page excluding the resort fee, and the total price not appearing until the third page. The CLRA claim alleges Marriott "falsely represent[ed] [on the first web page] a lower discounted price online than what consumers were actually charged," and thus consumers allegedly were "baited and defrauded into paying more for a hotel room than was represented." (Dkt. 82, ¶¶ 110, 114). The concealment claim alleges Marriott "concealed … the actual price of the hotel rooms that consumers would pay upon checkout." (*Id.*, ¶¶ 154, 156, 158–59). Plaintiffs allege Marriott made a misrepresentation by omission as to the "advertised price for its hotel rooms." (*Id.*, ⁋ 163). The Complaint alleges Marriott had a duty to disclose the total price; not that it had a duty to disclose that the total price includes a resort fee. (*Id.*, ⁋ 158).

After rejecting the bait-and-switch theory, the Court found the blue box on the second page and drop-down menu on the third page create a factual dispute as to whether the resort fee was adequately disclosed. But neither of those two items appears in any of the causes of action in the Complaint. Plaintiffs mention them only in passing when describing the booking flow. (*Id.*, ⁋⁋ 26, 34). On summary judgment, Plaintiffs argued not that the blue box is independently actionable as deceptive, but only that it purportedly fails to cure the absence of the resort fee on the first page. (*See* Dkt. 153 at 17:3 ("Marriott's blue box statement is also not curative.")).

Because Plaintiffs *never* argued Marriott had a duty to disclose the resort fee as a component of the total price, Marriott was deprived of the opportunity to argue no such duty exists. Because Marriott only now has the opportunity to present that

argument for the first time, the Court should consider it *de novo*, and not under the stricter "clear error" standard applicable to reconsideration motions.

## 2. Marriott has no duty to disclose that a hotel room's total price includes a resort fee.

For claims based on concealment of information, a plaintiff must prove a defendant had a "duty to disclose [the] information." *See Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1092 (S.D. Cal. 2021). Courts begin their analysis of such claims "with the threshold question of duty." *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1193 (2014).

The Ninth Circuit Court of Appeals held there is no duty to disclose "all components of a final price quote." *GCN Products, Inc. v. O'Young*, 22 Fed. App'x 772, 773 (9th Cir. 2001) ("[F]ailure to disclose all components of a final price quote cannot be characterized as an intentional misrepresentation."); *see also Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092–3 (9th Cir. 2015) ("[A] seller generally has no duty to disclose internal pricing policies or its method for valuing what it sells."). The *GCN* plaintiffs argued defendants concealed that the total price includes commissions. 22 Fed. App'x at 773. The court affirmed dismissal of plaintiffs' claim on the basis defendants had no duty to disclose the components of the total price. *Id*.

California courts likewise have found there exists no duty to disclose the components of a total price. In *Spiegler v. Home Depot U.S.A., Inc*., plaintiff argued defendant failed to disclose that the purchase price included a $250 administrative fee. No. 07-4428, 2008 WL 2699787, at *8 (C.D. Cal. June 30, 2008). The court rejected the argument, finding "plaintiffs agreed to pay the contract price irrespective of the components included in that price." *Id*.

The principle that a seller need not disclose the individual components of a total price is consistent nationwide. *See Carter v. Companion Life Ins. Co.*, No. 18-0350, 2019 WL 11637304 (N.D. Ala. Feb. 22, 2019); *Mitchell v. Ford Motor Credit Co.*,

68 F. Supp. 2d 1315 (N.D. Ga. 1998). The *Carter* plaintiff, seeking to purchase insurance, was quoted a monthly insurance premium of $277.34. 2019 WL 11637304 at *20. He alleged defendant failed to disclose to him that only $102.34 of the $277.34 went toward the monthly premium, with the balance allocated to membership/service fees. *Id*. The court found defendant had no "duty disclose that [p]laintiff's payment of $277.34 was split between an insurance premium and [membership/service fees]." *Id*. The court further reasoned that plaintiff did not dispute that "he agreed to pay the full amount quoted, $277.34, with the understanding that it was to pay for health insurance coverage." *Id*.

The *Mitchell* plaintiff agreed to finance a leased car through defendant in the amount of $9,470.64. *Id*. at 1317. She argued defendant failed to disclose that the $9,470.64 amount included a $425 lease acquisition fee. *Id*. "In essence, her complaint is the failure to disclose a fee that was included within a total amount she agreed to pay." *Id*. at 1319. The court, in dismissing plaintiff's fraud claims, found "no duty existed on the part of [defendant] to disclose the acquisition fee which comprised part of the agreed upon lease charge." *Id*. at 1320. The court held "no concealment of a material fact occurred" because plaintiff "knew the terms of her lease, and bargained for the total payment." *Id*.

