UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>                                        Defendant. | Case No.:  19cv1715-JO-AHG<br><br>**ORDER ON THE PARTIES' MOTIONS FOR RECONSIDERATION** |

In this consumer class action, Plaintiffs Todd Hall and George Abdelsayed ("Plaintiffs") brought a deceptive advertising suit against Defendant Marriott International, Inc. ("Marriott") alleging that the hotel chain inadequately disclosed its resort fees.  On March 30, 2023, the Court granted in part and denied in part the parties' motions for summary judgment and Plaintiffs' motion to certify the class.  Dkt. 180 (the "Order").  In the Order, the Court needed to reach certain issues that were not briefed by the parties.  It therefore invited reconsideration on those limited issues to give the parties a full opportunity to be heard.  *See id.*  Afterwards, Plaintiffs requested reconsideration on one of the issues invited by the Court.  Dkt. 181 ("Pltfs. Mot.").  The parties also requested reconsideration on additional issues under the applicable local and federal rules.  *See id.*;

1

Dkt. 182 ("Marriott's Mot."). For the reasons stated below, Plaintiffs' motion is denied in full and Marriott's motion is granted in part and denied in part.

## I. LEGAL STANDARD

Civil Local Rule 7.1(i)(1) permits a party to seek reconsideration of an order. *See* S.D. Cal. Civ. L.R. 7.1(i). "A timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)." *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. It does not give parties a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001).

## II. DISCUSSION

**A. Invited Motions for Reconsideration**

As invited by the Court, Plaintiffs filed a motion for reconsideration with respect to the Court's conclusion that Plaintiffs do not have standing to seek an injunction. The Court denies this request because Plaintiffs cannot salvage standing based on a theory that they failed to advance in the class certification and summary judgment motions.

In their motion for reconsideration, Plaintiffs argue that they have standing to pursue an injunction to stop Marriott from concealing which amenities are included in resort fees. Pltfs. Mot. at 7–10. Because Plaintiffs have already abandoned this theory, it cannot serve as their basis for standing. A party waives a liability theory that it does not meaningfully

2

brief. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138–39 (9th Cir. 2019); *Carrera v. First Am. Home Buyers Prot. Co.*, 702 F. App'x 614, 615 (9th Cir. 2017) ("To the extent that Appellants could have pursued class certification on alternative concealment theories . . . Appellants forfeited these arguments by not raising them to the district court") (citation omitted). At the pleading stage, Plaintiffs alleged, as one of several theories of recovery, that Marriott improperly concealed which amenities are included in resort fees. *See, e.g.*, Dkt. 82 at ¶ 9. As noted in the Order, however, Plaintiffs made no argument regarding this theory in the voluminous briefing before the Court. Order at 6 n.2. While Plaintiffs sought to certify a class on two other theories, they did not seek to certify a class based on Marriott's omission of which amenities are included in resort fees. *See generally* Dkts. 143–44. Indeed, during oral argument, Plaintiffs confirmed that they had abandoned this particular theory of liability. Dkt. 166 at 30:16–24 (confirming that they had abandoned other liability theories and that the Court did not need to address them in its order). Plaintiffs' attempt to shift back to their abandoned legal theory to salvage standing is not appropriate at this juncture. *See Carrera*, 702 F. App'x at 615. The Court thus denies Plaintiffs' request.

**B. Plaintiffs' Requests for Reconsideration Per Civ. L.R. 7.1(i)(1) and FRCP 59**

Per Local Rule 7.1(i)(1) and Federal Rule of Civil Procedure 59, Plaintiffs request that the Court reconsider its ruling that individualized issues will predominate in determining whether purported class members relied on Marriott's allegedly inadequate resort-fee disclosures. Pltfs. Mot. at 1–6. The Court denies this request because Plaintiffs have not identified newly discovered evidence, intervening law, clear error, or manifest injustice. *ACandS*, 5 F.3d at 1263. Moreover, Plaintiffs' request in this regard fundamentally misconstrues the Court's Order. The Court did not conclude that individualized issues predominated regarding the reliance element of Plaintiff's Consumer Legal Remedies Act ("CLRA") claim. Order at 35 (stating that "reliance c[ould] be resolved in one stroke under the presumption allowed by California law."). Instead, the Court acknowledged that the issue of reliance was well-suited for class treatment but

concluded that Plaintiffs failed to meet their predominance burden for separate reasons—because the class definition was fatally overbroad and because Plaintiffs' damages model failed under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). *Id.* at 35–41. This request is denied.

