Brett N. Taylor (SBN 274400)
btaylor@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel.: 213-892-7925; Fax: 213-892-7999

Paul K. Leary, Jr. (PA Bar No. 85402)
(*Pro Hac Vice*)
pleary@cozen.com
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: 215-665-2000; Fax: 215-665-2013

Chad E. Kurtz, (DC Bar No. 1016934)
*(Pro Hac Vice)*
ckurtz@cozen.com
COZEN O'CONNOR
1200 19th Street NW, Suite 300
Washington, DC 20036
Tel.: 202-463-2521; Fax: 202-640-5939

Attorneys for Defendant,
Marriott International, Inc.

-----------------------------------------------------

Ronald A. Marron (SBN 175650)
Lilach Halperin (SBN 323202)
ron@consumersadvocates.com
lilach@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, CA 92103
Tel.: 619-696-9006; 619-564-6665

L. Timothy Fisher (SBN 191626)
ltfisher@bursor.com
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel.: 925-300-4455; Fax: 925-407-2700

Robert L. Teel (SBN 127081)
lawoffice@rlteel.com
LAW OFFICE OF ROBERT L. TEEL
1425 Broadway, Mail Code: 20-6690
Seattle, WA 98122
Tel.: 866-833-5529; Fax 855-609-6911

Attorneys for Plaintiffs,
Todd Hall and George Abdelsayed and the Issues-Only Class

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL and GEORGE ABDELSAYED, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 3:19-cv-01715-JO-AHG<br><br>**JOINT STATEMENT OF FACTS AND SUPPLEMENTAL BRIEFING REGARDING TERMS OF SETTLEMENT AGREEMENT IN SUPPORT OF MOTION TO VACATE THE PORTION OF THE COURT'S MARCH 30, 2023 ORDER CERTIFYING AN ISSUES-ONLY CLASS, AND TO DISMISS THE ACTION WITH PREJUDICE**<br><br>Date: February 5, 2024<br>Court: 4c<br>Judge: Hon. Jinsook Ohta<br>Filed without scheduling a time for hearing under LCR 7.1(d)(1) |

Plaintiffs Todd Hall and George Abdelsayed ("Plaintiffs") and Defendant Marriott International, Inc. ("Defendant") respectfully submit this joint statement of facts and supplemental briefing pursuant to the Court's minute order (ECF No. 210) regarding the terms of the proposed settlement agreement in relation to the Joint Motion to Vacate Class Certification and Joint Motion to Dismiss the Action with Prejudice (the "Motion"). ECF No. 207.

2

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

The parties have diligently and zealously prosecuted and defended this litigation over the past four years. Following extensive discovery and motion practice, months of settlement negotiations, and a full day of mediation, Plaintiffs and Defendant reached a settlement in accordance with a mediator's proposal. The settlement resolves Plaintiffs' claims in this case and the claims for public injunctive relief in related case number 3:23-cv-01764-JO-AHG (collectively the two cases are referred to herein as the "Litigation") in a written Confidential Settlement Agreement and General Release dated January 19, 2024 (the "Agreement").[1]

The Agreement provides as follows:

**1.    Scope of the Release.**

At the outset, it is important to note that the Agreement is between Marriott and the named Plaintiffs only. The Agreement expressly provides that it does not bind members of the certified class or any non-parties:

> In consideration of the covenants and agreements contained herein, Plaintiffs, for themselves and on behalf of each of their agents, heirs, executors, administrators, representatives (each solely in his, her, or its respective capacity as such), successors and assigns, and anyone who claims or may claim through any of the foregoing, hereby forever release and discharge Marriott and all of its current and former partners, parents, subsidiaries, divisions, affiliated or related companies, predecessors, successors, assigns, companies, related partnerships or entities, and each of their present or former officers, directors, employees, partners, shareholders, investors, accountants, owners, members, managers, trustees, insurers, attorneys, agents, vendors, representatives and contractors (collectively "the Released Parties"), from any and all claims, demands, damages, accounts, debts, liens, suits, actions and rights or causes of action, including, but not limited to, claims for attorneys' fees and costs, whether known or unknown, suspected or unsuspected, which they now have or have had, or hereafter can, shall or may have against the Released Parties for or by reason of any matter or occurrence prior to the Effective Date of this Agreement, including but not limited to all claims related to any allegation made or that could have been made in the *Hall* Lawsuits (collectively, the "Released Claims").

