**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911

**BURSOR & FISHER, P.A.**
L Timothy Fisher (SBN 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 3:19-cv-01715-JO-AHG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* (ECF NOS. 231 AND 232) TO EXCLUDE ANTICIPATED EVIDENCE AND TESTIMONY**<br><br>Date:  March 29, 2024<br>Time: 9:30 a.m.<br>Court: 4C<br>Judge: Hon. Jinsook Ohta<br><br>Trial Date: April 22, 2024 |

## THE ISSUE

The issue is whether Defendant's two sets of motions *in limine* (the motions filed as ECF Nos. 231 and 232 may be individually and collectively referred to herein as a "motion" or "motions") sufficiently specify the potential evidence or potential testimony Defendant believes should be excluded from trial in order to establish that the evidence is clearly inadmissible for any purpose.

## THE RULE

The rule in the Ninth Circuit and this District is that "[e]vidence is excluded on a motion *in limine* **only** if the evidence is clearly inadmissible for **any purpose**." *Mathis v. Milgard Manufacturing, Inc.*, No. 16-cv-2914-BEN-JLB, 2019 WL 482490, at *1 (S.D. Cal. Feb. 7, 2019) (citing *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006)). [***Emphasis added***.] If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *States v. Bensimon,* 172 F.3d 1121, 1127 (9th Cir. 1999). Defendant has not described the evidence it seeks to preclude with sufficient specificity to demonstrate it is clearly inadmissible for *any* purpose and for the reasons set forth below Defendant's motions should be denied.

## THE ANALYSIS

The Court correctly stated the standard for the information and evidence the trier of fact in this case should consider in connection with deceptive advertising claims when ruling on the parties' cross-motions for summary adjudication.

### I. EVIDENCE OF CONTEXT IS "CRUCIAL" AND ADMISSIBLE

"Whether a representation is deceptive is determined by viewing it in the ***context*** of the commercial interaction as a whole. *See Freeman*, 68 F.3d at 290; *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Salazar v. Walmart, Inc.*, 83 Cal. App. 5th 561, 569 (2022) ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.") (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013))." ECF No. 180, pg. 14,

-1-

| | |
|---|---|
| 1 | lns. 5-11. [*Emphasis added*.] |
| 2 | *See also, e.g.*, *Salazar v. Target Corp.*, 83 Cal. App. 5th 571, 584 (2022) (["[D]eceptive advertising claims should take into account all the information available to consumers and the **context** in which that information is provided and used.") (citation omitted); *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1241–42 (2007) (examining likelihood that reasonable consumer would be deceived "[i]n context"); *Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP*, 184 Cal. App. 4th 313, 35 (2010) (same); *Delman v. J. Crew Grp., Inc.*, 2017 WL 3048657, at *7 (C.D. Cal. May 15, 2017) ("The question is how a reasonable consumer would interpret the phrase . . . in the **context** of the specific commercial interaction that Plaintiff has challenged."). ECF No. 180, footnote 3, pg. 14. [*Emphasis added*.] |

To put it more succinctly, the context in which information was provided to Plaintiffs and a reasonable consumer is "crucial".

"[T]he question of whether a reasonable consumer is likely to be deceived by any particular **combination of statements, omissions, and qualifying disclosures** remains a question of fact. *See, e.g.*, *Linear*, 152 Cal. App. 4th at 134–35; *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) (finding that consumers are not required to "look beyond misleading representations on the front of the [tag] to discover the truth . . . in small print on the side of the [tag]."). ECF No. 180, pg. 18, ln. 24 through pg. 19, ln 1. [*Emphasis added*.]

Defendant contends allowing Plaintiffs to submit potential evidence and testimony about Marriott's failure to conspicuously disclose resort fees *throughout the booking flow* somehow is either not relevant, or the relevance is outweighed by prejudice or confusion, or that the Court already found that failure to disclose to be non-deceptive, or that it "does not make sense."

