# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br>*Plaintiffs*,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 3:19-cv-01715-JO-AHG<br><br>~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>The Honorable Jinsook Ohta |

Plaintiffs Todd Hall and George Abdelsayed, individually and on behalf of Class Members ("Plaintiffs" or "Class Representatives"), filed a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion") on May 10, 2024 in the above-captioned action (the "Action"). The Court has read and considered the Class Action Settlement Agreement dated May 10, 2024 (the "Settlement" or "Settlement Agreement" or "Agreement"), the Preliminary Approval Motion, briefing submitted by Defendant Marriott International, Inc. ("Marriott" or "Defendant"), and the supporting documents. Based on its review of the Settlement and familiarity with all the files,

1

records, and proceedings herein, the Court concludes upon preliminary examination, that: (1) the proposed Class satisfies the requirements of Rule 23(a), Rule 23(c)(4), and as it applies to the certified issues Class only, Rule 23(b)(3); (2) the Settlement appears fair, reasonable, and adequate, and within the range of reasonableness for preliminary approval such that a presumption of fairness is appropriate; (3) the Class should receive notice of the Settlement by website and be provided the opportunity to object to it; and (4) whether the Settlement is fair, reasonable, and adequate and should be finally approved and confirmed through final judgment, and whether the Court should grant Class Counsel's request for payment of attorney fees, costs, and expenses as well as the service award for the Class Representatives should be considered at, and is reserved for, a final approval hearing (the "Final Approval Hearing"). All capitalized terms used herein have the meanings defined herein or in the Agreement.

The Court hereby finds and orders that:

**1.      Jurisdiction.**

The Court has jurisdiction over the subject matter of this Action and over each of the Parties hereto, including under 28 U.S.C. § 1332, and that venue is proper in this District.

**2.      Preliminary Approval of Proposed Settlement.**

The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement and the exhibit thereto, fundamentally fair, reasonable, adequate, and in the best interests of the Class Members taking into consideration (a) benefits to Class Members; (b) the strength and weaknesses of Plaintiffs' case; (c) the complexity, expense and probable duration of further litigation; and (d) the risk and delay inherent in possible appeals.

The Court finds that website notice of the Settlement should be given to persons in the Class and a full hearing should be held for final approval of the Settlement. The provisions of the Settlement Agreement are preliminarily approved,

2

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

and the Parties shall comply with each of its terms.

### 3. Settlement Administration.

The Court approves notice of the Settlement to be given by a website hosted by Class Counsel, Bursor & Fisher, P.A., for a period of not less than 30 days, from May 20, 2024 to June 19, 2024. Class Counsel will administer the applicable provisions of the Agreement in accordance with its terms, including, but not limited to (a) providing the Class Notice on the website, and (b) receiving and examining objections.

### 4. Class Action Fairness Act.

The Settlement is not binding on any Class members and therefore is not a "proposed settlement" under the Class Action Fairness Act, 28 U.S.C. § 1711(6). No written notice of the proposed Settlement on the U.S. Attorney General or any California state official is required under 28 U.S.C. § 1715.

### 5. Class Members.

Pursuant to Fed. R. Civ. P. 23(c)(4), and as it applies to the certified issues Class only, Rule 23(b)(3), the certification of the Action is confirmed for settlement purposes as an issues class action on behalf of the following Class Members:

All persons in California—except for persons who enrolled in Marriott's "Bonvoy" rewards program on or after April 24, 2015—who reserved or booked a Marriott managed or franchised hotel room online through the Marriott.com website or Marriott mobile app and who paid a resort fee, destination fee, amenity fee, or destination amenity fee on or after September 9, 2015 and until the Class was certified on March 30, 2023 excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, the Court and its staff, and attorneys appearing in this action.

Excluded from the Class are the Judges to whom the Action has been assigned and any member of the Judges' staffs and immediate families.