California and other courts more generally hold that, where a total price is disclosed, a defendant has no duty to disclose pricing information or structure. *See Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1132 (2010) ("'We decline to recognize a common law duty that would require the seller of a good or service, absent special circumstances, to reveal to its purchaser a detailed breakdown of how the seller derived the sales price of the good or service[.]'" (quotation omitted)); *Langford v. Rite Aid of Ala., Inc.*, 231 F. 3d 1308, 1313 (11th Cir. 2000) (stating "retailers are under no obligation to disclose their pricing structure to consumers"); *Cirzoveto v. AIG Annuity Ins. Co.*, 625 F.Supp.2d 623, 631 (W.D. Tenn. 2009) (finding no duty to

disclose internal pricing procedures); *Decato Bros., Inc. v. Westinghouse Credit Corp.*, 129 N.H. 504, 511 (1987) (declining to obligate defendant to disclose that a payoff figure includes a prepayment penalty because such an obligation would "require contracting parties to disclose detailed breakdown of price terms before a 'meeting of the minds' could arise").

The FTC similarly found hotels need not identify the components of a total price. In a letter sent to certain hotels, the FTC stated that hotels "*may* breakdown the components of the reservations estimate (e.g., room rate, estimated taxes, and any mandatory, unavoidable fees)." (Dkt. 140-5 at 229 (emphasis added)). That the FTC states that, under certain circumstances, hotels "may" identify the components of the total price, including the resort fee, necessarily means hotels are not required to identify the components. Consistent with the above case law, the FTC cares only that the total price is (adequately) disclosed.

Here, the Court ruled that "Marriott's disclosures regarding the total price of the hotel stays are conspicuously disclosed by the end of the internet booking process," and that the total price includes the resort fee. (Dkt. 180 at 16:9–10, 16:15–16). Under the above case law, Marriott has no duty to disclose that the total price includes a resort fee. It thus is irrelevant whether Marriott adequately discloses the resort fee because Marriott has no duty to make that disclosure in the first instance. The Court thus should dismiss all of Plaintiffs' remaining claims because they all wrongly presume Marriott has a duty to disclose the resort fee.

**B.    It was clear error to not dismiss the CLRA claim because Marriott's alleged failure to adequately disclose the resort fee as a component of the total price violates no CLRA subsection.**

For a CLRA claim, a plaintiff "must show a violation of one of the subsections of … § 1770(a)." *Marcotte v. Bob's Auto.*, No. 1400689, 2015 WL 12621033, at *1 (Cal. Super. July 24, 2015). Plaintiffs argued Marriott's alleged bait and switch

violated § 1770(a)(9) by "[a]dvertising goods with intent not to sell them as advertised." (Dkt. 143-1 at 3:9–14, 15:7–8). Neither § 1770(a)(9) nor any other subsection supports a theory of liability that Marriott must identify the resort fee as a component of the total price. Because Marriott's alleged misconduct thus violates no CLRA subsection, it was clear error to not dismiss the CLRA claim. *See Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1258 (Cal. Ct. App. 2018) (finding § 1770(a)(5), (7), and (9) identify information that may not be concealed).[1]

### C.   It was clear error to not dismiss the "misrepresentation by omission" claim because the claim is duplicative of the concealment claim.

The Court dismissed Plaintiffs' negligent misrepresentation claim because the "inadequate resort fee disclosure" theory of liability is not based on "publication of false statement." (Dkt. 180 at 20:4–6). Despite the lack of a false statement, the Court appears to have allowed the misrepresentation claim to survive because "fraud liability can be based on 'suppression of a fact'" (*id.* at 20:8–10), thereby treating the claim as a "misrepresentation by omission" claim. Because Plaintiffs assert a separate "concealment" claim, the Court should dismiss the "misrepresentation by omission" claim as duplicative. *See Pac. Fuel Co., LLC v. Shell Oil Co.*, 416 Fed App'x 607, 610 (9th Cir. 2011) (affirming dismissal of intentional misrepresentation claim as duplicative of concealment claim).

## II.   <u>CONCLUSION</u>

For the above reasons, the Court should grant Marriott's motion for reconsideration and dismiss this action with prejudice.

---

[1] If the Court dismisses the CLRA claim, it also should strike Plaintiffs' fee request because the CLRA is the lone remaining basis for Plaintiffs' fee request.

DEFENDANT'S MOTION FOR RECONSIDERATION

1  Dated:   April 14, 2023                    COZEN O'CONNOR, P.C.

2                                             By: */s/ Brett N. Taylor*

3                                                   Brett N. Taylor
                                                    Attorney for Defendant,
4                                                   Marriott International, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO.: 3:19-CV-01715-JLS-AHG
LEGAL\62810445\1