Second, Plaintiffs' request that the Court reconsider its ruling that the presence of uninjured class members rendered the class definition overbroad. The Court denies this request because Plaintiffs have not identified newly discovered evidence, intervening law, clear error, or manifest injustice. *ACandS*, 5 F.3d at 1263. Plaintiffs argue that the Court's conclusion that the class was overbroad based on the presence of uninjured class members contradicted the Ninth Circuit's decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). The Court finds no clear error in its application of *Olean*. It applied no *per se* rule but performed the requisite, case-specific analysis under Rule 23(b)(3). *See id.* at 669 n.13 & n14 (rejecting a "per se rule that a class cannot be certified if it includes more than a de minimis number of uninjured class members" and instructing courts to continue conducting rigorous, case-specific analyses under Rule 23(b)(3)). Based on this analysis, the Court concluded that the class definition was overbroad, in part, because Plaintiffs' evidence suggested that approximately 50% of the class was uninjured. Order at 39–40. The Court also finds no error in its conclusion that identifying which class members are uninjured would require individualized inquiries. *Id.* Accordingly, the Court denies Plaintiffs' motion in this respect.

Third, Plaintiffs request that the Court reconsider whether the class definition can be narrowed to solve the overbreadth issue identified above. The Court denies this request because Plaintiffs have not identified newly discovered evidence, intervening law, clear error, or manifest injustice. *ACandS*, 5 F.3d at 1263. Plaintiffs argue that the class definition can be amended to identify injured consumers by narrowing to only those consumers who were "exposed to" Marriott's advertising. Pltfs. Mot. at 5–6. This argument is improperly raised for the first time on reconsideration. *Weeks*, 246 F.3d at 1236–37 (a motion for reconsideration does not give parties a "second bite at the apple");

*Ausmus v. Lexington Ins. Co.*, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) ("[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration).  The Court thus denies Plaintiffs' motion in this regard.[1]

**B. Marriott's Requests for Reconsideration Per Civ. L.R. 7.1(i)(1) and FRCP 59**

First, Marriott asks the Court to reconsider its certification of class members exposed to Marriott's allegedly inadequate resort-fee disclosures.  The Court denies this request because Marriott has not identified newly discovered evidence, intervening law, clear error, or manifest injustice.  *ACandS*, 5 F.3d at 1263.  Marriott argues that the Court clearly erred in granting certification because Marriott has no legal duty to disclose resort fees. Marriott's Mot. at 1–5.  This argument was not advanced in the motions before the Court and therefore, is not a proper ground for reconsideration.  *See Kona*, 229 F.3d at 890. Marriott admits the argument is new but contends it did not have the opportunity to raise it before because it did not know that Plaintiffs alleged liability based on a failure to disclose resort fees.  Marriott's Mot. at 2.  Given that this theory was alleged in the complaint, opined on by Plaintiffs' expert, disputed in the motions for summary judgment and class certification, and discussed before the Court at oral argument, the Court rejects Marriott's argument that it was unaware of this theory.  The Court therefore denies Marriott's motion on this ground.[2]

Second, Marriott requests that the Court reconsider its ruling certifying a class under the CLRA.  The Court denies this request because Marriott has not identified newly

---

[1] In any case, Plaintiffs' new definition still fails to account for the overbreadth problem identified in the Order because it does not "identify only those consumers who did not notice Marriott's resort fee disclosures."  Order at 40 n.16.

[2] If the factfinder determines that resort fees are material, then there may be a duty to disclose them under the CLRA.  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (a disclosure duty arises when a defendant conceals or suppresses a material fact or "had exclusive knowledge of material facts not known to the plaintiff").  Materiality is generally a fact-intensive question.  *See Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 977 (1997).  Thus, the Court cannot—as Marriott is essentially asking—resolve materiality as a matter of law on reconsideration.  Whether Marriott had a duty to disclose resort fees because they are material is an issue for the finder of fact.

discovered evidence, intervening law, clear error, or manifest injustice. *ACandS*, 5 F.3d at 1263. Marriott argues that the Court clearly erred by failing to dismiss the CLRA claim because Marriott's alleged failure to disclose resort fees does not violate the CLRA. Marriott's Mot. at 5–6. This argument is likewise raised for the first time on reconsideration, could have been raised previously, and therefore, is not a proper issue for reconsideration. *See Kona*, 229 F.3d at 890. In any case, Marriott's argument is legally misplaced. *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255 (deceptive practices proscribed in the CLRA include the concealment or suppression of material facts). The Court thus denies Marriott's request.

Finally, Marriott argues that Plaintiffs' surviving intentional misrepresentation claim is duplicative of Plaintiffs' concealment claim. Marriott's Mot. at 6. Again, this is a new argument that could have been raised earlier but was not. Nevertheless, because Plaintiffs agree that the claims are duplicative and do not oppose dismissal, *see* Dkt. 184 n.4, the Court will dismiss the intentional misrepresentation claim.

## IV.   CONCLUSION AND ORDER

For the reasons set out above, the Court DENIES Plaintiffs' motion for reconsideration [Dkt. 181] and GRANTS IN PART AND DENIES IN PART Marriott's motion for reconsideration [Dkt. 182]. Plaintiffs' seventh cause of action for intentional misrepresentation claim is DISMISSED based on the agreement of the parties. Plaintiffs' *ex parte* motion to strike Marriott's reply brief is denied as moot [Dkt. 186].

**IT IS SO ORDERED**.

Dated: June 6, 2023

Hon. Jinsook Ohta
United States District Judge