---

[1] The mediator's proposal and settlement was characterized as satisfying the objectives of the Litigation and obviating the need for a class remedy.

3

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

Plaintiffs acknowledge that this release includes, but is not limited to, all claims and causes of action that have been or could have been asserted against the Released Parties in the *Hall* Lawsuits. Plaintiffs acknowledge and agree that this release <u>does not</u> include the claims of separate purported class members, and that nothing in this Agreement shall bind non-parties to this Agreement. (§ IV).

### 2.   Settlement Amount.

The Agreement requires Defendant to pay a monetary settlement amount. The monetary settlement amount includes a $5,000 payment to each of the named Plaintiffs in exchange for a release of Plaintiffs' individual claims only and that reflects their role in the case, with the remainder of the settlement amount being paid to Plaintiffs' attorneys to reimburse them for a portion of their attorneys' fees and costs. The Agreement requires payment to be made once the following conditions are met:

> The Settlement Amount must be paid within ten (10) business days after all of the following events have occurred: the execution of this Agreement; the filing of a motion to vacate the *Hall I* court's March 30, 2023 order to the extent, and only to the extent, the order certifies a class under FRCP 23(c)(4); and the order(s) dismissing the *Hall* Lawsuits and vacating the *Hall I* court's March 30, 2023 order in the manner set forth above. Except as set forth above, the Parties agree that each party shall bear its own attorneys' fees and costs incurred in relation to the *Hall* Lawsuits, the Released Claims (as defined below), and this Agreement, and that the Settlement Amount shall be the sole payment made in connection with this Agreement. (§ I).

As discussed below, the Agreement provides that the total amount of the settlement payment is confidential. The parties believe in good faith that, under the applicable case law, the Court is permitted to vacate the class[2] without considering

---

[2] "Under Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons, including "any other reason that justifies relief." "Rule 60(b)(6) is a 'catch-all' provision that 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Jung Ai Shin v. U.S.C.I.S.*, No. CV 12-2839-GHK (SSx), 2013 WL 571781, at *2 (C.D. Cal. Feb. 13, 2013) (citations omitted)"; *Pettersen v. Circle K Stores, Inc.*, 3:21-cv-00237-RBM-BGS (S.D. Cal. Jan. 23, 2024) (vacating class certification order in light of the parties' intended settlement)

4

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

the portion of the total settlement amount being paid to Plaintiffs' attorneys. If the Court were nonetheless to require the parties to publicly disclose the amount of that portion of the settlement, Marriott would likely move to withdraw the joint motion to vacate class, deem the settlement void under Section III of the Agreement, and proceed with trial.

### 3. Behavioral Changes.

The Agreement requires Marriott to undertake certain behavioral modifications in connection with the public injunctive relief case (Case No. 3:23-cv-01764-JO-AHG), which was removed from state court and is now pending before this Court. Marriott has already implemented some of the changes. More than two years ago, Marriott updated its display on Marriott.com and on its Bonvoy App to show the "total price" of a room (room rate + resort/destination fee) on the initial search page that consumers see. And, Marriott also updated the manner in which amenities affiliated with resort or destination fees are disclosed, allowing for greater detail around amenities offered. The behavioral changes outlined in the Agreement augment those improvements. The behavioral changes required by the Agreement are as follows:

> Marriott shall update Marriott.com so that the nightly rates listed on its "Flexible Dates" calendar view will include any applicable resort fee. Marriott shall also address the instances identified by Plaintiffs in which an amenity or service is advertised as free but included as part of the benefits provided for a mandatory resort fee, all which instances will be submitted within 180 days of the execution of this Agreement. (§ II).

### 4. Confidentiality.

The Agreement provides that its terms are to be kept confidential:

> The Parties agree that their negotiations regarding this settlement, this Agreement, and the terms of this Agreement shall be confidential (the

5

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

"Confidential Information") and that neither the Parties, nor their counsel, consultants, agents, and experts shall disclose the terms of the Confidential Information to any person or entity other than to their accounting, legal or tax professionals and except as may be required by law, including any licensing, regulatory, or governmental authorities, agencies, or other entities, or to enforce the terms of this Agreement. Further, in the event that either Party is compelled by force of law to disclose the Confidential Information, such Party agrees that notice of receipt of the judicial order or subpoena shall be communicated to the other Party (through their attorney) in writing within five (5) business days so that the non-ordered or non-subpoenaed party will have the opportunity to assert what rights the party may have in non-disclosure prior to any response to the order or subpoena. The Parties represent and acknowledge that the sole consideration for their mutual promise to maintain confidentiality of the Confidential Information is each other's reciprocal promise to do so, the sufficiency of which is acknowledged by the Parties.

Plaintiffs warrant and represent that, from the time Plaintiffs began negotiating a settlement through their execution of this Agreement, they have not disclosed to any person or entity (other than their attorneys, spouse(s), or accountant(s)) any settlement offers made by either party and the fact that the parties have been discussing settlement, or the Confidential Information. Should any Party be contacted about this Agreement by any representative of any news media, websites, blogs, consumer protection organizations, newsletters, or other public media outlet, the Party shall only represent that the matter has been resolved and shall not reveal the terms and conditions of said settlement and/or other details of the settlement. The Parties agree that the confidentiality provisions set forth in this section are **material terms** of this Agreement. (Emphasis added.) (§ VI).

It is important to note that the parties agreed that these confidentiality provisions "are material terms" of the Agreement. If the Court were to decline to vacate the Order certifying a class, the Agreement states it "will be void":

Plaintiffs and Defendant agree and acknowledge that this Agreement is contingent on the Hall I court (i) vacating the March 30, 2023 order to the extent, and only to the extent, it certifies a liability class under FRCP 23(c)(4) and (ii) dismissing the Hall Lawsuits with prejudice. Plaintiffs

6

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

and Defendant agree to exercise all reasonable efforts and to take all steps necessary to vacate the March 30, 2023 order in the manner set forth above, and to dismiss the Federal and State Lawsuits with prejudice. If the Hall I court declines to vacate the March 30, 2023 order to the extent it certifies a liability class under FRCP 23(c)(4), this Agreement will be void. (§ III).

**5. Other Provisions.**

The Agreement includes the following provision regarding "Other Claims and Charges":

> Plaintiffs and their attorneys represent that they have not filed any other lawsuit, complaint, claim or charge against Defendant with any other local, state or federal agency or court. Plaintiffs and their attorneys represent that, to the best of their knowledge and understanding, they are not aware of any other potential claims, complaints, or charges against Defendant other than the claims referenced in the *Hall* Lawsuits. Plaintiffs' attorneys are executing this Agreement for the limited purpose of binding themselves to the representations in this Paragraph. Defendant is specifically relying on the representation in this Paragraph as a basis for entering into this Agreement. (§ V).

And the Agreement provides that the parties are entering into it as a compromise and that Marriott does not admit to any issue of law, fact or liability:

> The Parties acknowledge that this Agreement is entered into in settlement and compromise of disputed claims by Plaintiffs. It is expressly acknowledged and agreed that nothing in this Agreement shall constitute or be construed as an admission of any issue of law, fact or liability on the part of Defendant, nor should anything in this Agreement be deemed an acknowledgement as to the validity of any claim asserted against Defendant in the *Hall* Lawsuits. (§ VII).

The Agreement, of course, also includes standard boilerplate provisions that provide that the parties are represented by and relied upon counsel; that the Agreement shall be construed under California law; that the Agreement constitutes the entire agreement of the parties; and that the parties did not rely on any

inducements, statements or representations not set forth in the Agreement, among other standard language. (§§ VIII-IX).

\* \* \*

Plaintiffs have determined that it is in the best interests of the class to forego seeking a trial on the issue certified for class treatment in order to secure behavioral changes consistent with Plaintiffs' theories of liability in the Litigation. This determination is based in part on a recognition that the Court's ruling in the parties' competing summary judgment motions (1) not only means Plaintiffs are unable to recover class-wide damages or injunctive relief on behalf of the issues class from this Court, but also (2) creates a meaningful risk for, and jeopardizes the rights of, class members who wish to seek and obtain *any* individual monetary relief if Defendant were to prevail on the class-wide issue of liability to be tried to a jury.

Based on, *inter alia*, the foregoing, the settlement is fair, reasonable, and adequate, while, importantly, preserving the claims of class members.

The settlement is the product of extensive arms-length negotiations that took place over several months and with the assistance of an experienced mediator. It was negotiated by lawyers with a depth of experience in consumer protection law and in class action litigation more broadly and was reached only after the parties were well-informed of all relevant facts and the strengths and weaknesses of Plaintiffs' case—and of Defendant's defenses. Given the circumstances of the two cases pending before the Court, Plaintiffs' counsel believes that the deal represents the best possible result for both the issues class and the public. Consequently, if this were a class-wide settlement, which it is not, it would satisfy any applicable criteria for approval. However, for the reasons set forth in the Motion, under Rule 23(e) (and/or if the class is vacated), the Court need not approve the settlement.

The settlement is a direct result of a mediation session held with the Honorable Peter D. Lichtman (Retired). Judge Lichtman, who is very experienced in class action

8

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

matters, previously served as head of the Los Angeles County Superior Court's Mandatory Settlement Program. He also was one of the founders of the Superior Court's Complex Civil Litigation program, and twice served as its supervising judge. At the conclusion of the mediation day, Judge Lichtman presented the parties with a mediator's proposal that in his experience could be determined to be fair, reasonable and adequate. That proposal resulted in a settlement in accordance with his recommendations. At all times, the settlement and mediation negotiations were adversarial, non-collusive, and conducted at arms-length.[3]

As further set forth in the Motion, Rule 23(e)(2) does not apply because the settlement does not bind class members and therefore the Court is not required to make findings about fairness, reasonableness, or adequacy under the factors set forth in Rule 23(e)(2)(a)-(d). However, for the reasons set forth herein, the settlement nonetheless satisfies all the requirements for approval under the entirety of Rule 23(e).

If the Court (i) recognizes that the settlement eliminates the risk of class members losing individual claims should Plaintiffs not prevail on liability (thereby preserving their claims), and (ii) consequently vacates the class, the Court need not approve the settlement because it is not a "class action settlement." Nonetheless, to the extent that the Court, when determining whether to vacate the class, assesses whether to approve the settlement, we note that judicial approval is required of any class action settlement if it is "fair, reasonable, and adequate."[4] *See Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012). To determine whether a settlement agreement is fair, reasonable and adequate, a district court should balance a number of factors,

---

[3] At the mediation, a "robust and healthy exchange" took place.

[4] As further set forth in the Motion, Rule 23(e)(2) does not apply because the settlement does not bind class members and therefore the Court is not required to make findings about fairness, reasonableness, or adequacy under the factors set forth in Rule 23(e)(2)(a)-(d). However, for the reasons set forth herein, the settlement nonetheless satisfies all the requirements for approval under Rule 23(e)(2)(a)-(d).

9

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

including without limitation the strength of plaintiffs' case, the risk, expense, complexity, and duration of further litigation, the risk of maintaining class action status throughout the trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, and the experience and views of counsel. *Lopez v. Mgmt. & Training Corp.*, No. 17cv1624 JM(RBM), 2019 WL 6829250, at *5 (S.D. Cal. Dec. 13, 2019) (Miller, J.) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

If this were a settlement on behalf of and binding all class members, approval would be appropriate "'[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (quoting Manual for Complex Litigation § 30.44 (2nd ed. 1985)). These factors require the Court to evaluate the strength of Plaintiffs' case. *Id.* The proposed settlement need not be ideal, but it must be fair, free of collusion, and consistent with counsels' fiduciary obligations to the class. *Hanlon, supra* at 1027; *See also Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575-76 (9th Cir. 2004).

The settlement meets all the requirements for approval and satisfies any applicable class-action settlement standards because it: (1) falls within the range of possible approval; (2) is the product of serious, informed, non-collusive negotiations; (3) has no obvious deficiencies; and (4) does not improperly grant preferential treatment to class representatives or segments of the class.[5] *Lopez v. Mgmt. &*

---

[5] Regardless of whether Plaintiffs were to prevail or not on the liability issue, they would have the right to try and/or settle their individual damage claims in any amount at any time before the jury rendered a verdict or on appeal. Individual class members on the other hand would still have to bring their own individual lawsuits for monetary damages which would potentially be subject to a defense of collateral estoppel should Defendant prevail on the class-wide liability issue. So long as individual class members are not bound by the settlement, there is no prejudice regardless of the amount paid to settle Plaintiffs' individual claims.

10

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

*Training Corp.*, 2019 WL 6829250, at *5; *see also Sierra v. Kaiser Found. Hosps.*, No. 3:18-cv-00780-KSC, 2019 WL 5864170, at *9 (S.D. Cal. Nov. 7, 2019). Settlements that are the result of hard-fought litigation and arms-length negotiations among experienced counsel, such as this settlement, are entitled to an initial presumption of fairness. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d at 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

The settlement is the product of informed arms-length negotiations because it was preceded by four years of adversarial litigation involving substantial discovery, including the exchange of multiple sets of written discovery and hundreds of documents, and extensive motion practice, including various discovery motions, dueling motions for partial summary judgment, and a motion for class certification. *See Ruch v. Am Retail Grp., Inc.*, No. 14-cv 05352-MEJ, 2016 WL 5462451, at *2-*8 (N.D. Cal. Mar. 24, 2016) (holding that the process by which the parties reached their settlement, which included "extensive pre-mediation exchanges of information" and weeks of negotiating the settlement with back and forth on the details ". . . weigh[ed] in favor of approval"); *See also Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (settlement negotiations were not collusive where "the parties arrived at the settlement after engaging in extensive discovery and after fully briefing their respective motions for summary judgment").  Further, at the time of settlement negotiations and mediation Plaintiffs and counsel had a full understanding of the strengths and weaknesses of the claims and defenses and were able to assess whether the change in business practices would benefit the public and class members when weighed against the risks of continuing litigation. *See Harris*, 2011 WL 1627973, at *8.

Moreover, the settlement was reached only after the parties participated in a full day in-person mediation session with an experienced mediator, and several

months of settlement negotiations—all of which "further suggests that the parties reached the settlement in a procedurally sound manner and that it was not the result of collusion or bad faith by the parties or counsel." *Id.; see also Manouchehri v. Styles for Less, Inc.*, No. 14cv2521 NLS, 2016 WL 3387473, at *5 (S.D. Cal. June 20, 2016) ("A mediator's involvement during the course of settling a class action is evidence of arms-length, non-collusive negotiations").

Accordingly, the settlement is the product of serious, informed, non-collusive negotiations and merits an initial presumption of fairness. In light of the settlement, it is unnecessary, and indeed contrary to the interests of judicial economy, for the parties and the Court to further litigate the issues certified or the related state court public injunctive relief case (removed by Defendant and now pending before this Court). Given the foregoing, the fact that the settlement preserves the individual claims of class members, and the fact that Marriott changed its website, such that the narrow liability issue certified for class treatment is no longer even a part of the booking flow process, the Motion should be granted, the portion of the Court's order certifying an issues-only class pursuant to Rule 23(c)(4) should be vacated, and the Litigation between the parties should be dismissed.

Respectfully submitted,

Dated: February 7, 2024   **COZEN O'CONNOR**

*/s/ Brett N. Taylor*
Brett N. Taylor, Esq.

Brett N. Taylor (SBN 274400)
*btaylor@cozen.com*
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: 213-892-7925
Facsimile: 213-892-7999

12

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG

Paul K. Leary, Jr. (PA Bar No. 85402)
(*Pro Hac Vice*)
*pleary@cozen.com*
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone:  215-665-2000
Facsimile: 215-665-2013

Chad E. Kurtz, (DC Bar No. 1016934)
*(Pro Hac Vice)*
*ckurtz@cozen.com*
COZEN O'CONNOR
1200 19th Street NW, Suite 300
Washington, DC  20036
Telephone:  202-463-2521
Facsimile:   202-640-5939

***Attorneys for Defendant,
Marriott International, Inc.***

DATED: February 7, 2024         /s/ *Ronald A. Marron*

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: *ltfisher@bursor.com*

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529

***Attorneys for Plaintiffs and the Issues-Only Class***

COZEN O' CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

14

JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION ORDER AND DISMISS ACTION - CASE NO.: 3:19-CV-01715-JO-AHG