But relevance is broad, and context is crucial. Pursuant to Federal Rule of Evidence ("FRE") 401, "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  And here is what the Court actually said about this issue:

> "Unlike its disclosure of the total price, ***Marriott does not repeatedly and conspicuously disclose resort fees throughout the booking process***. On ***the second page*** of Marriott's booking process, a blue box appears at the top of the page disclosing a resort fee. *See* SUMF at 8; Marriott's MSJ, Ex. F at 3. This blue box disclosure is the first text to appear on the page and is bolded and outlined but is smaller than the surrounding text and does not appear immediately next to the hotel price information. Next, ***the third page*** clearly discloses additional "taxes and fees," but does not disclose a resort fee—consumers can only discover that a resort fee is included in this amount by clicking on the "Summary of Charges" drop-down box. box. *See* SUMF at 8, 14–15; Marriott's MSJ, Ex. F at 3–5. These resort fee disclosures are not conspicuous enough for the Court to find them nondeceptive as a matter of law. A factfinder should resolve these genuine and material factual disputes about whether consumers would notice and understand the disclosures due to their font size, color, and ***placement within the context of the entire transaction***. Indeed, Plaintiffs point to survey evidence, that approximately 50% of consumers do not notice these disclosures and do not know they paid resort fees. *See* Pltfs. Ex. 11." ECF No. 180, pg. 19, lns. 7-22. [***Emphasis added***.][1]

## II. **MARRIOTT'S MOTION TO PRECLUDE *ALL* PLAINTIFFS' TESTIMONY IS OVERBROAD AND UNFOUNDED**

Defendant's first motion *in limine* seeks "to preclude the two named Plaintiffs from testifying about the adequacy of Marriott's resort fee disclosure—including but not limited to the 'font size, color, and placement' of the disclosure" is an extraordinary overreach. ECF No. 231 at 1:2-4. Defendants' motion is in actuality just another bite at the summary adjudication apple and a *sub rosa* motion for

---

[1] Marriott argues that the Court ruled "[t]he blue box on the second page, based on its font size, color, and location, is either conspicuous or it is not, as a matter of law. Whether the room rate alone is disclosed on the first page does not make the blue box any more or less conspicuous." *See* ECF No. 232 at 3:19-22. In other words, Marriott appears to argue that contrary what this Court held, *context* is not relevant, and would be so prejudicial as to render testimony about Plaintiffs' experience with the booking flow inadmissible. That is not the law regarding admissibility of relevant evidence in the Ninth Circuit.

1    decertification.

2        Defendant attempts to prevent the jury from hearing any testimony from Plaintiffs when considering whether Plaintiffs (as reasonable consumers) were misled by Defendants' representations and omissions during the booking process. However, Defendant contends in its *Daubert* motion that the jury *should* hear Plaintiffs' testimony. *See* ECF No. 230 at 1:23-24 ("It is within the ken of the jury, based on the testimony of Plaintiffs' booking experience, as to whether the disclosure was adequate.").

    Defendant cites to FRE 402 and 403 and a smattering of case law in support of this extraordinary proposition that Plaintiffs' testimony about when, where, and how they were deceived is, in Defendant's world, prejudicial and irrelevant as a *matter of law*.[2] ECF No. 231 at 1:20-24. But as the Court already ruled, "[w]hether a business practice is deceptive will usually be a question of fact that cannot be resolved as a matter of law." *See, e.g.*, *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007)." ECF 180 at 14:12-14:

> "Despite Marriott's arguments, Lead Plaintiffs sufficiently created a triable issue on reliance by testifying that resort fee information was significant to their decision making. Marriott points to Lead Plaintiffs' testimony that they based their decisions to purchase Marriott hotel rooms on factors unrelated to resort fees. See Marriott's MSJ at 11–12; Abdelsayed Dep. Tr. at 80:12–14; 82:11–15 (testifying that, to him, the most important feature of a hotel room was price and that he did not look at what was in the "summary of charges" as long as the total price was within his budget); Hall Dep. Tr. at 95:15–96:12 (testifying that he "most likely" would not have booked Marriott's hotel room had he seen resort fees). From these statements, Marriott argues that Lead Plaintiffs' lack of reliance is undisputed. Although this testimony may demonstrate that resort fees were not "the sole or even the decisive cause" of Plaintiffs'

---

[2] Despite its reliance on FRE 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons) as a basis to preclude Plaintiffs' testimony before the jury, Defendant cites no prejudicial effect other than the bald and unsupported assertion that it would somehow result in juror confusion.

-4-

decisions to book their hotel rooms, it does not establish that resort fees were not a "substantial part" in Plaintiffs' decision making. *See Kwikset*, 51 Cal. 4th at 326–27; *CIBC World Markets Corp.*, 157 Cal. App. 4th at 864. Plaintiff Hall testified that had he seen the resort fee disclosures, he "most likely" would not have booked Marriott's hotel room, and Plaintiff Abdelsayed submitted a declaration stating that he relied on Marriott's "buried resort fees," and testified that "[y]ou shouldn't have to have a drop-down menu to see [the resort fee]" and that he wanted to be informed of the resort fee. See Hall Dep. Tr. at 95:15–96:12; Dkt. 144, Abdelsayed Decl. ¶¶ 7–8; Dkt. 144, Ex. B at 218:24-219:21, 261:5-9. Plaintiffs' testimony that resort fees mattered to them and that they would have behaved differently with clearer disclosures creates a triable issue that resort fees played a "substantial part" in their purchasing decisions. *See Alliance Mortgage*, 10 Cal. 4th at 1239; *see also Mirkin*, 5 Cal. 4th at 1093. With the above testimony, Plaintiffs have created a genuine factual dispute on reliance that cannot be decided as a matter of law on summary judgment for either side." ECF No. 180 at 25:19-28; 26:1-14.

This Court has already determined Plaintiffs' testimony is relevant as to (a) the materiality of resort fees (they "mattered"), (b) the deceptively inconspicuous nature of the resort fee information ("buried resort fees"), and (c) whether the inadequate resort fee disclosures played a "substantial part" in their purchasing decisions. ECF 180 at 13:7-13.

Contrary to the Court's ruling on summary adjudication, Marriott now claims to have uncovered "new evidence" from Plaintiffs depositions taken over two years ago (and in Mr. Hall's case over two and half years) that supposedly conclusively establishes Plaintiffs have no basis to testify about the inadequacy of Marriott's resort fee information, and that such testimony is irrelevant as a matter of law. However, both Plaintiffs testified that Marriott's resort fee disclosures were inadequate, so much so that reasonable consumers miss it. *See, e.g.*, Dkt. No. 144-2 [Hall Decl. iso MCC at ¶¶ 8-9, 11, citing deposition testimony]; Dkt. No. 144-4 [Abdelsayed Decl. iso MCC at ¶¶ 7-8, citing deposition testimony]. Notwithstanding, if Marriott truly believes the evidence "is contradicted by

1  Plaintiffs' deposition testimony," it may use that testimony to attempt to impeach
2  Plaintiffs' at trial under Fed. R. Civ. Proc. 32(a)(2). But, impeachable or not,
3  Plaintiffs testimony is not clearly inadmissible for *any* purpose.
4      Defendant has already had a bite at this apple in the summary adjudication
5  motions. Its bald assertion that it has uncovered "new evidence" is unfounded and
6  demonstrably false. Further, Marriott's motion is hopelessly overbroad, vague, and
7  provides no guidance as to the specific evidence Defendant seeks to exclude.
8  Plaintiffs' testimony is not clearly inadmissible for any purpose and Marriott's *in*
9  *limine* motion should be denied.

### III. MARRIOTT'S BELATED ARGUMENT REGARDING ITS DUTY TO DISCLOSE SHOULD BE DENIED

12      Defendant contends there is "no duty to disclose [the] information" about
13  resort fees because there is no duty to disclose "all components for a final price."
14  ECF No. 231 at 4:1-6. Defendant failed to raise this argument in its motion to dismiss
15  or at summary judgment, and should be precluded from doing so at the eve of trial.
16  *See* ECF No. 188 at 5:8-18 [Order on Reconsideration ("Marriott argues that the
17  Court clearly erred in granting certification because Marriott has no legal duty to
18  disclose resort fees . . . This argument was not advanced in the motions before the
19  Court and therefore, is not a proper ground for reconsideration."). Further, in
20  rejecting this same argument, this Court held, "[i]f the factfinder determines that
21  resort fees are material, then there may be a duty to disclose them under the CLRA.
22  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (a disclosure duty arises when
23  a defendant conceals or suppresses a material fact or 'had exclusive knowledge of
24  material facts not known to the plaintiff'). Materiality is generally a fact-intensive
25  question. *See Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 977 (1997).
26  Thus, the Court cannot—as Marriott is essentially asking—resolve materiality as a
27  matter of law on reconsideration. Whether Marriott had a duty to disclose resort fees
28  because they are material is an issue for the finder of fact." *Id*. at 5, fn. 2. For these

-6-

1 same reasons, Marriott's motion *in limine* on this basis should be denied.

2 Here, Defendant actively concealed a material fact from Plaintiffs and made partial representations while also suppressing material facts – namely, that the price of its hotel rooms included resort fees. ECF No. 180 at 19 ("Marriott does not repeatedly and conspicuously disclose resort fees throughout the booking process."). Defendant also had exclusive knowledge of the resort fees and those fees were not known to Plaintiff. *Id*. at 2 (citing Plaintiffs' evidence that Marriott's resort fees were "buried" and they did not see Marriott's resort fee disclosures). Courts have routinely held that defendants like Marriott must disclose their hidden fees. *See, e.g., Watts v. Jackson Hewitt Tax Serv. Inc*., 579 F. Supp. 2d 334, 352 (E.D.N.Y 2008); *Ehret v. Uber Technologies, Inc*., 68 F. Supp. 3d 1121, 1129 (N.D. Cal. 2014); *Holt v. Noble House Hotels & Resort, Ltd*., 2018 WL 539176, at *5-6 (S.D. Cal. Jan 23, 2018). Defendant's cited cases are inapposite for the reasons described in Plaintiffs' Opposition to Defendant's Motion for Reconsideration. *See* ECF No. 184.

## IV. PLAINTIFFS DO NOT INTEND TO SUBMIT EVIDENCE OR ARGUMENT OF ABANDONED OR STRICKEN THEORIES OF LIABILITY

First, contrary to Defendant's second set of motions *in limine* (ECF No. 232, Article II, §§ A-D) Plaintiffs do not intend to improperly introduce *any* evidence and argument other than as it relates to the adequacy or inadequacy of the resort fee disclosures.  ECF No. 232 at 1:25-27.  Similarly, Plaintiffs to not intend to try any abandoned theories of the case, including the "complimentary" and "undisclosed amenities" theories referred to in Defendant's second set of motions *in limine*. *Id*.

Here, the vague nature of Defendant's motion *in limine* mandates its denial. Defendant does not specify in any way the witnesses or testimony that it seeks to exclude.  Instead, Defendant presents limited examples that seek a broad order with fuzzy parameters for purposes of trial. *See  Stone Brewing Co. v. MillerCoors LLC*, Case No.: 3:18-cv-00331-BEN-LL (S.D. Cal. Jan. 7, 2021) citing *Sperberg v.*

-7-

*Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders *in limine* which exclude broad categories of evidence should rarely be employed."). More troubling, despite fashioning the motion as one seeking to exclude testimony and related evidence because it is "improper for multiple reasons" (ECF No. 232 at 4:1), Defendant seeks to exclude undefined, broad sets of evidence and testimony. *See generally* ECF No. 232.

      Plaintiffs have already stipulated not to use "drip pricing", "anchoring", "partition", and "bait and switch" language in testimony or as a basis for arguing liability.  Other than precluding that language, Defendant's motion does not articulate a clear test for determining whether testimony would fit into a category Defendant seeks to exclude.  As a result, rather than promoting any efficiency, granting Defendant's motion *in limine* risks turning certain questioning in the upcoming trial into a version of the board game Taboo.[3]

      The fact is, as the Court noted, Marriott does not repeatedly and conspicuously disclose resort fees throughout the booking flow process.  The Court should allow evidence and argument about what Plaintiffs took into account when exposed to ***all the information available to them*** (and reasonable consumers) ***during the booking flow process and the context*** in which that information was provided and used.  ECF No. 180, fn. 3 at 14, citing *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1241–42 (2007) (examining likelihood that reasonable consumer would be deceived "[i]n context").  [***Emphasis added***.]

      Defendant argues that Plaintiffs should be precluded from arguing that the blue-box resort fee disclosure is inconspicuous "because it is disclosed separately from the room rate." ECF No. 232 at3:13-14. However, this Court held that there were "disputed issues of fact regarding the deceptiveness of Marriott's booking

---

[3] Taboo is a word-guessing board game published by Hasbro in which the goal is for a player to have his/her partner(s) guess the word on his/her card without using the word itself or five additional words listed on the card.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
CASE NO.: 3:19-CV-01715-JO-AHG

1  process and the adequacy of its disclosures" because, *inter alia*, the blue box
2  disclosure "does not appear immediately next to the hotel price information." ECF
3  No. 180 at 18-19. Further, the Court held "[a] factfinder should resolve these genuine
4  and material factual disputes about whether consumers would notice and understand
5  the disclosures due to their font size, color, *and placement* within the context of the
6  entire transaction." *See id*. (emphasis added). Because the placement of the blue box
7  disclosure on the Marriott website is relevant to the remaining issues in this case, the
8  Court should deny Marriott's motion *in limine* seeking to exclude evidence and
9  argument regarding the placement of the blue box disclosure.
10  Defendant also argues that Plaintiff should be precluded from arguing about
11  the "*propriety*" resort fee disclosures. *See* ECF No. 232 at 4:19-20 (emphasis in
12  original). However, Plaintiff does not intend to "make the trial about . . . the
13  *propriety*" of resort fees themselves. *See id*. Instead, the trial will be about the
14  propriety of Marriott's resort fee *disclosures* and Marriott's inadequate method of
15  disclosing and providing information about resort fees.
16  Plaintiffs should not be precluded from proving their case by disallowing
17  evidence and testimony in the context of Plaintiffs' entire booking flow transactions
18  showing that the misrepresentation and omissions "played a substantial part . . . in
19  influencing [Plaintiffs'] decision". ECF No. 180 at 25:1-4; 25:9-11.

20  **V.     EVIDENCE REGARDING THE RESORT FEE AND "TAXES
21              AND FEES" CATEGORY SHOULD NOT BE PRECLUDED**

22  Defendant argues, "Plaintiffs may attempt to argue the reference to 'Taxes
23  and fees' somehow plays a role in the resort fee being inconspicuous" and "[t]his
24  would be a novel theory that was never raised in the complaint or depositions." ECF
25  No. 232 at 5:6-8. Defendant is mistaken. Plaintiffs have always argued that the resort
26  fee hidden under the "Taxes and fees" category was inadequate and misleading to
27  consumers. *See* ECF No. 180 at 13:11-15 ("Plaintiffs argue the 'taxes and fees'
28  disclosure is confusing because it does not explicitly specify 'resort fees'" and

-9-

"[c]onsumers can only discover that 'taxes and fees' includes the hotel's resort fee if they click on a dropdown box for 'Summary of Charges.'"). In its motion denying in part Defendant's motion for summary judgment, this Court held, "the third page clearly discloses additional 'taxes and fees,' but does not disclose a *resort* fee— consumers can only discover that a resort fee is included in this amount by clicking on the 'Summary of Charges' drop-down box" and "[t]hese resort fee disclosures are not conspicuous enough for the Court to find them nondeceptive as a matter of law." ECF No. 180 at 18-19. Defendant's request that the Court exclude all evidence relating to the booking flow as it relates to the resort fee disclosure within the "taxes and fees" category should be denied.

## CONCLUSION

The issue is whether Defendant's motions sufficiently specify the potential evidence or potential testimony Defendant believes should be excluded from trial to establish that the evidence is *clearly inadmissible for any purpose*. The rule is that evidence should only be excluded on a motion *in limine* if it is clearly inadmissible for any purpose. The motions are overbroad, vague, and provide no guidance as to the *specific* evidence Defendant seeks to exclude except for the language "drip pricing", "anchoring", "partition", and "bait and switch".[4] Plaintiffs' testimony and all relevant information and evidence about the booking flow under FRE 401 is admissible in this case so the jury can consider all the information available to Plaintiffs and consumers, and the **context** in which that information was provided and used, in connection with Plaintiffs' and the class members' deceptive advertising and concealment claims.

Defendant's motions *in limine* should be denied.

DATED: March 7, 2024                                Respectfully submitted,

---

[4] Plaintiffs have stipulated not to use "drip pricing", "anchoring", "partition", and "bait and switch" in testimony or to form the basis for Plaintiffs' theory of liability.

/s/ *Ronald A. Marron*

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: *ltfisher@bursor.com*

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington  98122
Telephone: (866) 833-5529
Facsimile:  (855) 609-6911

*Counsel for Plaintiffs and the Class*