3

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**6.   Class Representatives and Class Counsel Appointments.**

For purposes of the Court considering preliminary approval, the Court confirms its appointment of Plaintiffs as the Class Representatives and Bursor & Fisher, P.A., the Law Offices of Ronald A. Marron, APLC, and the Law Office of Robert L. Teel as Class Counsel.

**7.   Provision of Website Notice.**

The Court approves the form, content and method of notice set forth in the Agreement. Class Counsel shall provide notice by a Settlement website.

On or before Monday, May 20, 2024, Class Counsel, Bursor & Fisher, P.A., shall establish the Settlement and Notice website. The Settlement website shall contain the full details of the Settlement. The rights and claims of Class Members with respect to the issues raised in this Action will be determined by the Court's final Order approving the Settlement of this Action, the Judgment, and by the other rulings in the Action. With their motion for Final Settlement Approval, Class Counsel shall file a declaration detailing their compliance with the notice procedures set forth in the Agreement.

**8.   Settlement Process.**

The Court preliminarily approves the Settlement as fair, reasonable, and adequate for members of the Class and preliminarily approves the process set forth in the Agreement for the change in Defendant's business practices. The Defendant shall institute the changes to its business practices within the time frame set forth in the Agreement.

**9.   Confirmation of Class Certification.**

The Court confirms that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 and preliminarily confirms its certification and approves the issues-only Class for Settlement under Fed. R. Civ. P. 23(a), 23(c)(4) and, as it applies to the issues Class only, Rule 23(b)(3).

/ / /

4

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**10. <u>Objections by Class Members.</u>**

Any Class Member may object to the Settlement, including without limitation the change in business practices to be undertaken by Defendant under the Settlement, Class Counsels' application for attorney fees and litigation expenses, and the Class Representatives' service payments by mailing a written objection to Class Counsel, Bursor & Fisher, P.A., asking the Court to deny approval and containing the Class Member's name, address, and telephone number, and a statement that he or she objects to the approval of the Settlement.

10.1   The last day for Class Members to submit written objections shall be 30 days after the date of this Order granting preliminary approval of the Settlement. Any such objections must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than 35 days after the date of this Order granting preliminary approval of this Settlement (the "Objection Deadline").

10.2   Any Class Member who wants to appear at the Final Approval Hearing, either personally or through counsel, must so state in his or her objection. The timeliness of objections and notices shall be conclusively determined by the postmark date. Class Counsel shall file with the Court any objections received with the final approval motion papers. The Parties may file with the Court replies to any objections with their motion for final approval.

10.3   Class Members appearing through their own attorney are responsible for paying that attorney. All written objections and supporting papers filed with the Court must clearly identify the case name and number, be submitted to the Court either by mailing them to the Court Clerk, United States District Court for the Southern District of California, or by filing them in person in the United States District Court for the Southern District of California, and be filed or postmarked on or before the Objection Deadline. Class Members who do not file their objections in the manner set forth herein will be deemed to have waived all objections.

5

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

11. **Motion for Final Approval and Application for Attorney Fees and Costs and Service Awards.**

Class Counsel shall file a motion for final approval of the Settlement, approval of Class Representatives' service payments, and an application for attorneys' fees and costs on or before July 3, 2024. The motion for final approval of the Settlement and for attorneys' fees shall be posted on the Settlement website so that they may be reviewed and printed out by any Class Member or any other person.

12. **Final Approval Hearing.**

The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on July 10, 2024 in Courtroom 4C (Schwanz Building) of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101. The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Class Members. The parties may appear via videoconference. At the Final Approval Hearing, the Court will consider:

A. whether this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B. whether the Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. whether the order granting final approval of class action Settlement and Final Judgment, as provided under the Agreement, should be entered releasing only the Class Representatives claims, and dismissing the Action with prejudice only as to the Class Representatives; and

/ / /

/ / /

6

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

D.   such other issues as the Court deems appropriate.

Attendance by the Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action Settlement.

**IT IS SO ORDERED.**

DATED: May 17, 2024

JINSOOK OHTA
United States District Court

7

*Hall v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JO-AHG
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT